**HILL WALLACK LLP**
**Jeffrey L. Shanaberger, Esq. - 20931983**
21 Roszel Road
Princeton, NJ 08543
(609) 924-0808
Attorneys for Defendant, La'Quetta Small

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE, on behalf of JOHN DOE, her minor child, <br><br> Plaintiff, <br> vs. <br><br> MARTY SMALL, SR., in his official capacity as Mayor of Atlantic City, New Jersey, and individually, <br><br> LA'QUETTA SMALL, in her official capacity as Former Principal of Pennsylvania Avenue School, and individually, <br><br> BARRY CALDWELL, in his official capacity as current Superintendent of the Atlantic City School District, <br><br> PAUL A. SPAVENTA, in his official capacity as former Interim Superintendent of the Atlantic City School District, <br><br> ATLANTIC CITY BOARD OF EDUCATION, a public entity, and <br><br> KAYAN AHMED FRAZIER, an individual, <br><br> Defendants. | Civil Action. No. 1:21-cv-11189-JHR-SAK <br><br> **Document electronically filed** <br><br><br> **ORAL ARGUMENT REQUESTED PER L.CIV.R. 78.1(b)** <br><br><br> **MOTION DAY – SEPTEMBER 7, 2021** |

**BRIEF OF DEFENDANT LA'QUETTA SMALL IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**Of Counsel:**
Jeffrey L. Shanaberger, Esq., Attorney ID # 20931983
**On the Brief:**
Jeffrey L. Shanaberger, Esq.
Cherylee O. Melcher, Esq., Attorney ID # 16972003

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS/PROCEDURAL HISTORY ......................................... 3

STANDARD OF REVIEW ....................................................................................... 6

LEGAL ARGUMENT ............................................................................................... 8

POINT I ...................................................................................................................... 8

    PLAINTIFF'S TITLE IX CLAIM IN COUNT I AGAINST LA'QUETTA SMALL MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM ........................................ 8

POINT II ................................................................................................................... 10

    PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS IN COUNTS II AND III AGAINST LA'QUETTA SMALL MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM ........................... 10

        a.  Small in her Official Capacity ........................................................ 11

        b.  Small in her Individual Capacity .................................................. 12

        c.  Small is Entitled to Qualified Immunity ....................................... 14

POINT III ................................................................................................................. 16

    COUNTS V AND VI MUST BE DISMISSED AS THE GENERAL STATE LAW CLAIMS OF NEGLIGENCE LACK FACTUAL SPECIFICITY AND CANNOT SURVIVE A MOTION TO DISMISS UNDER RULE 12(b)(6) ........................... 16

POINT IV .................................................................................................................. 20

    COUNT VIII MUST BE DISMISSED AS PLAINTIFF HAS FAILED TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST LA'QUETTA SMALL AND IT IS INSUFFICIENT TO SURVIVE A MOTION TO DISMISS UNDER RULE 12(b)(6) ........................................ 20

POINT V .................................................................................................................... 20

    PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES ........................... 20

CONCLUSION ......................................................................................................... 22

## TABLE OF AUTHORITIES

**Cases**

A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.,
  372 F.3d 572 (3d Cir. 2004)........................................................................... 13

Ashcroft v. Iqbal,
  556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)............................... 1, 7, 8, 19

Baker v. Monroe Tp.,
  50 F.3d 1186 (3d Cir. 1995)........................................................................... 14

Bell Atl. Corp. v. Twombly,
  550 U.S. 544, S. Ct. 1955, 167 L.Ed.2d 929 (2007)........................................... 6, 7

Buckelew v. Grossbard,
  435 A.2d 1150 (N.J. 1981).......................................................................... 16, 20

Buckeley v. Trenton Sav. Fund Soc'y,
  544 A.2d 857 (N.J. 1988)............................................................................... 20

Bullock v. Ancora Psychiatric Hosp.,
  2011 WL 3651352 (D.N.J. Aug. 18, 2011) ..................................................... 19

Butz v. Economou,
  438 U.S. 478, 98 S.Ct. 2894 (1978)................................................................. 15

Caltavuturo v. City of Passaic,
  307 A.2d 114 (N.J. Super. Ct. App. Div. 1973)............................................... 17

City of Newport v. Fact Concerts,
  453 U.S. 247, 101 S.Ct. 2748 (1981)............................................................... 21

County of Sacramento v. Lewis,
  523 U.S. 833 (1998)....................................................................................... 12

Edwards v. A.H. Cornell & Sons, Inc.
  610 F.3d 217 (3d Cir. 2010).............................................................................. 7

Fitzgerald v. Barnstable School Committee,
  555 U.S. 246, 129 S.Ct. 788, 796 (2009) ......................................................... 9

Flood v. Sherk,
  400 F. Supp. 3d 295 (W.D.Pa. 2019)............................................................... 13

Fowler v. UPMC Shadyside,
  578 F. 3d 203 (3d Cir. 2009).............................................................................. 7

Frugis v. Bracigliano,
  827 A.2d 1040 (N.J. 2003).............................................................................. 17

Graham v. Hueval,
  2011 WL 1256607 (D.N.J. 2011) ....................................................................... 9

Hafer v. Melo,
  502 U.S. 21, 112 S.Ct. 358 (1991)................................................................... 11

Harlow v. Fitzgerald,
  457 U.S. 800, 102 S.Ct. 2727 (1982)........................................................... 14, 15

In re Rockefeller Ctr. Props., Inc. Sec. Litig.,
  311 F.3d 198 (3d Cir. 2002).............................................................................. 8

Janowski v. City of N. Wildwood,
  259 F. Supp. 3d 113 (D.N.J. 2017) ................................................................. 11

Jerkins v. Anderson,
  922 A.2d 1279 (N.J. 2007).............................................................................. 17

