## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE, on behalf of JOHN DOE, her minor child, | |
| Plaintiff, | |
| v. | Civil Action No.: 1:21-cv-11189-JHR-SAK |
| MARTY SMALL, SR., in his official capacity as Mayor of Atlantic City, New Jersey, and individually, | **AMENDED COMPLAINT AND JURY DEMAND** |
| LA'QUETTA SMALL-FRAZIER, in her official capacity as Former Principal of Pennsylvania Avenue School, and individually, | |
| BARRY CALDWELL, in his official capacity as current Superintendent of the Atlantic City School District, | |
| PAUL A. SPAVENTA, in his official capacity as former Interim Superintendent of the Atlantic City School District, | |
| ATLANTIC CITY BOARD OF EDUCATION, a public entity, and | |
| KAYAN AHMED FRAZIER, an individual, | |
| Defendants. | |

1

Plaintiff Jane Doe, on behalf of her minor child, John Doe[1] (hereinafter, "Plaintiffs"), by and through their attorneys, Lento Law Group, P.C., bring this action for damages and other legal and equitable relief against Defendants Marty Small, Sr., La'Quetta Small-Frazier, Barry Caldwell, Paul A. Spaventa, Atlantic City Board of Education, and Kayan Ahmed Frazier (hereinafter, "Defendants"), alleging as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing addresses of the parties to this action are:

Jane Doe
(Address withheld to maintain anonymity)

Marty Small, Sr.
City of Atlantic City, New Jersey
Office of the Mayor
1301 Bacharach Boulevard
Atlantic City, New Jersey 08401

La'Quetta Small-Frazier
116 N. Presbyterian Avenue
Atlantic City, New Jersey 08401

Barry Caldwell
Office of the Superintendent
1300 Atlantic Avenue
Atlantic City, NJ 08401

Paul A. Spaventa
22415 Arbor Circle
Milton, DE 19968

Atlantic City Board of Education
1300 Atlantic Avenue
Atlantic City, NJ 08401

---

[1] Note: "Jane Doe" and "John Doe" have been substituted for the Plaintiff's name and the name of Plaintiff's minor child, respectively, to protect their anonymity.

Kayan Ahmed Frazier
Inmate Registration No.: 72688-050
Federal Detention Center – Philadelphia
700 Arch Street
Philadelphia, Pennsylvania 19106

## JURISDICTION AND VENUE

1.   Plaintiff brings this action pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (collectively, "Title IX"), as more fully set forth herein.

2.   This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3.   This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a), as such claims are so related to the Title IX claims that they form part of the same case or controversy and arise out of a common nucleus of operative fact.

4.   This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

5.   Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(1) & (b)(2), as all Defendants reside or resided in this district and the events giving rise to the claims occurred in this district.

## PARTIES

6.   At all times relevant hereto, Plaintiff Jane Doe, is an

3

adult resident citizen of the County of Atlantic, State of New Jersey. She brings this action on behalf of her minor son, John Doe.

7.   At all times relevant hereto, Defendant Marty Small, Sr. (hereinafter, "Mayor Small"), is an adult resident citizen of the County of Atlantic, State of New Jersey, and is the current Mayor of Atlantic City, New Jersey.

8.   At all times relevant hereto, Defendant La'Quetta Small-Frazier (hereinafter, "Small-Frazier"), is an adult resident citizen of the County of Atlantic, State of New Jersey, and is the wife of Mayor Small. Small-Frazier is currently the Principal of Atlantic City High School but served as Principal of the Pennsylvania Avenue School at the time that many of the events complained of herein occurred.

9.   At all times relevant hereto, Defendant Barry Caldwell (hereinafter, "Caldwell"), is an adult resident citizen of the County of Atlantic, State of New Jersey, and is the current Superintendent of the Atlantic City School District, having assumed the role in 2017.

10.   At all times relevant hereto, Defendant Paul A. Spaventa (hereinafter, "Spaventa"), is believed to have been an adult resident citizen of the Counties of Gloucester and Camden, State of New Jersey, and is the former Interim Superintendent of the Atlantic City School District. He is believed to have held that

4

position from 2015 to 2017 – the relevant time that some of the events or occurrences complained of herein occurred. Upon information and belief, he presently resides in the County of Milton, State of Delaware.

11.  At all times relevant hereto, Defendant Atlantic City Board of Education (hereinafter, "ACBOE"), is, per N.J.S.A. 18A:11-1 *et seq.*, a public entity operating under the New Jersey Department of Education, tasked with performing all acts and doing all things, consistent with law and the rules of the State Board of Education, necessary for the lawful and proper conduct, equipment, and maintenance of the public schools of the Atlantic City School District.

12.  Defendants Small-Frazier, Caldwell, Spaventa, and the Atlantic City Board of Education are hereinafter collectively referred to as the "Atlantic City School District" Defendants.

13.  At all times relevant hereto, Defendant Kayan Ahmed Frazier (hereinafter, "Frazier"), is an adult individual and former resident citizen of the County of Atlantic, State of New Jersey, but who is presently incarcerated (Inmate Registration No.: 72688-050) at the Federal Detention Center located at 700 Arch Street in the City of Philadelphia, State of Pennsylvania, on criminal charges arising out of the same events and occurrences complained of herein. At the time that many of the events and occurrences complained of herein took place, Frazier was an agent

5

and/or employee of Defendant Pennsylvania Avenue School, acting or failing to act, within the scope, course, and authority of his employment and his employer.