K.P. v. Corsey, III,
   228 F.Supp.2d 547 (D.N.J. 2002), rev'd on other grounds,
   77 Fed.Appx. 611, 2003 WL 22338566 (3d Cir. 2003).........................................13
Kelly v. County of Monmouth,
   883 A.2d 411 (N.J. Super. Ct. App. Div. 2005)................................................21
Kentucky v. Graham,
   473 U.S. 159 (1985).........................................................................11
Kollar v. Lozier,
   669 A.2d 845 (N.J. Super. Ct. App. Div.),
   certif. denied, 678 A.2d 714 (N.J. 1996) ...................................................21
L.E. v. Plainfield Pub. Sch. Dist.,
   194 A.3d 105 (N.J. Super. Ct. App. Div. 2018),
   certif. denied, 202 A.3d 621 (2019)........................................................17
Leang v. Jersey City Bd. of Educ.,
   969 A.2d 1097 (N.J. 2009)..................................................................14
Malley v. Briggs,
   475 U.S. 335, 106 S.Ct. 1092 (1986)........................................................15
McDermott v. Clondalkin Grp., Inc.,
   649 Fed.Appx. 263 (3d Cir. 2016) ...........................................................8
Mitchell v. Forsyth,
   472 U.S. 511, 105 S.Ct. 2806 (1985)........................................................15
Monaghan v. Holy Trinity Church,
   646 A.2d 1130 (N.J. Super. Ct. App. Div. 1994).............................................16
Morse v. Lower Merion Sch. Dist.,
   132 F.3d 902 (3d Cir. 1997).................................................................11
Murrell v. School Dist. No. 1, Denver, Colorado,
   186 F.3d 1238 (10th Cir. 1999) .............................................................13
Pearson v. Callahan,
   555 U.S. 223, 129 S.Ct. 808 (2009).........................................................15
Phillips v. County of Allegheny,
   515 F.3d 224 (3d Cir. 2008)..................................................................8
Pica v. Sarno,
   907 F.Supp. 795 (D.N.J. 1995) .............................................................21
Polzo v. Cnty. of Essex,
   960 A.2d 375 (N.J. 2008)...................................................................16
Ramirez v. U.S.,
   998 F.Supp. 425 (D.N.J. 1998)..............................................................21
Reichle v. Howards,
   566 U.S. 658, 132 S. Ct. 2088 (2012).......................................................16
Rode v. Dellarciprete,
   845 F. 2d 1195 (3d Cir. 1988)..............................................................12
Salerno v. O'Rourke,
   555 F.Supp. 750 (D.N.J. 1983) .............................................................12
Santiago v. Warminster Twp.,
   629 F.3d 121 (3d Cir. 2010)................................................................13

Saucier v. Katz,
   533 U.S. 194, 121 S.Ct. 2151 (2001) .................................................................. 15

Scott v. Harris,
   550 U.S. 372, 127 S.Ct. 1769 (2007) .................................................................. 15

Smith v. Wade,
   461 U.S. 30, 103 S.Ct. 1625 (1983) .................................................................... 21

Steinberg v. Sahara Sam's Oasis, LLC,
   142 A.3d 742 (N.J. 2016) ................................................................................... 17

Van Engelen v. O'Leary,
   732 A.2d 540 (N.J. Super. Ct. App. Div.),
   certif. denied, 744 A.2d 1208 (N.J. 1999). ........................................................ 21

Williams v. Board of Regents of University System of Georgia,
   477 F.3d 1282 (11th Cir. 2007) ............................................................................ 9

Young v. Pleasant Valley School Dist.
   2010 WL 55711 (M.D. Pa. 2010) ........................................................................ 9

Zelnick v. Morristown-Beard Sch.,
   137 A.3d 560 (N.J. Super. Ct. Law Div. 2015) .................................................. 16

**Statutes**

29 U.S.C. § 794 ....................................................................................................... 1

42 U.S.C. § 1983 .............................................................. 1, 2, 10, 11, 12, 13, 14, 16, 21

N.J.S.A. 18A:11-1(c) ............................................................................................... 13

N.J.S.A. 59:3-14 ..................................................................................................... 21

**Rules**

Fed. R. Civ. P. 12(b)(6) .......................................................... 1, 6, 7, 16, 19, 20, 22

## PRELIMINARY STATEMENT

On May 13, 2021, plaintiff John Doe through his mother Jane Doe commenced a civil action in the United Stated District Court, District of New Jersey, against Marty Small, Sr., La'Quetta Small, Barry Caldwell, Paula Spaventa, the Atlantic City Board of Education, and Kayan Ahmed Frazier. The gravamen of the action is that Frazier, a substitute teacher within the Atlantic City Schools, began to groom John Doe, an elementary school student, in spring 2016 and then sexually abuse him beginning in fall 2016. Plaintiff's complaint purports to allege violations of plaintiff's federal civil rights pursuant to 42 U.S.C. § 1983 and Title IX, 20 U.S.C. § 1681, et seq., as well as certain state law claims in connection with Frazier's conduct.

Defendant La'Quetta Small hereby moves pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing the complaint for its failure to state a claim upon which relief can be granted pursuant to Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In Count I plaintiff alleges Small violated Title IX, 20 U.S.C. § 1681, et seq., but individuals like Small are not subject to liability pursuant to Title IX; rather a claim for violation of Title IX can only be brought against a public entity. Plaintiff's allegations against Small in her individual and official capacities for various "failure to" violations of 42 U.S.C. § 1983 in Counts II and III also fail to state a claim. First, all allegations against Small in her official capacity are duplicative of the claims against the public entity Atlantic City Board of Education. Second, Small as a school principal is not a Board policymaker and there are no facts pled that she exhibited deliberate indifference to plaintiff's constitutional rights, including any facts that she was aware of a known threat or likelihood of injury to plaintiff or of Frazier's alleged abuse and ignored it. Third, there are no facts to show that Small participated in violating plaintiff's constitutional rights, directed others to violate them, or had knowledge of and acquiesced in Frazier's alleged constitutional violations. Finally, Small

is entitled to qualified immunity for any alleged § 1983 violations.  Consequently, plaintiff's federal claims fail and must be dismissed with prejudice.