## APPLICABLE LAW AND POLICY

14. Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states in relevant part that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[…]

15. Title IX is implemented through the Code of Federal Regulations. *See* 34 C.F.R. Part 106.

16. Specifically, 34 C.F.R. § 106.2(g) defines "Federal financial assistance" as:

> […] any of the following, when authorized or extended under a law administered by the Department:
>
> (1) A grant or loan of Federal financial assistance, including funds made available for:
>
> > (i) The acquisition, construction, renovation, restoration, or repair of a building or facility or any portion thereof; and
> >
> > (ii) Scholarships, loans, grants, wages or other funds extended to any entity for payment to or on behalf of students admitted to that entity, or extended directly to such students for payment to that entity.

(2) A grant of Federal real or personal property or any interest therein, including surplus property, and the proceeds of the sale or transfer of such property, if the Federal share of the fair market value of the property is not, upon such sale or transfer, properly accounted for to the Federal Government.

(3) Provision of the services of Federal personnel.

(4) Sale or lease of Federal property or any interest therein at nominal consideration, or at consideration reduced for the purpose of assisting the recipient or in recognition of public interest to be served thereby, or permission to use Federal property or any interest therein without consideration.

(5) Any other contract, agreement, or arrangement which has as one of its purposes the provision of assistance to any education program or activity, except a contract of insurance or guaranty.

17. The Supreme Court of the United States recognized that a recipient of Federal financial assistance intentionally violates Title IX, and is subject to a private action for damages, where the recipient has actual notice of, and is "deliberately indifferent" to, the school employee's sex-based misconduct.

18. The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

19. N.J.S.A. 18A:36-20, New Jersey's analog to § 1681(a) of

7

Title IX provides, "No pupil in a public school in this State shall be discriminated against in admission to, or in obtaining any advantages, privileges or courses of study of the school by reason of race, color, creed, sex or national origin."

20.  N.J.S.A. 2A:14-2, the state statute establishing a two-year statute of limitations in most injury actions in New Jersey, was expanded in May of 2019 through the adoption of P.L.2019, c.120, which added section N.J.S.A. 2A:14-2a, regarding the statute of limitations for actions at law resulting from certain sexual crimes against a minor.

21.  In relevant part, N.J.S.A. 2A:14-2a, the provisions of which having gone into effect on December 1, 2019, expanded the statute of limitations for victims of child sexual abuse to pursue claims against their abusers until thirty-seven (37) years after their eighteenth birthday; in other words, until the victim turns fifty-five (55), or alternatively, within seven (7) years "from the date of reasonable discovery of the injury and its causal relationship to the act, whichever date is later."

22.  Importantly, and directly applicable here, the adoption of P.L.2019, c.120 and a subsequent law, P.L.2019, c.239, also amended the New Jersey Tort Claims Act by adding N.J.S.A. 59:2-1.3, which provides in relevant part that:

> a. Notwithstanding any provision of the "New Jersey Tort Claims Act," N.J.S.A. 59:1-1 et seq., to the contrary:

8

…

> (2)   Immunity from civil liability granted by that act to a public entity or public employee shall not apply to an action at law for damages as a result of a sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1) being committed against a minor under the age of 18, which was caused by the negligent hiring, supervision or retention of any public employee.

23.   The statute removes the requirement of providing a notice of claim to the public entity, as would otherwise be required under N.J.S.A. 59:8-8 of the New Jersey Tort Claims Act.

24.   The Atlantic City Board of Education has also adopted its own anti-harassment policy. (Attached hereto as **Exhibit "A"**). Section G. of this policy, entitled, "Harassment, Intimidation, and Bullying Investigation," provides in part that, "The Board requires a thorough and complete investigation to be conducted for each report of violations and complaints which either identify harassment, intimidation, or bulling or describe behaves that indicate [same]." The section goes on to elaborate how such an investigation is to be conducted, and how its findings are to be provided to parents of students involved in such occurrences.

## GENERAL FACTUAL ALLEGATIONS

### Defendant Kayan Frazier Meets and Grooms John Doe

25.   Defendant Small is the current Mayor of Atlantic City, having been re-elected to a one-year term following the City's November 2020 Special Election. Prior to his role as Mayor, Small was elected as 2nd Ward councilman to the city council of Atlantic City in 2003.

26.   Defendant Small-Frazier is the wife of Mayor Small and is the current Principal of Atlantic City High School. Prior to her assuming that role in 2019, she was the Principal of the Pennsylvania Avenue School, from 2013 to 2018.

27.   During this time, while Small-Frazier was Principal of the Pennsylvania Avenue School, the Atlantic City Board of Education hired Small-Frazier's cousin, Kayan Frazier, as a substitute teacher within the school district.

28.   Upon information and belief, Small-Frazier's role as Principal of the Pennsylvania Avenue School and as wife of an influential Atlantic City politician played a part in the hiring of Mr. Frazier in March of 2015, as Frazier – then being twenty-two (22) years-old – lived with the Smalls at their residence at the time.

29.   Upon being hired, Frazier was assigned to work within numerous schools within the Atlantic City School District to serve as a substitute teacher, including: the Uptown Complex; Sovereign

Avenue School; Dr. Martin Luther King, Jr. School; Texas Avenue School; Richmond Avenue School; Brighton Avenue School; and Pennsylvania Avenue School.

30. Given the student populations of these schools, it is estimated that Mr. Frazier had access to approximately 4,000 students during his employ within the Atlantic City School District.

31. It was through Frazier's employment as a substitute teacher at the Pennsylvania Avenue School that, in approximately early-2016, Frazier first came in contact with Plaintiff's minor son, John Doe, who was a student at the elementary school at the time.

32. Upon information and belief, Mr. Frazier had a reputation amongst his students as being the "cool" teacher, making efforts to relate and connect with individual students on a personal level to establish a rapport and befriend his students.

33. Frazier took a particular interest in John Doe.

34. Frazier would often try to relate and connect with John Doe, spending a disproportionate amount of time with him as compared to other students, and would even go so far as to take John Doe out of class for walks in the hallway so that they could talk privately.