In Counts V, VI and VIII plaintiff pled common law claims against Small that equally fail to state a claim.  Specifically, Counts V and VI assert claims for negligence, and gross negligence and reckless, respectively, but there are no facts pled that show how Small breached any duty owed to plaintiff that proximately caused an injury; the claims are pled generally as "all defendants" breached a duty of care; and there are no facts that Small's conduct could be considered reckless. In Count VIII, plaintiff asserts a claim for intentional infliction of emotional distress against all defendants, including Small.  However, there are no facts pled to show that Small engaged in any conduct that could be characterized as extreme and outrageous; rather, the allegations are merely that Small failed to act, which is insufficient to establish liability for intentional infliction of emotional distress.  Accordingly, plaintiff's common law claims must be dismissed.  Finally, plaintiff seeks punitive damages from Small in the prayer for relief which must be dismissed as there are no facts to show that her conduct constituted a crime, actual malice or willful misconduct to subject her to such damages.

The complaint is utterly devoid of any factual and legal specification that exposes Small to liability.  Plaintiff's allegations constitute mere conclusory statements without specific factual support.  As the complaint fails to state any viable claim against Small, it must be dismissed with prejudice.

## STATEMENT OF FACTS/PROCEDURAL HISTORY[1]

This matter arises out of a series of incidents of child sexual abuse that allegedly occurred at the Pennsylvania Avenue School ("PAS") in Atlantic City and at various private residences in both Atlantic City and Somers Point.  See generally Complaint ("Compl.").  Plaintiff John Doe ("plaintiff") was an elementary school student at PAS, and plaintiff Jane Doe ("Jane") is his mother.  Id. ¶¶7, 32.  Defendants include: (1) Marty Small, Sr., in both his official capacity as Mayor of Atlantic City and individually; (2) La'Quetta Small ("Small"), in both her official capacity as former Principal of PAS from 2013 to 2018 and individually; (3) Barry Caldwell, in his official capacity as current Superintendent of the Atlantic City Board of Education; (4) Paul A. Spaventa, in his official capacity as former Interim Superintendent of the Atlantic City Board of Education; (5) the Atlantic City Board of Education ("Board"); and (6) Kayan Ahmed Frazier ("Frazier") individually.  See id. ¶¶8-14, 27.  The complaint refers to the Board, Spaventa, Caldwell, and Small collectively as the "Atlantic City School District Defendants."  Id. ¶13.

In March 2015, the Board hired Frazier, who is Small's cousin, as a substitute teacher.  Id. ¶¶28-29.  At that time, Frazier lived with Small and her husband and was assigned to work in numerous Atlantic City schools, including PAS where Small was principal.[2]  Id. ¶¶27, 29-30.  In "early 2016," Frazier first made contact with plaintiff at PAS and "took a particular interest" in him.  Id. ¶¶32, 34.  For instance, Frazier would "spend[] a disproportionate amount of time with him as compared to other students" and would "take [him] out of class for walks in the hallway so that they could talk privately."  Id. ¶35.  On numerous occasions Frazier would take plaintiff "to

---

[1] As this application is a motion to dismiss upon the pleadings, the following facts appear of record in the docketed complaint, Document 1, filed by plaintiff Jane Doe, on behalf of her minor child, John Doe, on May 13, 2021.

[2] The complaint is silent as to when Frazier moved out of Small's residence.

the privacy of the school library, ostensibly to chat" and the trips "often resulted in Frazier sexually assaulting" plaintiff.  Id. ¶37.

Frazier befriended Jane in spring 2016 "so that he could be closer to John Doe."  Id. ¶¶39-41.  The "friendship" between Frazier and plaintiff continued and Frazier became more acquainted with Jane as they spoke about plaintiff's school performance and welfare.  Id. ¶42.  Plaintiff had a friendship with Small's minor son (Frazier's cousin).  Id. ¶43.  After developing "some degree of trust in Frazier," in "May or June of 2016" Jane permitted Frazier to take plaintiff to the movies and Chuck E. Cheese with Small's minor son.  Id. ¶43.  By June or July 2016, Frazier increased his time with plaintiff, both with and without other children present.  Id. ¶44.  In fall 2016, Jane allowed plaintiff to attend a "sleepover" Frazier was hosting "with his cousins who were roughly John Doe's age."  Id. ¶¶46-47.  After the sleepover, which "concluded without apparent incident," Jane allowed plaintiff "to spend more time at Frazier's house, with sleepovers becoming more regular."  Id. ¶ 48.  Jane began noticing changes in plaintiff's personality, affect and grades, but saw no reason to attribute it to Frazier.  Id. ¶¶49-50.

Frazier allegedly sexually abused plaintiff from the moment he was targeted at PAS, both on and off school grounds.  Id. ¶¶58, 62.  "At various times" Frazier directed plaintiff to dance with his underwear down and photographed plaintiff's exposed penis.  Id. ¶59.  "On a regular basis," Frazier photographed plaintiff "at Frazier's old residence in Atlantic City and his then-apartment in Somers Point."  Id. ¶60.  Frazier also used Small's residence to photograph plaintiff, upload pornographic pictures, and sexually abuse and exploit plaintiff in the Small's bathroom. Id. ¶¶61-62.  Small allegedly became aware that Frazier was interacting with plaintiff outside of school hours, taking him out and hosting him overnight as her son initially participated in the early

4

outings, but Small failed to question Frazier's behavior.  Id. ¶¶72-73.[3]  At an unknown point in time Small "prohibited her son from joining Frazier and John Doe on their weekend outings."  Id. ¶74.