35. No other employees or agents of the Atlantic City Board of Education questioned Frazier about this behavior, nor did they

inquire if John Doe was alright or experiencing any kind of distress.

36.   On numerous occasions, Frazier would take John Doe to the privacy of the school library, ostensibly to chat; however, it was later revealed by John Doe through the subsequent criminal investigation that these trips to the library often resulted in Frazier sexually assaulting John Doe.

37.   Again, no other employees or agents of the Atlantic City Board of Education questioned Frazier about this behavior, nor did they inquire if John Doe was alright or experiencing any kind of distress.

38.   In Spring of 2016, Frazier witnessed Jane Doe drop John Doe off for school one morning. Later that day, Frazier approached John Doe and asked him to relay a message to his mother, Jane Doe, telling her that Frazier thought she was attractive and that he would like to take her to dinner.

39.   John Doe subsequently relayed Frazier's message to Jane Doe, and Jane Doe later confronted Frazier, informing him that she felt it was inappropriate of him to instruct her son to relay such a message. The conversation ultimately resulted in Frazier and Plaintiff exchanging cell phone numbers so that the two could communicate directly.

40.   Using this pretense, Frazier began to befriend Jane Doe so that he could be closer to John Doe.

12

41.  Thereafter, the apparent friendship between Frazier and John Doe continued, and Frazier and Plaintiff became more acquainted as well, as Frazier would sometimes call Plaintiff to talk about John Doe's performance in school and see about his general welfare.

42.  Eventually, Jane Doe came to have some degree of trust in Frazier, and so, in roughly May or June of 2016 when Frazier informed Jane Doe that he was taking the Smalls' son – John Doe's minor friend and Frazier's cousin – out to the movies and to Chuck E. Cheese, Jane Doe granted permission to allow John Doe to attend.

43.  By approximately June or July of 2016, Frazier increased his time with John Doe, both with and without other children being present.

44.  Frazier continued to ingratiate himself into John Doe's home and school life – maintaining a presence while John Doe was at school attempting to manage a normal social life for a child of that age.

45.  In or around Fall of 2016, Frazier indicated to Plaintiff that he was having a sleepover with his cousins who were roughly John Doe's age, and thus, he asked Jane Doe if John Doe could sleepover as well.

46.  Jane Doe gave permission for John Doe to attend.

47.  Ultimately, the sleepover concluded without apparent incident, and as a result, Jane Doe felt comfortable allowing her

son to spend more time at Frazier's house, with sleepovers becoming more regular.

48.  Jane Doe began noticing changes in John Doe's personality, affect, and in his grades.

49.  Although Plaintiff had no reason to attribute her son's personality and attitude changes to Frazier at the time, it is now known that Frazier had been continually and repeatedly sexually abusing John Doe.

50.  After John Doe's estranged biological father passed away, Frazier – despite instruction from Jane Doe not to tell John Doe – revealed to John Doe news of his father's death in an effort to continue to maintain the emotional and physical control he had over John Doe.

51.  When Jane Doe discovered that Frazier had disclosed the news to John Doe, Jane Doe prohibited Frazier from seeing John Doe and ended contact with Frazier.

52.  During this falling-out period between Jane Doe and Frazier, Jane Doe became aware of rumors within her community that Frazier was having inappropriate and sexually abusive conduct with children, and that, as a result, he had been terminated from substitute teaching within the Atlantic City School District.

53.  At the time, Jane Doe did not give credence to these rumors as Frazier had never exhibited to Jane Doe any signs or indications of inappropriate conduct towards John Doe.

14

54.   It was not until approximately October of 2018, after having had little to no contact with Frazier for a period of roughly six months, that Jane Doe learned that Frazier was then working for the Division of Child Protection and Permanency (formerly, the Division of Youth and Family Services, i.e., DYFS).

55.   As a result of the nature of such a job – likely placing Frazier in contact with children – Jane Doe concluded that if the Division of Child Protection and Permanency felt comfortable hiring Frazier, then surely there was no validity to the rumors circulating within her community as to Frazier's sexually inappropriate conduct.

56.   Consequently, upon learning of Frazier's new position, Jane Doe once again felt comfortable allowing Frazier back into her and John Doe's life, especially since John Doe's father had passed away.

57.   Indeed, from the moment that Frazier met John Doe and targeted him on the premises of the Pennsylvania Avenue School, Frazier sexually abused John Doe.

58.   At various times, Frazier would often direct John Doe to dance with his underwear down and penis exposed while Frazier photographed it.

59.   Frazier would photograph John Doe through various acts of sexual abuse "on a regular basis" at Frazier's old residence in Atlantic City and his then-apartment in Somers Point.

60.   Indeed, Frazier's sexual abuse and exploitation of John Doe knew no bounds, occurring both on and off school grounds, and even in the home bathroom of Defendants Marty Small and La'Quetta Small-Frazier.

## The Federal Criminal Investigation

61.   Defendant Kayan Frazier first came onto the Federal Bureau of Investigation's radar in February of 2019, when the Child Exploitation Task Force of the Atlantic City Resident Agency regional office (ACRA-CETF) received a tip from the National Center for Missing and Exploited Children (NCMEC)'s CyberTipline, Report #44206185.

62.   The tip was made by the social media blogging website Tumblr, which reported that an account with username "ley26ley26" had uploaded images depicting suspected child pornography from September 8, 2018 through November 18, 2018, in violation of Tumblr's content policy.

63.   After cross-referencing the IP address through which these images were uploaded against subpoenaed Comcast service provider records, law enforcement became aware that Frazier was the individual suspected of uploading the sexually explicit images.

64.   After obtaining a Communications Data Warrant on March 22, 2019, law enforcement officers surveilled Frazier's Google account and observed in excess of one thousand (1,000) images and

videos depicting child pornography.