On February 24, 2017, Small filed a report with the Division of Child Protection and Permanency ("DCPP") that detailed "unprofessional conduct of Frazier."  Id. ¶75.  Small also completed an incident report for Source4Teachers in February 2017, an educational management company that pairs schools with substitute teachers to fill vacancies as needed, that cited Frazier's "unprofessional conduct" and recommended he be removed from substitute teaching in the school district.  She reiterated Frazier's "inappropriate conduct" to the Source4Teachers manager on March 15, 2017.  Id. ¶¶76-78.  Despite Small's reports of Frazier's "misconduct" Frazier was placed at five schools in the District for 13 days in March 2017 and "continued to have access to John Doe on school grounds and continually sexually abused and exploited John Doe."  Id. ¶80.

In March 2017, the Institutional Abuse Investigation Unit ("IAIU") "began an investigation concerning Frazier's employment as a full-time substitute teacher within the Atlantic City School District, likely as a result of Principal Small's reporting."  Id. ¶81.  During that investigation Frazier "admitted that he let John Doe sleep in his bed" and "that he had been texting [a different] nine-year-old male."  Id. ¶82.  Neither Frazier nor plaintiff disclosed any sexual contact during the investigation, however.  Id.  "As a result of this investigation, on April 3, 2017, Frazier was terminated as a substitute teacher."  Id. ¶83.

---

[3] While ¶72 of the complaint states that Small became aware of these off-campus interactions "approximately in early 2016," the earlier paragraphs of the complaint, ¶¶42-48, clearly show that plaintiff did not start going anywhere with Frazier until May or June 2016, after Jane became personally acquainted with Frazier, and the first sleepover occurred in fall 2016. Accordingly, Small could not have been aware of Frazier's off-campus interactions with plaintiff *before* they occurred at the respective times.

At some point after plaintiff's estranged biological father died, Jane prohibited Frazier from seeing plaintiff and ended contact with Frazier because Frazier, against her wishes, told plaintiff that his father had passed.  Id. ¶¶51-52.  During this unknown falling out period of time,[4] Jane heard rumors that Frazier was having inappropriate and sexually abusive conduct with children and, as a result, had been terminated from substitute teaching in Atlantic City schools.  Id. ¶53. Jane did not believe the rumors.  Id. ¶54.  In October 2018, Jane learned Frazier was working for DCPP, so she allowed Frazier back into her and plaintiff's lives.  Id. ¶¶ 55-57.

The FBI received a tip about Frazier in February 2019 related to suspected child pornography on the Internet.  Id. ¶¶63-64.  After an investigation, a search warrant of Frazier's apartment was executed on April 15, 2019 where Frazier and plaintiff were present, along with sexually explicit materials of children, including plaintiff.  Id. ¶¶65-67.  Frazier was arrested and charged under various federal child pornography statutes.  Id. ¶¶68-69.

This motion to dismiss in lieu of an answer is now submitted on behalf of defendant La'Quetta Small.  For the reasons that follow, defendant La'Quetta Small respectfully submits that the complaint must be dismissed for its failure to state a claim upon which relief can be granted.

## **STANDARD OF REVIEW**

Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562, 127 S. Ct. 1955 (2007).  The Twombly Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

---

[4] The content in paragraph 55 of the complaint leads one to believe that this period of time was six months, between approximately April 2018 until October 2018.  See Compl. ¶55.

will not do[.]"  Id. at 555 (internal citations omitted).  Therefore, for a complaint to withstand a

motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the

speculative level, . . . on the assumption that all the allegations in the complaint are true (even if

doubtful in fact) . . . ."  Twombly, 550 U.S. at 555 (internal citations and footnote omitted).

The standard under Rule 12(b)(6) has been the subject of more recent review by the

Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).  The Court emphasized

that when assessing the sufficiency of a civil complaint, as here, the District Court must distinguish

between factual contentions and "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements."  Id. at 678, 129 S.Ct. 1937.  A complaint shall be

dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'"  Ibid. (quoting Twombly, 550 U.S. at 570).  This "plausibility"

determination will be "a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense."  Fowler v. UPMC Shadyside, 578 F. 3d 203, 211 (3d Cir.

2009) (citations omitted).

Applying the principles of Iqbal, the Third Circuit in Fowler articulated a two part analysis

that the District Court should conduct in evaluating whether allegations in a complaint survive a

12(b)(6) motion to dismiss.  See also Edwards v. A.H. Cornell & Sons, Inc. 610 F.3d 217, 219-

220 (3d Cir. 2010).  First, the factual and legal elements of a claim should be separated, meaning

"a District Court must accept all of the complaint's well-pleaded facts as true, but may disregard

any legal conclusions."  Fowler, 578 F.3d at 210-211.  Second, the Court must determine whether

the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief."

Id. at 211.  In other words, a complaint must do more than allege a plaintiff's entitlement to relief,

it must "show" such an entitlement with its facts.  Id. (citing Phillips v. County of Allegheny, 515

7

F.3d 224, 234-235 (3d Cir. 2008)).  The Third Circuit permits a plaintiff to plead "upon information and belief" only "[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control—so long as there are no '*boilerplate and conclusory allegations*' and '*[p]laintiffs ... accompany their legal theory with factual allegations that make their theoretically viable claim plausible*.'"  McDermott v. Clondalkin Grp., Inc., 649 Fed.Appx. 263, 267-68 (3d Cir. 2016) (quoting In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002)) (emphasis in original).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief."  Iqbal, 556 U.S. at 679, 129 S.Ct. 1937 (quotations and citations omitted).

In this matter, with respect to La'Quetta Small, plaintiff's complaint consists of bare labels, conclusions, and formulaic recitations of the elements of a cause of action using various "buzz words" to lure the Court into believing the complaint can state a claim for relief.  However, carefully examined, the complaint is void of any factual allegations that express entitlement to relief.  Furthermore, the complaint often fails to set forth any separate facts or allegations between the individual defendants and the public entity.  As the complaint fails to demonstrate any plausible cause of action against Ms. Small, the complaint must, therefore, be dismissed.