65. Pursuant to these findings, on April 15, 2019, law enforcement executed a search warrant and raided Frazier's apartment, finding both Frazier and John Doe present within the home, as well as a wealth of other sexually explicit materials depicting the sexual abuse and exploitation of children, including John Doe.

66. Frazier was subsequently arrested following the search.

67. As a result, Frazier was charged as follows: with one count of receipt of child pornography in violation of Title 18, United States Code, Section 2252A(a)(2)(A) and (b)(1); one count of distribution of child pornography in violation of Title 18, United States Code, Section 2252A(a)(2)(A) and (b)(1); and one count of production of child pornography in violation of Title 18, United States Code, Section 2251(a) and (e).

68. John Doe indicated to FBI Special Agent Daniel A. Garrabrant during questioning following Frazier's arrest that Frazier threated to harm John Doe's family members if he did not comply with Frazier's sexually abusive demands or if he told anyone about said abuse.

69. Additionally, John Doe reported that Frazier would often show him pornographic photographs of young boys on his Samsung phone, and that on two separate occasions, Frazier, while posing as a female online, using a fictious catfishing persona named

"Katalina", Frazier obtained photographs and/or video of the exposed penises of a minor cousin and a minor friend (identified in the Federal Criminal Complaint as "Minor Male 4" and "Minor Male 5", respectively).

### Actual Knowledge of Frazier's Abusive Conduct by the Atlantic City School District Defendants

70.  Defendant La'Quetta Small-Frazier became aware, approximately in early-2016 that her cousin, Kayan Frazier, was interacting with a student – John Doe – outside of school hours, and was taking him out and hosting him overnight, as her son initially joined Frazier and John Doe on several of their early outings, such as to the movies and Chuck E. Cheese.

71.  Upon information and belief, and despite the obvious appearance of impropriety, Small-Frazier – neither in her official capacity, nor in her individual capacity – questioned Frazier's behavior.

72.  As a direct result of Small-Frazier's knowledge of Frazier's inappropriate and abusive conduct, she eventually prohibited her son from joining Frazier and John Doe on their weekend outings.

73.  It was not until February 24, 2017, however, that Small-Frazier filed a report with the Division of Child Protection and Permanency and detailed the unprofessional conduct of Frazier.

74.  Additionally, at that time, in February 2017, Small-

Frazier also completed a Source4Teachers incident report form that cited Frazier for unprofessional conduct and recommended that he be removed from his substitute teaching position within the school district.

75.   Source4Teachers is an educational staffing management company that pairs schools with substitute teachers in their area and fills vacancies as needed.

76.   On March 15, 2017, Small-Frazier sent correspondence to Wesley Wallace, the District Manager of Source4Teachers, once again reiterating Frazier's inappropriate conduct.

77.   Small-Frazier's nearly year-long delay in reporting Frazier and indifference to his inappropriate and illegal conduct was a result of fear that her familial connection to Frazier, and the fact that Frazier was living in her home when some of the early abuse was alleged to have occurred, could have potentially adverse ramifications on both her career aspirations within the Atlantic City School District and her husband's political aspirations within Atlantic City more broadly.

78.   Despite Small-Frazier's reporting of Frazier's misconduct, Frazier was placed at five (5) schools in the Atlantic City School District over the course of thirteen (13) days in the month of March 2017, and thus, continued to have access to John Doe on school grounds and continually sexually abused and exploited John Doe.

19

79.   That same month, however, the Institutional Abuse Investigation Unit (IAIU) of the Department of Children and Families for the State of New Jersey began an investigation concerning Frazier's employment as a full-time substitute teacher within the Atlantic City School District, likely as a result of Small-Frazier's reporting.

80.   The investigation revealed:

    a. Frazier allowed a young minor male student to visit him at his residence and sleep in his bed. John Doe did not disclose any sexual contact when interviewed by IAIU at the time.

    b. Frazier had communicated by text message with a different nine-year-old male student after school hours, which was a violation of the school's policy.

    c. Frazier was interviewed during the IAIU's investigation and denied any inappropriate conduct but admitted that he let John Doe sleep in his bed, claiming he was a mentor for John Doe and referred to him as his son.

    d. Frazier also acknowledged that he had been texting the nine-year-old male.

81.   As a result of this investigation, on April 3, 2017, Frazier was terminated as a substitute teacher within the Atlantic City School District; however, no formal investigation was conducted by the Atlantic City Board of Education into Frazier's

reported misconduct or the allegations of sexual harassment circulating within the community.

### The Effect of Frazier's Abuse on John Doe

82.   As a direct and proximate result of the years of repeated sexual abuse and exploitation John Doe suffered at Defendant Kayan Frazier's hand, John Doe has been caused to sustain severe and persistent emotional, psychological, and psychosocial imbalance.

83.   Frazier's ongoing sexual abuse of John Doe, which included abuse occurring both on and off school grounds, subjected John Doe to a continuously sexually hostile environment.

84.   The sexually hostile environment created by Frazier's exploitative and abusive conduct was so severe, so pervasive, and so objectively offensive, that it deprived John Doe of equal access to the educational opportunities and benefits provided by the school.

85.   This is most evident by the severe behavioral shift Frazier's continued abused caused in John Doe and the effect this behavioral shift caused on John Doe's performance at schools controlled and operated by the Atlantic City School District Defendants.

86.   In addition to a significant decline in academic performance, the oppositional, aggressive, and volatile temperament which arose in John Doe as a result of the abuse inflicted on him by Frazier, caused significant disruption with

respect to John Doe's education at schools controlled and operated by the Atlantic City School District Defendants.

87. Today, John Doe continues to suffer emotional and behavioral outbursts as a result of the trauma he sustained from Frazier's repeated abuse.