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S TITLE IX CLAIM IN COUNT I AGAINST LA'QUETTA SMALL MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

In Count I of the complaint, plaintiff collectively alleges violations of Title IX, 20 U.S.C. § 1681, et seq. by the Atlantic City School District Defendants.  The complaint alleges these "defendants" subjected plaintiff to a hostile educational environment, had "actual knowledge of

the sexual harassment," failed to promptly and appropriately respond to the known harassment to resolve it, and engaged in a pattern and practice of behavior demonstrating "their deliberate indifference" towards plaintiff and his rights under Title IX resulting in extreme emotional distress and psychological damage. See Compl. ¶¶91-99. Contrary to the facts pled in the complaint, plaintiff asserts Small engaged in an undue delay in reporting sexual harassment for at least a year from the time she became aware of the abusive conduct. Id. ¶96. Notwithstanding, plaintiff's Title IX claims against Small do not stand as a matter of law and must be dismissed.

There is no individual liability under Title IX. It is well settled that Title IX does not provide a cause of action against individual state actors. Fitzgerald v. Barnstable School Committee, 555 U.S. 246, 129 S.Ct. 788, 796 (2009) ("Title IX reaches institutions and programs that receive federal funds, 20 U.S.C. § 1681(a), which may include nonpublic institutions, § 1681(c), but it has consistently been interpreted as not authorizing suit against school officials, teachers and other individuals…."); see, e.g., Williams v. Board of Regents of University System of Georgia, 477 F.3d 1282, 1300 (11th Cir. 2007) ("Title IX does not allow claims against individual school officials; only funding recipients can be held liable for Title IX violations."); Young v. Pleasant Valley School Dist., 2010 WL 55711 at *10 (M.D. Pa., Jan. 4, 2010) ("persons acting in their individual capacities cannot be liable for discrimination under Title IX."); Graham v. Hueval, 2011 WL 1256607 at *9 (D.N.J. 2011) (dismissing Title IX claims against school administrators due to no individual liability). Thus, Count I of the complaint, which attempts to bring Title IX claims against defendant Small does not lie as a matter of law and must, therefore, be dismissed, with prejudice.

## POINT II

### PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS IN COUNTS II AND III AGAINST LA'QUETTA SMALL MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiff seeks damages in Counts II and III from Small through application of 42 U.S.C. § 1983 for an alleged violation of plaintiff's constitutional rights, namely the Fourteenth Amendment of the United States Constitution. See Compl. ¶¶101, 112. In Count II, plaintiff alleges that the "Atlantic City School District Defendants" collectively were administrators or "policymakers" "acting under color of state law" who, through their actions or inactions, advanced unconstitutional "customs, practices, or policies" by failing to intervene, investigate, and protect plaintiff from sexual attack by Frazier and manifested "deliberate indifference" to sexual harassment. Id. ¶¶103-109. Plaintiff claims in Count III that the "Atlantic City School District Defendants" collectively adopted inadequate policies, specifically identifying the Board's "anti-harassment" policy, for training staff to detect and report signs of sexual harassment and abuse, and policies regarding supervision of staff to prevent sexually harassing and abusive conduct, which amounted to "deliberate indifference" to the fact that inaction would result in a violation of plaintiff's rights by Frazier.. Id. ¶¶116-123. These counts advance no factual basis but, rather, mere conclusory statements and various "buzz words" such as "deliberately indifferent" and "policy," and without distinction between the individuals and the public entity. The allegations in Counts II and III do not show any potential liability of Ms. Small under section 1983 and, therefore, these counts must be dismissed with prejudice.

Section 1983, in pertinent part, states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law…. 42 U.S.C. § 1983.

By itself, of course, § 1983 does not create any rights. Instead, it merely provides a vehicle or remedy for violations of rights created by the Constitution or under federal law. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906-07 (3d Cir. 1997). Plaintiff's § 1983 claims in this matter are grounded upon allegations of Frazier's sexual abuse of plaintiff and the "Atlantic City School District Defendants'" purported violation of plaintiff's substantive due process rights by failing to have adequate policies concerning training and supervision of employees with respect to sexual harassment of students. Here, there is not one factual allegation pled to show that Ms. Small violated plaintiff's constitutional rights to support a § 1983 claim.

### a.      Small in her Official Capacity

Naming an individual in her official capacity is the legal equivalent of naming the governmental entity, here the Board, itself as the defendant. See Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). "Suits against state officials in their official capacity therefore should be treated as suits against the State," and "the entity's 'policy or custom' must have played a part in the violation of federal law." Id.; Graham, supra, at 166. (citation omitted). Here, plaintiff has named the Board as a defendant and the entirety of the § 1983 claims are premised upon policies, practice and custom. Accordingly, the claims against Small in her official capacity are needlessly duplicative of the § 1983 claims against the Board itself and must be dismissed.[5] See Janowski v. City of N. Wildwood, 259 F. Supp. 3d 113, 131-32 (D.N.J. 2017).

---

[5] Defendant refers the Court to, and incorporates herein, the Board's motion to dismiss and its arguments set forth therein to support a dismissal of all § 1983 claims.

> **b.      Small in her Individual Capacity**

While defendant contends that plaintiff's decision to sue La'Quetta Small in her official capacity forestalls any claim against her in her individual capacity, the factual allegations contained in the complaint, nonetheless, fail to support a claim for individual liability against Ms. Small.   Further, Ms. Small is entitled to qualified immunity.   Accordingly, any claims for individual liability against Ms. Small must be dismissed.