88. In all, John Doe was caused, both by Frazier himself and by the deliberately indifferent Atlantic City School District Defendants to be subjected to repeated sexual abuse and exploitation on school grounds and a continuously sexually hostile environment while at school, and as a result, John Doe suffered severe and ongoing emotional and psychiatric harm, for which, treatment has proffered little to no success in remedying.

**COUNT I**
**VIOLATION OF TITLE IX**
**AS TO THE ATLANTIC CITY BOARD OF EDUCATION**
**(20 U.S.C. § 1681, *et seq.*)**
**(The Defendant's Deliberate Indifference**
**to Allegations of Sexual Harassment)**

89. Plaintiff realleges and incorporates by reference all prior and subsequent paragraphs as if fully stated herein.

90. The sex-based harassment articulated in Plaintiff's General Factual Allegations was so severe, pervasive, and objectively offensive that it deprived Plaintiff's minor child, John Doe, of access to educational opportunities or benefits provided by his schools.

91. The Atlantic City Board of Education created and/or

subjected Plaintiff's minor child to a hostile educational environment through Frazier's continued and/or prolonged employment within the Atlantic City School District, in violation of both Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX") and the school district's own anti-harassment policy, because:

      a. John Doe was a minor child at the time the sexual harassment and sexual assault occurred;

      b. John Doe was a member of a protected class;

      c. John Doe was subjected to sexual harassment in the form of sexual assault by a teacher within the recipient school district;

      d. John Doe was subjected to a hostile educational environment created by the Atlantic City Board of Education's lack of policies and procedures and their individual and collective failure to timely report, intervene, investigate and/or address the ongoing sexual assault and harassment being perpetrated by a teacher within the recipient school district both within school and without.

92. The Atlantic City Board of Education had actual knowledge of the sexual harassment and misconduct created by a teacher within their recipient school and/or school district.

93. The Atlantic City Board of Education also had actual

knowledge of the fact that at least one supervisory official, Defendant Smalls-Frazier, had actively harbored and failed to investigate or report the sexual harassment and misconduct occurring within the recipient school and/or school district.

94.   The individual and collective failure of the Atlantic City Board of Education to promptly and appropriately respond to the known sexual harassment, perpetuated the sexually hostile educational environment, which resulted ultimately in John Doe, on the basis of his sex, being deprived access to the educational opportunities or benefits provided by the schools which he attended, in violation of Title IX.

95.   The Atlantic City Board of Education failed to take immediate, reasonable, effective remedial steps to resolve the known sexual harassment, especially given Defendant Small-Frazier's undue delay in reporting same for at least a full year from the time she became aware of the abusive conduct.

96.   The Atlantic City Board of Education persisted in their inaction even after they had actual knowledge of the harm suffered by John Doe.

97.   Therefore, the Atlantic City Board of Education engaged in a pattern and practice of behavior demonstrating their deliberate indifference towards John Doe.

98.   John Doe has suffered extreme emotional distress and psychological damage, and his character and standing in his

community have suffered, as a direct and proximate result of the sexually abusive and exploitative conduct that was furthered by the Atlantic City Board of Education's deliberate indifference towards John Doe's rights under Title IX.

**COUNT II**
**§ 1983 VIOLATION**
**FAILURE TO INTERVENE, INVESTIGATE, & PROTECT FROM ATTACK**
**AS TO THE ATLANTIC CITY SCHOOL DISTRICT DEFENDANTS**
**(42 U.S.C. § 1983)**

99.  Plaintiff realleges and incorporates by reference all prior and subsequent paragraphs as if fully stated herein.

100. Under the Fourteenth Amendment to the United States Constitution, John Doe had the right as a public-school student to personal security, bodily integrity, and equal protection under the law.

101. Defendant Kayan Frazier repeatedly violated John Does right to personal security, bodily integrity, and equal protection under the law.

102. The Atlantic City School District Defendants were all state actors, acting under the color of state law at the time some of all of these violations by Defendant Kayan Frazier occurred.

103. The Atlantic City School District Defendants had a duty to intervene, investigate, and protect John Doe from sexual attack.

104. This duty arose, in part, from the Atlantic City School District's own anti-harassment policy (*See* **Exhibit "A"**, Section G.).

25

105. The Atlantic City School District Defendants had a reasonable opportunity to intervene and investigate, and did not timely act to do so, causing further damages.

106. The Atlantic City School District Defendants failed to timely intervene and investigate, and thus, subjected John Doe to violations of his right to personal security, bodily integrity, and equal protection under the law by:

     a. failing to promptly report known sexual harassment;

     b. failing to promptly investigate known sexual harassment;

     c. failing to promptly and appropriately discipline the perpetrator of this sexual harassment through timely termination, and;

     d. manifesting deliberate indifference to the sexual harassment.

107. The harm ultimately caused was foreseeable and fairly direct.

108. A state actor, in this case Defendant Smalls-Frazier, acted with a degree of culpability that shocks the conscience.

109. There was a relationship between the state and the Plaintiff's minor child existed such that the Plaintiff's minor child was a foreseeable victim of the Defendant Frazier's acts.

110. A state actor, in this case Defendant Smalls-Frazier, affirmatively used her authority in a way that created a danger to the Plaintiff's minor child or that rendered that child more

vulnerable to danger than had the state not acted at all.

111. The Atlantic City School District Defendants, through their actions or inactions, have advanced unconstitutional customs, practices, or policies by failing to timely intervene, investigate and protect John Doe from violations of his aforesaid rights by Defendant Kayan Frazier.

112. It was readily foreseeable that failing to immediately act to remove Defendant Frazier from his ability to cause harm to the Plaintiff's minor child, through immediate investigation, intervention, and protection of the Plaintiff's minor child, could result in harm to that child.