To establish that a specific defendant, acting under color of state law, violated a federally secured right, the claimant must demonstrate that the specific defendant deprived them of such right as charged in the complaint.  Salerno v. O'Rourke, 555 F.Supp. 750, 757 (D.N.J. 1983). Indeed, plaintiff is obligated to identify the exact contours of the underlying right said to have been violated and, specifically, for each individual defendant.  County of Sacramento v. Lewis, 523 U.S. 833, 841 & n.5 (1998).  Critically, "a defendant in a [§ 1983] action must have personal involvement in the alleged wrongs." Rode v. Dellarciprete, 845 F. 2d 1195, 1207 (3d Cir. 1988). Here, plaintiff asserts that Frazier violated his right to personal security, bodily integrity and equal protection under the law by sexually abusing him.  However, there are no facts pled to show that La'Quetta Small had any personal involvement in depriving plaintiff of any constitutional right. Instead, plaintiff makes general, collective and conclusory statements about the Atlantic City School District Defendants without any distinction which is insufficient to state a claim under § 1983 against an individual like Ms. Small.  As such, there is no individual § 1983 liability against Ms. Small and Counts II and III must be dismissed.

While not clearly pled, a broad reading of the complaint may lead one to argue that plaintiff is attempting to impose individual liability on Ms. Small as a supervisor, which is an equally insufficient argument as there are simply no facts to support a claim.  Supervisor liability can only exist where a supervisor "participated in violating plaintiff's rights, directed others to violate them,

or, as the person[s] in charge, had actual knowledge of and acquiesced in [her] subordinates' violations." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004); Santiago v. Warminster Twp., 629 F.3d 121, 127 n.5 (3d Cir. 2010). The supervisor must be an official with final authority to establish policy who acted with deliberate indifference to, or conscious acquiescence in known sexual harassment. Murrell v. School Dist. No. 1, Denver, Colorado, 186 F.3d 1238, 1250 (10th Cir. 1999); K.P. v. Corsey, III, 228 F.Supp.2d 547, 552 (D.N.J. 2002), rev'd on other grounds, 77 Fed.Appx. 611, 2003 WL 22338566 (3d Cir. 2003). Thus, in order to state a claim under § 1983, plaintiff was obligated to state facts sufficient to allege that Small was a supervisor with final policymaking authority who actually knew of and acquiesced in, or acted with deliberate indifference to, the sexual assault, which violated plaintiff's constitutional rights. Here, the complaint does not contain any facts to support this substantial burden.

Plaintiff's claims fail because the complaint does not even state that Small was Frazier's supervisor and even if it did, school principals, like Ms. Small, are not policymakers. See N.J.S.A. 18A:11-1(c) (granting school boards the power to "make, amend, and repeal rules . . . for the employment, regulation of conduct and discharge of its employees"); see also Flood v. Sherk, 400 F. Supp. 3d 295, 308-09 (W.D.Pa. 2019) ("[D]istrict courts in the Third Circuit appear to uniformly refuse to consider a school principal to be a final policymaker . . . under § 1983."). In addition, there are no facts pled that Ms. Small had actual knowledge that Frazier sexually abused plaintiff in the school and acted with deliberate indifference to it. The complaint fails to show that Ms. Small, or any Atlantic City School District Defendant for that matter, had any knowledge that Frazier sexually abused plaintiff in the PAS library. There are no facts pled that any sexual abuse occurred in Ms. Small's presence or that Ms. Small received a complaint from plaintiffs, another

13

student, or any other person for that matter that Frazier sexually abused plaintiff or anyone else, and that she acquiesced in the sexual abuse or acted deliberately indifferent to it.

In fact, the complaint does not even assert that Ms. Small had knowledge that plaintiff was being sexually abused at all – the complaint merely states that she learned that her cousin Frazier was interacting with plaintiff outside of school hours, taking him out and hosting him overnight along with her own minor son who was plaintiff's friend.  See Compl. ¶¶ 43,72.  The complaint states that Ms. Small had knowledge that Frazier had engaged in "unprofessional" or "inappropriate" conduct that she reported not only to DCPP but also to Source4Teachers demonstrating that she did not acquiesce in Frazier's behavior nor act with deliberate indifference toward it.  There is not one factual allegation by which Ms. Small had actual knowledge of the sexual harassment and acquiesced to it. See Baker v. Monroe Twp., 50 F.3d 1186, 1194 & n.5 (3d Cir. 1995).

To be sure, the complaint contains a formulaic recitation of the elements of a cause of action by making conclusory statements utilizing "buzz" words.  However, Iqbal instructs that such formulaic recitations are no substitute for a minimal factual basis for a claim.  Consequently, the complaint fails to set forth a § 1983 claim as to La'Quetta Small in her individual capacity.

### c.      Small is Entitled to Qualified Immunity

Assuming the facts as pled may show that Ms. Small could have individual liability under § 1983, she is nonetheless entitled to qualified immunity and dismissal as a matter of law.  See Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1111 (N.J. 2009).  The Supreme Court has long recognized the substantial burden that would be carried by public officials attempting to discharge their duties if they were routinely subjected to civil litigation alleging violation of civil rights.  Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982).  Public officials "performing discretionary functions, generally are shielded from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 818.

Qualified immunity balances two needs: (1) to hold public officials accountable for the irresponsible exercise of power; and (2) to shield officials from harassment, distraction, and liability when duties are reasonably performed. Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808 (2009); Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001).   The immunity applies regardless of whether the official's error is a mistake of law, fact or a combination of the same, as well as a mistake in judgment. Id.; See Butz v. Economou, 438 U.S. 478, 507, 98 S.Ct. 2894 (1978).   It protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 342, 106 S.Ct. 1092 (1986).   The Supreme Court has explained that "[q]ualified immunity is 'an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.'" Scott v. Harris, 550 U.S. 372, 376, n. 2, 127 S.Ct. 1769 (2007) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985)).

In Saucier, supra, the Supreme Court developed a two-part test for qualified immunity. The first element is a threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendant's] conduct violated a constitutional right?" 533 U.S. at 201.   If no constitutional right would have been violated were the allegations established, there is no need for further inquiry. Ibid.   "If, and only if, the court finds a violation of a constitutional right, 'the next sequential step is to ask whether the right was clearly established … in light of the specific context of the case.'" Ibid.   Qualified immunity applies unless Ms. Small's conduct violated a clearly established constitutional right. Pearson, 555 U.S. at 232.   "To be clearly established, a right must be sufficiently clear that every reasonable official would have

understood that what he is doing violates that right." <u>Reichle v. Howards</u>, 566 U.S. 658, 664, 132 S. Ct. 2088 (2012) (internal citations omitted).