113. The risk of harm in failing to remove Defendant Frazier from his ability to cause harm to the Plaintiff's minor child, through immediate investigation, intervention, and protection of the Plaintiff's minor child, is so obvious as to rise to the level of deliberate indifference.

114. The Atlantic City School District Defendants are or were at the time of the events complained of herein, administrators or policymakers for the purpose of promulgating and/or implementing these unconstitutional customs, practices, or policies within the Atlantic City School District, and were thus acting under color of state law.

115. John Doe has suffered extreme emotional distress and psychological damage, and his character and standing in his

community have suffered, as a direct and proximate result of the sexually abusive and exploitative conduct that was furthered by the failures of the Atlantic City School District Defendants, manifesting deliberate indifference towards John Doe's rights under Title IX.

**COUNT III**
**§ 1983 VIOLATION**
**FAILURE TO TRAIN AND SUPERVISE**
**AS TO THE ATLANTIC CITY SCHOOL DISTRICT DEFENDANTS**
**(42 U.S.C. § 1983)**

116. Plaintiff realleges and incorporates by reference all prior and subsequent paragraphs as if fully stated herein.

117. Under the Fourteenth Amendment to the United States Constitution, John Doe had the right as a public-school student to personal security, bodily integrity, and equal protection under the law.

118. Defendant Kayan Frazier repeatedly violated these rights of John Doe.

119. The Atlantic City School District Defendants were all state actors, acting under the color of state law at the time some of all of these violations by Defendant Kayan Frazier occurred.

120. The Atlantic City School District Defendants adopted policies of inadequate training and supervision within the school district, and as a result of these inadequate policies, John Doe suffered harm.

121. Specifically, the Atlantic City School District

Defendants adopted policies with respect to training of school district administrators and staff that were inadequate insofar as their ability to train these school district employees to, among other things, detect signs of sexual harassment, abuse, or exploitation in students, and to report signs or allegations of same.

122. In fact, the Atlantic City School District's own anti-harassment policy (Exhibit "A") is silent with respect to the training of school district employees to detect signs of sexual harassment, abuse, or exploitation in students, and further, only requires verbal reporting for alleged violations that were actually witnessed or upon which they "received reliable information." (*See* Exhibit "A", Section E.)

123. Whether allegations of sexual harassment, abuse, or exploitation are based on "reliable information" requires investigation of said allegations, but such an investigation cannot occur but-for reporting of said allegations which itself is only required contingent upon the initial determination by the would-be reporter that the allegations are reliable.

124. This policy is paradoxical, untenable, and ultimately leaves an undue amount of discretion in school district employees with respect to the reporting of potential violations.

125. Further, the Atlantic City School District Defendants adopted policies with respect to supervision of school district

administrators and staff that were inadequate insofar as the supervision of these employees by their superiors, such that sexually harassing, abusive, or exploitative conduct by school district employees could not occur, and such that, in the event of any such occurrence, these acts were timely detected and reported.

126. The Atlantic City School District's anti-harassment policy is silent with respect to the supervision of school district employees by their superiors so as to ensure there is no sexually harassing, abusive, or exploitative conduct perpetrated upon students by school district employees, or to ensure compliance with reporting requirements in the event that such conduct does occur.

127. Rather, the Atlantic City School District's anti-harassment policy takes a reactive, rather than proactive, approach to such employee misconduct.

128. A state actor, in this case Defendant Smalls-Frazier, acted with a degree of culpability that shocks the conscience.

129. There was a relationship between the state and the Plaintiff's minor child existed such that the Plaintiff's minor child was a foreseeable victim of the Defendant Frazier's acts.

130. A state actor, in this case Defendant Smalls-Frazier, affirmatively used her authority in a way that created a danger to the Plaintiff's minor child or that rendered that child more vulnerable to danger than had the state not acted at all.

131. The Atlantic City School District Defendants, through their actions or inactions, have advanced unconstitutional customs, practices, or policies by failing to enact a proactive approach to employee sexual misconduct.

132. It was readily foreseeable that failing to immediately and proactively act to remove employees or agents who are sexually abusing children, could result in harm to that those children.

133. The risk of harm in failing to remove employees or agents who are sexually abusing children is so obvious as to rise to the level of deliberate indifference.

134. Thus, the failures of the Atlantic City School District Defendants, both in practice and as reflected in the district's lax policies, to adequately train and supervise school district employees amounted to deliberate indifference to the fact that inaction would, and proximately did, result in the violation of John Doe's rights by Defendant Kayan Frazier.

**COUNT IV**
**"MASHA'S LAW" VIOLATIONS**
**AS TO DEFENDANT KAYAN FRAZIER**
**(18 U.S.C. § 2255)**

135. Plaintiff realleges and incorporates by reference all prior and subsequent paragraphs as if fully stated herein.

136. "Masha's Law" (18 U.S.C. 2255), provides in relevant part that:

> Any person who, while a minor, was a victim of
> a violation of section… 2251… [or] 2252A… and

> who suffers personal injury as a result of
> such violation, regardless of whether the
> injury occurred while such person was a minor,
> may sue in any appropriate United States
> District Court and shall recover the actual
> damages such person sustained or liquidated
> damages in the amount of $150,000, and the
> cost of the action, including reasonable
> attorney's fees and other litigation costs
> reasonably incurred. The court may also award
> punitive damages and such other preliminary
> and equitable relief as the court determines
> to be appropriate.

137. Defendant Kayan Frazier was criminally charged with violations of 18 U.S.C. 2251, specifically, subsections (a) and (e); and 18 U.S.C. 2252A, specifically, subsections (a)(2)(A) and (b)(1).

138. John Doe was a victim of Defendant Kayan Frazier's violations of these federal statutes.

139. John Doe was a minor when these violations occurred.

140. As a result of Defendant Kayan Frazier's violations of these federal statutes, John Doe has suffered personal injury.