Even if the complaint is read broadly, <u>Iqbal</u> instructs that formulaic recitations are no substitute for a minimal factual basis for a claim.  La'Quetta Small is not specifically alleged to have violated, and the facts fail to show that she violated, any of plaintiff's constitutional rights.  Thus, applying the first prong in <u>Saucier</u>, the analysis ends and Ms. Small is entitled to qualified immunity and dismissal of the § 1983 claims against her.

## POINT III

**COUNTS V AND VI MUST BE DISMISSED AS THE GENERAL STATE LAW CLAIMS OF NEGLIGENCE LACK FACTUAL SPECIFICITY AND CANNOT SURVIVE A MOTION TO DISMISS UNDER RULE 12(b)(6)**

Counts V and VI of the complaint purport to assert state law negligence claims against Ms. Small and must be dismissed as plaintiff has failed to plead factual assertions to state of cause of action.  The complaint does not plead any facts showing how Ms. Small breached a duty to plaintiff.  Instead, Counts V and VI are based entirely on a series of bald, conclusory allegations, which is not sufficient.  Thus, all negligence, gross negligence and recklessness claims against Ms. Small should be dismissed for failure to state a claim.

There is a presumption against negligence and plaintiff has the burden of proving negligence.  <u>Buckelew v. Grossbard</u>, 435 A.2d 1150, 1157 (N.J. 1981).  To sustain a negligence claim, "a plaintiff must prove four core elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'"  <u>Polzo v. Cnty. of Essex</u>, 960 A.2d 375, 384 (N.J. 2008) (citation and brackets omitted).  "Gross negligence has the same elements as ordinary negligence because '[n]egligence differs from gross negligence only in degree, not in kind.'" <u>Zelnick v. Morristown-Beard Sch.</u>, 137 A.3d 560, 567 (N.J. Super. Ct. Law Div. 2015) (quoting <u>Monaghan v. Holy Trinity Church</u>, 646 A.2d 1130, 1133 (N.J. Super. Ct. App. Div. 1994)).

16

"Whereas negligence is 'the failure to exercise ordinary or reasonable care' that leads to a natural and probable injury, gross negligence is 'the failure to exercise slight care or diligence.'" Steinberg v. Sahara Sam's Oasis, LLC, 142 A.3d 742, 754 (N.J. 2016) (citations omitted).  Reckless conduct is an even higher level of culpability than gross negligence; it is "the conscious disregard ... to a known or obvious risk of harm to another." Id. at 755.

With respect to the first two elements of a negligence claim (and thus a gross negligence and recklessness claim), "[s]chool officials have a general duty 'to exercise reasonable supervisory care for the safety of students entrusted to them, and [are accountable] for injuries resulting from failure to discharge that duty.'" Jerkins v. Anderson, 922 A.2d 1279, 1285 (N.J. 2007) (quoting Caltavuturo v. City of Passaic, 307 A.2d 114, 117 (N.J. Super. Ct. App. Div. 1973)).  "The supervisory duty extends to 'foreseeable dangers . . . [that] arise from the careless acts or intentional transgressions of others.'" L.E. v. Plainfield Pub. Sch. Dist., 194 A.3d 105, 112 (N.J. Super. Ct. App. Div. 2018), certif. denied, 202 A.3d 621 (2019) (quoting Frugis v. Bracigliano, 827 A.2d 1040, 1050 (N.J. 2003)). For example, in Frugis, the Court "held that the supervisory duty extended to protect students from the transgressions of an adult – a school principal who privately photographed students [in his school office] in inappropriate poses."  827 A.2d at 1050.

However, schools are not "guarantors of students' safety." Jerkins, 922 A.2d at 1291.  "A school district's responsibility has temporal and physical limits, and its obligation to act reasonably does not diminish the responsibilities that parents or guardians have to their children." Id.  Indeed, the supervisory duty itself stems from the fact that "parents entrust their children to the care of schools," which is why the scope of a school official's duty is always framed in terms of the students who are "entrusted to them" and who are "in [their] charge . . . throughout the school day." Id. at 1285; see also L.E., 194 A.3d at 111.  As such, except with certain limited situations,

such as dismissal from school, the duty generally does not exist when the student is not under the school's custody and control.

Plaintiff's negligence, gross negligence and recklessness claims against La'Quetta Small should be dismissed for failure to state a claim.  In Count V, plaintiff claims that Ms. Small had a duty of care as principal of PAS where plaintiff was a student and "All Defendants" breached their duties "to take ordinary reasonable care in the execution of their respective professional . . . responsibilities imposed by law."  See Compl. ¶¶132a, 133.  Plaintiff then claims "the Atlantic City School District Defendants" collectively failed to "promptly and effectively respond to the instances of known sexual harassment and abuse perpetrated by . . . Frazier" and it was "reasonably foreseeable" that plaintiff would be harmed as a result.  Id. ¶¶134, 137.  However, as detailed, supra, there was no known sexual harassment or abuse to which to respond.  Similarly, Count VI says, "All Defendants . . . had a duty of care towards John Doe to take reasonable steps to prevent . . . Frazier from using the authority, access, and instrumentalities afforded to him by his position within the Atlantic City School District to target, groom, and sexually abuse . . . John Doe."  Id. ¶141.  Plaintiff then asserts, "All Defendants acted in a . . . reckless manner and/or in a grossly negligent manner with gross and callous indifference to the consequences, and thus breached their . . . duties of care."  Id. ¶142.