**COUNT V**
**NEGLIGENCE**
**AS TO ALL DEFENDANTS**

141. Plaintiff realleges and incorporates by reference all prior and subsequent paragraphs as if fully stated herein.

142. All Defendants named herein owed a duty of care to John Doe.

143. The law imposes a duty on children to attend school and on parents to relinquish their supervisory role over their children

32

to teachers and administrators during school hours.

144. While their children are educated during the day, parents transfer to school officials the power to act as the guardians of those young wards.

145. A duty of care is placed on school officials to protect the children in their charge from foreseeable dangers, whether those dangers arise from the careless acts or intentional transgressions of others.

146. Although the overarching mission of a board of education is to educate, its first imperative must be to do no harm to the children in its care.

147. A board of education must take reasonable measures to assure that the teachers and administrators who stand as surrogate parents during the day are educating, not endangering, and protecting, not exploiting, vulnerable children.

148. These duties of care included:

    a. Defendant La'Quetta Small-Frazier owed John Doe a duty of care as Principal of the Pennsylvania Avenue School, where John Doe was then a student;

    b. Defendants Barry Caldwell and Paul A. Spaventa, each owed John Doe a duty of care as the current and former Superintendent of the Atlantic City Board of Education, respectively, when John Doe was a student under their charge;

c. Defendant Atlantic City Board of Education owed John Doe
a duty of care, as John Doe was then a student within
the Atlantic City School District over which Defendant
Atlantic City Board of Education has authority and
control;

d. Defendant Kayan Frazier owed John Doe a duty of care as
a substitute teacher within the Pennsylvania Avenue
School, where John Doe was then a student;

e. Defendant Marty Small, Sr. and Defendant La'Quetta
Small-Frazier (in separate act of negligence) owed John
Doe a duty of care based upon premises liability to warn
John Doe, then a guest in their home, of the known
dangerous condition presented by the presence of Kayan
Frazier within the home. This duty was heightened by
virtue of John Doe being a minor.

149. All Defendants have breached their respective duty of
care to Plaintiff's minor child in that they all failed to take
ordinary reasonable care in the execution of their respective
professional or personal responsibilities imposed by law and as
complained of herein.

150. Specifically, but-for the failure of the Atlantic City
School District Defendants to promptly and effectively respond to
the instances of known sexual harassment and abuse perpetrated by
Defendant Kayan Frazier, continued sexual harassment and abuse

34

perpetrated by Defendant Frazier upon John Doe on school grounds would not have occurred.

151. Further, but-for the failure of Defendant Kayan Frazier himself to comport his behavior in a professional manner commensurate with his position as a public-school substitute teacher, and to refrain from inflicting sexual harassment and abuse upon a student, the harm which befell John Doe both on and off school grounds would not have occurred.

152. The undisputed facts reveal that the Defendants did not fulfill their most basic obligation—to protect the children in their care—because they failed to implement effective rudimentary reporting procedures that would have informed it of Frazier's misconduct and because they grossly disregarded critical information, either in their hands or easily accessible thereto, that called for scrutiny of Frazier's activities.

153. Finally, but-for the failure of Defendants Marty Small, Sr. and La'Quetta Small-Frazier to warn Jane Doe or John Doe about Kayan Frazier's known sexual proclivity towards children, or to take reasonable steps to safeguard minor social guests within their home from Frazier, the sexual assault which transpired in the bathroom of the Small home would not have occurred.

154. It is reasonably foreseeable that John Doe and similarly situated students within the Atlantic City School District, and thus, under the care, supervision, and charge of the Atlantic City

School District Defendants and Defendant Kayan Frazier, could have been harmed in the same or similar manner in which John Doe was harmed when a school district and its constituent administrators and school staff fail to take appropriate and timely action in addressing known teacher-on-student sexual harassment and abuse.

155. It is also reasonably foreseeable that a minor child social guest within a homeowner's home, such as John Doe within the Small home, could be harmed when said child or their parent is not warned about the presence within the home of an individual with a sexual proclivity towards children, or if adequate safeguards are not put in place to keep said individual away from children within the home.

156. Therefore, the respective failures of all Defendants were both the actual and proximate cause of the damages caused to John Doe.

**COUNT VI**
**GROSS NEGLIGENCE, RECKLESSNESS**
**AS TO ALL DEFENDANTS**

157. Plaintiff realleges and incorporates by reference all prior and subsequent paragraphs as if fully stated herein.

158. All Defendants, as plead in the previous Count (Count V), had a duty of care towards John Doe to take reasonable steps to prevent Defendant Kayan Frazier from using the authority, access, and instrumentalities afforded him by his position within the Atlantic City School District, to target, groom, and sexually

36

abuse children, including John Doe.

159. All Defendants acted in a negligent, careless, or reckless manner, and/or in a grossly negligent manner with gross and callous indifference to the consequences, and thus breached their aforestated duties of care.

160. John Doe was an individual of whom all Defendants knew or should have known of the probability of harm which was foreseeably occasioned by the reckless indifference of the Defendants to the consequences of their actions and/or omissions.

161. As a direct and proximate result thereof, John Doe was caused to suffer and continues to suffer significant and permanent damages.

**COUNT VII**
**ASSAULT AND BATTERY**
**AS TO DEFENDANT KAYAN FRAZIER**

162. Plaintiff realleges and incorporates by reference all prior and subsequent paragraphs as if fully stated herein.

163. As complained of herein, Defendant Kayan Frazier, on a multitude of occasions, attempted to, and in fact, did, cause harmful, offensive, and sexually violent physical contact with John Doe.

164. As a direct and proximate result of the willful, wanton, malicious, and intentional actions of Defendant Kayan Frazier, John Doe has suffered severe physical abuse and extreme emotional distress and psychological damage as previously complained of

herein, which may prove to be permanent.