As the facts pled in the complaint fail to show any negligence by the school defendants, there are certainly no facts to show gross negligence or recklessness.  Plaintiff merely pleads that the "defendants" were generally responsible for his well-being without any further description of the scope of the duty or how each individual allegedly breached that duty.  There are no facts showing that Ms. Small consciously disregarded a known risk of harm to plaintiff or how she personally breached a duty of care to plaintiff while he was at school.  The deficiency is fatal and

compels dismissal.  See Bullock v. Ancora Psychiatric Hosp., 2011 WL 3651352 at *11 (D.N.J.

Aug. 18, 2011) (granting motion to dismiss negligence claim because the complaint did not "allege

facts sufficient to establish that [four individual defendants] breached a duty of care . . . or any

specific act[s] or omissions by those [d]efendants that proximately caused [the plaintiff's]

injuries").

 The mere fact of a sexual assault on school grounds by a substitute teacher is not sufficient

to sustain any cause for action against La'Quetta Small.  Under the totality of the circumstances,

there are no facts pled that Ms. Small's conduct failed to comport with that of a reasonable educator

in like circumstances to make her liable for alleged negligence under any theory presented.  For

example, there are also no facts pled to show what level of supervision was present at PAS when

the sexual abuse occurred, when and under what circumstances the alleged abuse happened in the

PAS library, or how it was foreseeable that Frazier would have committed a crime and sexually

abused plaintiff to demonstrate that Ms. Small breached any duty of care owed to plaintiff as a

student at PAS.  Knowing that a substitute teacher took his cousin and his friend (plaintiff) to the

movies or was present for a sleepover in the past does not indicate "foreseeable" sexual abuse.

There are no facts to show that Ms. Small consciously disregarded any known risk that caused

injury to plaintiff.  "[T]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements do not suffice in defeating a Rule 12(b)(6) motion."  Iqbal, supra, 556 U.S.

at 688.  Accordingly, Ms. Small's motion to dismiss must be granted as to Counts V and VI.

## POINT IV

**COUNT VIII MUST BE DISMISSED AS PLAINTIFF HAS FAILED TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST LA'QUETTA SMALL AND IT IS INSUFFICIENT TO SURVIVE A MOTION TO DISMISS UNDER RULE 12(b)(6)**

In Count VIII plaintiff asserts that the "Atlantic City School District Defendants acted intentionally or with reckless disregard in failing to timely report, intervene, investigate, and/or address the outrageous sexual misconduct by . . . Frazier" and "their failure" to protect plaintiff constitutes "behavior that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" causing "severe" damages to plaintiff.  See Compl. ¶¶151-153. To prevail on a claim for intentional infliction of emotional distress, plaintiff "must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." Buckeley v. Trenton Sav. Fund Soc'y, 544 A.2d 857, 863 (N.J. 1988).  It is a question of law as to whether intentional infliction of emotional distress can be found.  Id. at 864.  Similar to the preceding counts, plaintiff has failed to assert any specific factual allegations to support a claim against Ms. Small for intentional infliction of emotional distress.  Instead, plaintiff lumps the alleged inactions of all Atlantic City School District Defendants together and the assertions constitute mere conclusory statements and various "buzz words" in an effort to mimic the elements of the cause of action.  Such pleading is insufficient to state of cause of action and, therefore, Count VIII against Small must be dismissed.

## POINT V

### PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES

In the prayers for relief as to all counts, plaintiff seeks punitive damages from all defendants, including La'Quetta Small.  Local governments, such as the Board, are immune from punitive damages as a matter of federal law.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247,

271, 101 S.Ct. 2748 (1981).  Thus, a plaintiff may not recover punitive damages from a person

sued in their "official capacity," such as Small.  Pica v. Sarno, 907 F.Supp. 795, 805 (D.N.J. 1995).

Although a plaintiff may recover punitive damages from a defendant sued in her "individual

capacity" under § 1983, the Supreme Court directs that "the defendant's conduct [must be] shown

to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the

federally protected rights of others."  Smith v. Wade, 461 U.S. 30, 55, 103 S.Ct. 1625 (1983).

Similarly, for the common law claims, as a public employee Small can only be subject to

punitive damages if it is established that her conduct was intentional and beyond the scope of

employment.  Kelly v. County of Monmouth, 883 A.2d 411, 419 (N.J. Super. Ct. App. Div. 2005);

See N.J.S.A. 59:3-14.  To recover punitive damages, plaintiff must show "circumstances of

aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the

defendant, or such a conscious and deliberate disregard of the interests of others that [the

defendant's] conduct may be called willful or wanton."  Ramirez v. U.S., 998 F.Supp. 425, 438

(D.N.J. 1998) (citation omitted).  Willful misconduct is much more egregious than ordinary

negligence and has been defined as the "commission of a forbidden act with actual knowledge that

the act is forbidden."  Kollar v. Lozier, 669 A.2d 845, 849 (N.J. Super. Ct. App. Div.), certif.

denied, 678 A.2d 714 (N.J. 1996).  Further, "carelessness or poor decision making do not constitute

'actual fraud, actual malice or willful misconduct.'"  Van Engelen v. O'Leary, 732 A.2d 540, 546

(N.J. Super. Ct. App. Div.), certif. denied, 744 A.2d 1208 (N.J. 1999).

Clearly, as detailed supra, the complaint fails to set forth any factual basis against Ms.

Small that would in any fashion come near this lofty standard.  Plaintiff has not pled any facts to

demonstrate Ms. Small can be subject to individual liability, or any conduct that is so egregious

that would permit a finding of liability for punitive damages.  Accordingly, as a matter of law,

plaintiff is not entitled to punitive damages from La'Quetta Small and the request for same in the prayers for relief in the complaint must be dismissed.

## **CONCLUSION**

For the foregoing reasons, La'Quetta Small respectfully requests that the Complaint against her be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) for its failure to state a cause for action upon which relief may be granted.

HILL WALLACK LLP
21 Roszel Road
Princeton, NJ 08543
Attorneys for Defendant,
La'Quetta Small

By: /s/ *Jeffrey L. Shanaberger*
　　Jeffrey L. Shanaberger, Esq.

Dated: July 27, 2021