**COUNT VIII**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AS TO DEFENDANT KAYAN FRAZIER AND**
**THE ATLANTIC CITY SCHOOL DISTRICT DEFENDANTS**

165. Plaintiff realleges and incorporates by reference all prior and subsequent paragraphs as if fully stated herein.

166. Defendant Kayan Frazier, when engaging in the repeated acts of sexual assault and exploitation of John Doe as complained of herein, acted intentionally or with reckless disregard, so as to cause John Doe significant and permanent damages.

167. Defendant Frazier's repeated acts of sexual assault and exploitation of John Doe as complained of herein constitutes behavior that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

168. Further, the Atlantic City School District Defendants acted intentionally or with reckless disregard in failing to timely report, intervene, investigate, and/or address the outrageous sexual misconduct of Defendant Frazier.

169. Given the knowledge of Frazier's conduct the Atlantic City School District Defendants possessed and the power and authority afforded them in their respective positions within the school district to stop same, their failure to act so as to

safeguard John Doe from further sexual abuse constitutes behavior that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

170. The actions, therefore, of both Defendant Frazier and the Atlantic City School District Defendants actually and proximately caused damages to John Doe so severe that no reasonable person, let alone a minor child, could be expected to endure it, and thus, has resulted in significant and permanent harm.

**COUNT IX**
**NEW JERSEY CHILD SEXUAL ABUSE ACT, *N.J.S.A.* § 2A:61B-1.**
**AS TO ALL DEFENDANTS**

171. Plaintiff realleges and incorporates by reference all prior and subsequent paragraphs as if fully stated herein.

172. The New Jersey Child Sexual Abuse Act (hereinafter, the "CSAA") provides a statutory cause of action for sexual abuse.

173. The CSAA defines sexual abuse as "an act of sexual contact or sexual penetration between a child under the age of 18 years and an adult." N.J.S.A. § 2A:61B-1.

174. The statute also provides that a "guardian or other person standing in loco parentis who knowingly permits or acquiesces in sexual abuse by any other person also commits sexual abuse." Id.

175. The Supreme Court of New Jersey has determined that the CSAA establishes two classes of abusers: (1) those persons who

39

inflict the abuse (active abusers); and (2), those persons who stand *in loco parentis*, who know of the abuse and who fail to protect the child (passive abusers).

176. As stated before herein and incorporated into this count, Defendant Frazier committed numerous acts against John Doe which constitute sexual abuse under the CSAA.

177. Many of these sexual abuse acts occurred on the premises of public schools under the premises of facilities under the exclusive control and dominion of the Atlantic City School District Defendants, while Defendant Frazier was either employed or acting as an agent of those Defendants.

178. The Atlantic City School District Defendants owed a duty to protect and safeguard John Doe from sexual abuse of the nature complained-of herein, and failed to do so, even when in possession of active and/or constructive knowledge of the danger of sexual abuse to John Doe.

179. Many of these sexual abuse acts occurred on the premises of Defendants Mayor Smalls and Smalls-Frazier and with their consent, and with the knowledge of Defendant Frazier's and John Doe's presence, and the actual and/or constructive knowledge of the danger of sexual abuse to John Doe.

180. Defendant Kayan Frazier, when engaging in the repeated acts of sexual assault and exploitation of John Doe as complained of herein, acted intentionally or with reckless disregard, so as

to cause John Doe significant and permanent damages.

181. Defendant Frazier's repeated acts of sexual assault and exploitation of John Doe as complained of herein constitutes behavior that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

182. The actions, therefore, of both Defendant Frazier and the Atlantic City School District Defendants actually and proximately caused damages to John Doe so severe that no reasonable person, let alone a minor child, could be expected to endure it, and thus, has resulted in significant and permanent harm.

183. A plaintiff who prevails in a civil action pursuant to the CSAA shall be awarded damages in the amount of $10,000, plus reasonable attorney's fees, or actual damages, whichever is greater.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jane Doe, on behalf of John Doe, her minor child, prays for relief as to all counts as follows:

1) For judgement against the Defendants jointly, severally, and alternatively, for general and compensatory damages with interest;

2) For additional judgment against Defendants jointly, severally, and alternatively, for punitive damages as to

Counts II through VIII;

3) For additional judgment against Defendant Kayan Frazier in the form of the liquidated damages as to Count IV, statutorily imposed under 18 U.S.C. 2255 in the amount of $150,000 per violation.

4) For additional judgment against Defendants as to Count IX in the amount of $10,000, plus reasonable attorney's fees, or actual damages, whichever is greater, consisting of compensatory damages (including, but not limited to, damages for pain and suffering, medical expenses, emotional trauma, diminished childhood, diminished enjoyment of life, costs of counseling, and lost wages) and punitive damages and costs of suit, including reasonable attorney's fees;

5) Reasonable attorney's fees and costs of suit pursuant to 18 U.S.C. 2255 where applicable; and

6) For such other further relief as the Court may deem equitable and just.

**LENTO LAW GROUP, P.C.**

/s/ Terrell A. Ratliff
TERRELL A. RATLIFF
LENTO LAW GROUP, P.C.
NEW JERSEY
3000 ATRIUM WAY
SUITE 200
MT. LAUREL, NJ 08054

42

856-652-2000
Email: taratliff@lentolawgroup.com
*Attorney for the Plaintiffs*


_____/s/ Rook Elizabeth Ringer_____
ROOK ELIZABETH RINGER, ESQ.
(*Pro Hac Vice* Pending)
FL Bar No.: 1015698
LENTO LAW GROUP, P.A.
222 San Marco Ave., Ste. "C"
St. Augustine, FL 32084
(O): 904-602-9400 x 467
(F): 904-299-5400
reringer@lentolawgroup.com
*Attorney for the Plaintiffs*