Benjamin H. Zieman, Esq. (082712013)
ANDERSON & SHAH LLC
457 Haddonfield Road, Suite 120
Cherry Hill, New Jersey 08002
856-393-2371 (p); 856-528-1700 (f)
bzieman@andersonshahlaw.com
*Attorney for Defendants Atlantic City Board of Education, former Superintendent Paul A. Spaventa, and current Superintendent Barry Caldwell*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| JANE DOE, on behalf of JOHN DOE, her minor child,<br><br>                    Plaintiffs,<br><br>v.<br><br>MARTY SMALL, SR., et al.,<br><br>                    Defendants. | Hon. Joseph H. Rodriguez, U.S.D.J.<br>Hon. Sharon A. King, U.S.M.J.<br><br>Docket No. 1:21-cv-11189-JHR-SAK<br><br><br>**CERTIFICATION OF BENJAMIN H. ZIEMAN, ESQ.** |

BENJAMIN H. ZIEMAN, ESQ., of full age, hereby certifies and says:

1.     I am an attorney employed by the law firm of Anderson & Shah, LLC.  I have been retained to represent Defendants, the Atlantic City Board of Education, former Superintendent Paul A. Spaventa, and current Superintendent Barry Caldwell, in the above-captioned matter.  In this capacity, I have personal knowledge of the facts set forth below, and I submit this certification in support of Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

2.      Attached as **EXHIBIT A** is a true and correct copy of District Policy 4281 – Inappropriate Staff Conduct, which is publicly available through the Atlantic City Board of Education's website.

3.      Attached as **EXHIBIT B** is a true and correct copy of District Policy 0120 – Authority and Powers, which is publicly available through the Atlantic City Board of Education's website.

4.      Attached as **EXHIBIT C** is a true and correct copy of the Senate Judiciary Committee's Statement to Senate Committee Substitute for Senate No. 477, which is publicly available through the New Jersey Legislature's website.

5.      Attached as **EXHIBIT D** is a true and correct copy of P.L. 2019, c.120, which was approved by the Governor of New Jersey on May 13, 2019, and became effective on December 1, 2019.

6.      I declare under penalty of perjury that the foregoing is true and correct.


ANDERSON & SHAH LLC

By:     s/ Benjamin H. Zieman
Dated:      September 10, 2021                Benjamin H. Zieman, Esq.

# EXHIBIT A



# Atlantic City Board of Education

Home

< Prev    Next >

**To Regulation**



Search District
Policies

District Policies TOC

## District Policy

### 4281- INAPPROPRIATE STAFF CONDUCT

Section: Support Staff
Date Created: May 2004
Date Edited: December 2012

### 4281 INAPPROPRIATE STAFF CONDUCT

The Board of Education recognizes its responsibility to protect the health, safety and welfare of all pupils within this school district. Furthermore, the Board recognizes there exists a professional responsibility for all school staff to protect a pupil's health, safety and welfare. The Board strongly believes that school staff members have the public's trust and confidence to protect the well-being of all pupils attending the school district.

In support of this Board's strong commitment to the public's trust and confidence of school staff, the Board of Education holds all school staff to the highest level of professional responsibility in their conduct with all pupils. Inappropriate conduct and conduct unbecoming a school staff member will not be tolerated in this school district.

The Board recognizes and appreciates the staff-pupil professional relationship that exists in a school district's educational environment. This Policy has been developed and adopted by this Board to provide guidance and direction to avoid actual and/or the appearance of inappropriate staff conduct and conduct unbecoming a school staff member toward pupils.

School staff's conduct in completing their professional responsibilities shall be appropriate at all times. School staff shall not make inappropriate comments to pupils or about pupils and shall not engage in inappropriate language or expression in the presence of pupils. School staff shall not engage in inappropriate conduct toward or with pupils. School staff shall not engage or seek to be in the presence of a pupil beyond the staff member's professional responsibilities. School staff shall not provide transportation to a pupil in their private vehicle or permit a pupil into their private vehicle unless there is an emergency or a special circumstance that has been approved in advance by the Building Principal/immediate supervisor and the parent/legal guardian.

Inappropriate conduct by a school staff member outside their professional responsibilities may be considered conduct unbecoming a staff member. Therefore, school staff members are advised to be concerned with such conduct which may include, but is not limited to, communications and/or publications using e-mails, text-messaging, social networking sites, or any other medium that is directed and/or available to pupils or for public display.

A school staff member is always expected to maintain a professional relationship with pupils and school staff members shall protect the health, safety and welfare of school pupils. A staff member's conduct will be held to the professional standards established by the New Jersey State Board of Education and the New Jersey Commissioner of Education. Inappropriate conduct or conduct unbecoming a staff member may also include conduct not specifically listed in this Policy, but conduct determined by the New Jersey State Board of Education, the New Jersey Commissioner of Education, an arbitration process, and/or appropriate courts to be inappropriate or conduct unbecoming a school staff member.

School personnel, compensated and uncompensated (volunteers), are required to report to their immediate supervisor or Building Principal any possible violations of this Policy. In the event the report alleges conduct by the Building Principal or the immediate supervisor, the school staff member may report directly to the Superintendent. In addition, school personnel having reasonable cause to believe a pupil has been subjected to child abuse or neglect or acts of child abuse or neglect as defined under N.J.S.A. 9:6-8.10 are required to immediately report to the New Jersey Department of Children and Families in accordance with N.J.A.C. 6A:16-11.1 and inform the Building Principal or immediate supervisor after making such report. However, notice to the Building Principal or designee need not be given when the school staff member believes such notice would likely endanger the referrer or child(ren) involved or when the staff member believes that such disclosure would likely result in retaliation against the child or in discrimination against the referrer with respect to his/her employment.

Reports may be made in writing or with verbal notification. The immediate supervisor or Building Principal will notify the Superintendent of Schools of all reports, including anonymous reports. The Principal or Designee will investigate all reports with a final report to the Superintendent of Schools. The Principal or Designee or the Superintendent may, at any time after receiving a report take such appropriate action as necessary and as provided for in the law. This may include, but is not limited to, notifying law enforcement, notifying the New Jersey Department of Children and Families in accordance with N.J.A.C. 6A:16-11.1 and/or any other measure provided for in the law.

This Policy will be distributed to all school staff and provided to staff members at any time upon request.

N.J.S.A. 18A:28-5 et seq.
N.J.A.C. 6A:16-11.1

Issued:    May 2004
Revised    December 2012
Adopted: 16 July 2013



# EXHIBIT B



# Atlantic City Board of Education

Home

< Prev   Next >

**To Regulation**



Search District Policies

District Policies TOC

# District Policy

### 0120- AUTHORITY AND POWERS

Section: Bylaws
Date Created: May 2002
Date Edited: May 2002

Authority

The Board of Education is constituted, authorized, and governed by the statutes of the State of New Jersey, Title 18A, Education.

Powers

The Board shall make, amend, and repeal rules not inconsistent with statutes or with the rules of the State Board of Education for its own government and the transaction of its business and for the government and management of the public schools and the public property of the school district and for the employment, regulation of, conduct, and discharge of its employees.  The Board shall perform all acts and do all things, consistent with law and the rules of the State Board, necessary for the proper conduct, equipment and maintenance of the public schools of the district.

The Board of Education sees these as its required functions:

1.    Legislative or Policymaking

The Board is responsible for the development of policy and for the employment of a Superintendent who shall carry out its policies through the development and implementation of regulations.

2.    Appraisal

The Board is responsible for evaluating the effectiveness of its policies and their implementation.

3.    Educational Planning

The Board is responsible for requiring and acquiring reliable information from responsible sources which will enable it and the staff to work toward the continuing improvement of the educational program.

4.    Provision of Financial Resources

The Board has major responsibilities for the adoption of a budget which will provide the wherewithal--in terms of buildings, staff, materials, and equipment--to enable the school system to carry out its functions.

5.     Interpretation

The Board is responsible for providing adequate and direct means for keeping the local community informed about the school and for keeping itself and the school staff informed about the wishes of the public. All planning, both that which is and that which is not related to the budget, needs to be interpreted to the public if citizens are to support the school program.

N.J.S.A.       18A:10-1; 18A:11-1; 18A:16-1; 18A:20-1; 18A:27-4

Adopted: 28 May 2002



# EXHIBIT C

SENATE JUDICIARY COMMITTEE

STATEMENT TO

SENATE COMMITTEE SUBSTITUTE FOR
**SENATE, No. 477**

# STATE OF NEW JERSEY

DATED: MARCH 7, 2019

The Senate Judiciary Committee reports favorably a Senate Committee Substitute for Senate Bill No. 477.

This substitute bill would extend the statute of limitations in civil actions for sexual abuse claims, as well as create a two-year window for parties to bring previously time-barred actions based on sexual abuse. The bill would also expand the categories of potential defendants in civil actions, and for some actions permit retroactive application of standards of liability to past acts of abuse for which liability did not previously exist. The following section-by-section summary of the bill's provisions further details its scope and application to lawsuits which could be filed beginning on December 1, 2019, the bill's effective date.

Section 1: This section amends the current law's general two-year statute of limitations for personal injury claims, N.J.S.2A:14-2, in order to indicate an exception for the new, extended statute of limitations periods detailed in section 2 of the bill.

Section 2 - Child and Adult Victims: This section creates the new, extended statute of limitations periods for sexual abuse, one of which would apply to persons who were abused when minors under the age of 18 years, and one of which would apply to persons who were abused after reaching 18 years of age. It would prohibit lawsuits to proceed as a class action, due to the particular circumstances unique to each person's abuse, and privately negotiated settlements of abuse claims on a class basis would be void and unenforceable. This section also provides guidance as to the retroactive application of potential new standards of liability created by the bill for lawsuits that could be filed in accordance with the new statute of limitations periods.

Child Victim – For abuse that occurred prior to, on or after the bill's effective date, a lawsuit would need to be filed within 37 years after the child victim turns 18 years of age (filed by the victim's 55th birthday), or within seven years of discovering the injury and its cause if the end date of the seven-year period would occur after the victim turns 55 years of age. Since the extended

2

statute of limitations is retroactive to cover past acts of abuse, any child victim of past abuse who is under the age of 55 years when the bill takes effect, or who will reach 55 years of age sometime after the bill takes effect, and who is aware of the injury and its cause could file a suit; the "reasonable discovery" requirement would only apply if the victim filed suit after turning 55 years of age due to a delayed discovery of the injury and its cause.

This date of reasonable discovery (no more than seven years prior to filing suit) could be challenged, triggering the need for the date to be judicially determined by a Lopez hearing in order to properly find whether the lawsuit was filed in time.  See Lopez v. Swyer, 62 N.J. 267 (1973) (establishing objective, reasonable person standard to determine when injured party knew or should have known sufficient factors about injury to trigger running of statute of limitations); R.L. v. Voytac, 199 N.J. 285 (2009) (adding a second layer of analysis to Lopez hearing for sexual abuse lawsuits to consider several subjective factors concerning the individual victim as grounds for tolling statute of limitations).

The bill would establish retroactive application of the standard of liability set forth in the Charitable Immunity Act, section 1 of P.L.1959, c.90 (C.2A:53A-7), as amended by the bill in section 5. This could create, for child victim lawsuits filed under the new, extended statute of limitations, additional retroactive liability for non-profit organizations organized exclusively for religious, charitable, educational, or hospital purposes concerning willful, wanton or grossly negligent acts resulting in abuse that occurred prior to August 8, 2006.  That date is when the New Jersey Supreme Court decided the case of Hardwicke v. American Boychoir School, 188 N.J. 69 (2006), and found for the first time that the Charitable Immunity Act does not bar lawsuits against organizations based on such aggravated forms of wrongful conduct; it only bars suits based on "simple" or "standard" negligent conduct (with some statutorily carved out exceptions).  Id. at 96-97.  Prior to this decision, the Supreme Court and lower courts found that the act did shield organizations from liability for gross negligence and even intentional conduct committed by its trustees, directors, officers, employees, agents, servants, or volunteers.  See Schultz v. Roman Catholic Archdiocese, 95 N.J. 530, 535-536 (1984); Monaghan v. Holy Trinity Church, 275 N.J. Super. 594 (App. Div. 1994).  The bill's amendment to the Charitable Immunity Act, to be applied retroactively, recognizes the current interpretation and scope of organizational liability based on Hardwicke.

The retroactive expansion of organizational liability under this section does not create any additional retroactive liability for trustees, directors, officers, employees, agents, servants, or volunteers, as they were always generally liable for their own willful, wanton or grossly negligent acts, and this more-than-

3

negligence liability standard would remain the same following the bill's enactment.   Such persons were added to section 1 of P.L.1959, c.90 (C.2A:53A-7) by the enactment of P.L.1995, c.183 (effective July 24, 1995), but only granted immunity for acts amounting to simple negligence.

A subcategory of such persons, the uncompensated trustees, directors, officers, or voluntary members serving on the boards or other governing bodies of non-profit organizations, would also not be impacted by the retroactive organizational liability.   These uncompensated leaders were provided an earlier immunity for their own acts of negligence, and even gross negligence, resulting from the performance of their duties of office pursuant to a supplement to the Charitable Immunity Act, P.L.1987, c.87 (C.2A:53A-7.1) (effective April 6, 1987); these people can only be held liable for acts amounting to a "reckless disregard" of their duties, which "conduct [is a] degree[] of civil culpability greater than gross negligence." See Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 365-366 (2016).

Additionally, the bill establishes retroactive application of an exception to the Charitable Immunity Act set forth in P.L.2005, c.264 (C.2A:53A-7.4 et seq.), making non-profit organizations liable for acts of mere negligence in the hiring, supervision, or retention of an employee, agent, or servant resulting in sexual abuse committed against a minor under the age of 18 years.  This liability for simple negligence, when first enacted by P.L.2005, c.264, took effect on January 5, 2006, and applied prospectively only.   See P.L.2005, c.264, s.2 (C.2A:53A-7.5).  However, as amended by this bill in section 6, organizational liability for an act of negligently hiring, supervising, or retaining a person resulting in abuse against a child could be applied retroactively in lawsuits for abuse occurring prior to the bill's effective date, which also means it could be applied retroactively to acts of abuse occurring prior to the effective date of P.L.2005, c.264.

This retroactive expansion of organizational liability does not create any additional retroactive liability for trustees, directors, officers, employees, agents, servants, or volunteers, including the aforementioned subcategory of uncompensated leaders, as these persons, who are not referenced in the relevant statutory provisions, are not intended to be subject to liability for acts of mere negligence in lawsuits concerning the hiring, supervision, or retention of an individual resulting in sexual abuse against a child.  The standard immunity for negligent acts provided to such persons by the Charitable Immunity Act, as amended in 1995 and earlier supplemented in 1987, as explained above, is not pierced by the exception established in P.L.2005, c.264 (C.2A:53A-7.4 et seq.). Additionally, in any such lawsuit involving acts of sexual abuse that pre-date the statutory negligence immunity provided to such

4

persons, such lawsuit would still only be permitted against the non-profit organization because the retroactively applied organizational liability of P.L.2005, c.264 would be the basis of the suit, and not any form of pre-statutory common law negligence liability.

Adult Victim – For abuse committed against a person 18 years of age or older that occurred prior to, on or after the bill's effective date, a lawsuit would need to be filed within seven years of discovering the injury and its cause. The same "reasonable discovery" requirement described above that could apply to lawsuits involving child victims, and the possible use of a Lopez hearing to judicially determine the discovery date, if needed, would apply to adult victim suits filed under the new, extended statute of limitations.

The retroactive application of the amended Charitable Immunity Act, per section 5, would also apply to adult victim suits filed under the new, extended statute of limitations (adult victims could not bring suit under the charitable immunity exception based upon the negligent hiring, supervision, or retention of a person resulting in abuse, as amended by section 6, because such a cause of action is only available to child victims).

Section 3 - Child Victim: This section applies the new, extended statute of limitations period for child victims of abuse detailed in section 2 of the bill (suit must be filed by the 55th birthday, or within seven years of discovering the injury) to lawsuits brought by children, through a parent, guardian, or advocacy organization, or personally upon turning 18 years of age, for the following forms of intentional (willful) sexual exploitation that are intended to target the child pornography industry:

-permitting, enticing or coercing a child to engage in a prohibited sexual act or in the simulation of such an act if the person knows, has reason to know or intends that the prohibited act may be photographed, filmed, reproduced, or reconstructed in any manner or may be part of an exhibition or performance;

-photographing or filming a child in a prohibited sexual act or in the simulation of such an act or who uses any device to reproduce or reconstruct the image of the child in a prohibited sexual act or in the simulation of such an act; or

-knowingly receiving, for the purpose of selling or knowingly selling, procuring, manufacturing, giving, providing, lending, trading, mailing, delivering, transferring, publishing, distributing, circulating, disseminating, presenting, exhibiting, advertising, offering or agreeing to offer any photograph, film, videotape or any other reproduction or reconstruction which depicts a child engaging in a prohibited sexual act or in the simulation of such an act. See P.L.1992, c.7, ss.2 and 3 (C.2A:30B-2 and 2A:30B-3).

As any such cause of action involves intentional action on the part of the personal abuser or organizational entity under which the

sexual exploitation occurs, it does not create any liability based on merely negligent acts resulting in abuse.

Section 4 - Child Victim: This section amends the Child Sexual Abuse Act, section 1 of P.L.1992, c.109 (C.2A:61B-1), to apply the new, extended statute of limitations period for child victims of abuse detailed in section 2 (suit must be filed by the 55th birthday, or within seven years of discovering the injury) to lawsuits filed against two specific categories of abusers: (1) the "active" abuser, being the person who inflicted the abuse; and (2) the "passive" abuser, being a "parent, resource family parent, guardian or other person standing in loco parentis" who "knowingly permits or acquiesces" to the abuse by an active abuser.  See Hardwicke v. American Boychoir Sch., 188 N.J. at 86.

Under the Child Sexual Abuse Act, the phrase "person standing in loco parentis" may provide for organizational liability for passive abuse, because the use of "person," per the definition set forth in R.S.1:1-2, includes private and public corporations (e.g., a county or municipality) as well as individuals.  See Hardwicke v. American Boychoir Sch., 188 N.J. at 91-93; J.H. v. Mercer County Youth Detention Ctr., 396 N.J. Super. 1, 10-12 (App. Div. 2007). However, under the Child Sexual Abuse Act as currently written, this "in loco parentis" liability (meaning in place of a parent, Black's Law Dictionary 787 (6th ed. 1990)) is limited, in that the organization's setting in which the abuse knowingly occurred must also be deemed to be a "household."  On this point, courts have determined a private, full-time boarding school and a county's full-time youth detention center to each be a "household" establishing liability, but determined that a public school is not a "household" based on the school's more limited, temporary custody and control of children only during school hours.  See American Boychoir Sch., 188 N.J. at 93-94 (discussing private boarding school); J.H. v. Mercer County Youth Detention Ctr., 396 N.J. Super. at 14-15 (discussing full-time detention center); D.M. v. River Dell Regional High Sch., 373 N.J. Super. 639, 649 (App. Div. 2004) (discussing public school).  The "household" limitation would be deleted by the bill, so that "passive" abuser liability could apply to any individual person, or private or public entity, who takes custody and control of children even on a limited, temporary basis, so long as this custody and control is sufficient to establish the person or entity as being "in loco parentis."

Both an "active" and "passive" abuser are subject to a knowing (willful) standard of liability, and therefore this section does not create any liability based on merely negligent acts resulting in abuse.  Also of note, a cause of action under this section based on the expanded liability against a "passive" abuser, removing the "household" setting as a requirement for liability, is not listed in section 2 or section 9 concerning the retroactive application of

6

certain newly created forms of liability to lawsuits brought under the new, extended statute of limitations or, as further detailed below, during a two-year filing window available for otherwise time-barred claims (see comments for those sections), and is intended to only apply prospectively.

Section 5 - Child and Adult Victims: This section amends the Charitable Immunity Act, section 1 of P.L.1959, c.90 (C.2A:53A-7), to add language to subsection c., indicating that non-profit organizations are expressly liable for willful, wanton or grossly negligent acts. This codifies what was already understood via case law since August 8, 2006 - that organizational charitable immunity only applies to protect organizations from lawsuits claiming injury based on merely negligent acts, not more aggravated forms of wrongful conduct, such as willful, wanton or grossly negligent acts. See Hardwicke v. American Boychoir Sch., 188 N.J. at 96-97 (2006). The added language may establish retroactive liability for lawsuits filed under the new, extended statute of limitations periods, or filed during the below described two-year filing window for otherwise time-barred claims, concerning abusive acts that occurred prior to August 8, 2006, as detailed in the comments provided for section 2 and section 9 of the bill.

Section 6 - Child Victim: This section amends an existing exception to the Charitable Immunity Act set forth in P.L.2005, c.264 (C.2A:53A-7.4 et seq.), making non-profit organizations liable for acts of mere negligence in the hiring, supervision, or retention of an employee, agent, or servant resulting in sexual abuse committed against a minor under the age of 18. This liability for simple negligence, when first enacted by P.L.2005, c.264, took effect on January 5, 2006, and applied prospectively only. See P.L.2005, c.264, s.2 (C.2A:53A-7.5). However, as amended by the bill (by adding subsection b.), organizational liability for an act of negligently hiring, supervising, or retaining a person resulting in abuse against a child could be applied retroactively in lawsuits filed under the new, extended statute of limitations period (suit must be filed by the 55th birthday, or within seven years of discovering the injury) or during the below described two-year window, per section 2 or section 9, respectively, for abuse occurring prior to the bill's effective date, which also means it could be applied retroactively to acts of abuse occurring prior to the effective date of P.L.2005, c.264 (January 5, 2006).

This retroactive expansion of organizational liability does not create any additional retroactive liability for trustees, directors, officers, employees, agents, servants, or volunteers, as these persons, who are not referenced in the relevant statutory provisions, are not intended to be subject to liability for acts of mere negligence in lawsuits concerning the hiring, supervision, or retention of an individual resulting in sexual abuse against a child. The standard

7

immunity for negligent acts provided to such persons by the Charitable Immunity Act, as amended in 1995 and earlier supplemented in 1987, as explained in the comments for section 2, is not pierced by the exception established in P.L.2005, c.264 (C.2A:53A-7.4 et seq.). Additionally, in any such lawsuit involving acts of sexual abuse that pre-date the statutory negligence immunity provided to such persons, such lawsuit would still only be permitted against the non-profit organization because the retroactively applied organizational liability of P.L.2005, c.264 would be the basis of the suit, and not any form of pre-statutory common law negligence liability.

Section 7 – Child and Adult Victims:  This section provides that the "New Jersey Tort Claims Act," N.J.S.59:1-1 et seq., or any other law, that may provide some form of governmental immunity from lawsuits based on injuries resulting from acts of sexual abuse are inapplicable, so that any public entity, as defined in the "New Jersey Tort Claims Act," may be held liable in any such suit in the same manner as a private organization.

Section 8 – Child and Adult Victims:  This section eliminates the "New Jersey Tort Claims Act" two-year statute of limitations period, set forth in N.J.S.59:8-8, for bringing a sexual abuse lawsuit against a public entity, as well as any of the act's procedural requirements, such as the 90-day period for filing notice of a claim of liability against a public entity for such lawsuits; the process of filing a lawsuit with service upon the liable public entity or entities would thus be the same as when suing a private organization. Public entities would also be subject, just like a private organization, to the new, extended statute of limitations periods for child and adult victims of abuse detailed in section 2 (child victim - suit must be filed by the 55th birthday, or within seven years of discovering the injury; adult victim – suit must be filed within seven years of discovering the injury).

Section 9 - Child and Adult Victims:  This section creates a two-year window for lawsuits to be filed for acts of sexual abuse that occurred prior to the bill's effective date which would otherwise be time-barred, even after applying (retroactively) the new, extended statute of limitations period for child and adult victims of abuse detailed in section 2 (child victim - suit must be filed by the 55th birthday, or within seven years of discovering the injury; adult victim – suit must be filed within seven years of discovering the injury).

The same retroactive application of the amended Charitable Immunity Act, per section 5, and the amended charitable immunity exception based upon the negligent hiring, supervision, or retention of a person resulting in abuse, per section 6, that would apply to lawsuits

8

filed during any applicable extended statute of limitations period would also apply to child and adult victim suits filed during the two-year window established by this section (see comments on retroactivity under section 2, section 5, and section 6).

As with lawsuits filed in accordance with any applicable statute of limitations pursuant to section 2, suits otherwise time-barred that were filed during the two-year window could not proceed as a class action, due to the particular circumstances unique to each person's abuse, and privately negotiated settlements on a class basis concerning abuse claims that could be brought during the two-year window would be void and unenforceable.

Section 10 - Effective Date: The effective date section provides that the bill would take effect on December 1, 2019, and beginning on that date lawsuits could be filed in accordance with the bill's provisions, as described above.

# EXHIBIT D

## *2018 N.J. S.N. 477*

Enacted, May 13, 2019

**Reporter**
2019 N.J. ALS 120; 2019 N.J. Laws 120; 2019 N.J. Ch. 120; 2018 N.J. S.N. 477

**NEW JERSEY ADVANCE LEGISLATIVE SERVICE > NEW JERSEY 218TH LEGISLATURE - SECOND REGULAR SESSION > P.L. 2019, CHAPTER 120 > SENATE, NO. 477**

# Synopsis

An Act concerning certain civil actions, and amending and supplementing various parts of the statutory law.

# Text

*Be It Enacted by the Senate and General Assembly of the State of New Jersey:*

**1.** N.J.S.N.J. Stat. § *2A:14-2* is amended to read as follows:

   **Actions for injury caused by wrongful act, appointment of guardian ad litem.**

   2A:14-2

   **a.** Except as otherwise provided by law, every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued; except that an action by or on behalf of a minor that has accrued for medical malpractice for injuries sustained at birth shall be commenced prior to the minor's 13th birthday.

   **b.** In the event that an action by or on behalf of a minor that has accrued for medical malpractice for injuries sustained at birth is not commenced by the minor's parent or guardian prior to the minor's 12th birthday, the minor or a person 18 years of age or older designated by the minor to act on the minor's behalf may commence such an action. For this purpose, the minor or designated person may petition the court for the appointment of a guardian ad litem to act on the minor's behalf.

   **C.2A:14-2a Statute of limitations for action at law resulting from certain sexual crimes against a minor**

   2.a.

   **(1)** Every action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of *P.L.1992, c.7* (*C.2A:30B-2*), or sexual abuse as defined in section 1 of *P.L.1992, c.109* (*C.2A:61B-1*) against a minor under the age of 18 that occurred prior to, on or after the effective date of *P.L.2019, c.120* (*C.2A:14-2a* et al.) shall be commenced within 37 years after the minor reaches the age of majority, or within seven years from the date of reasonable discovery of the injury and its causal relationship to the act, whichever date is later.

   **(2)** To the extent applicable, any action for an injury that occurred prior to the effective date of *P.L.2019, c.120* (*C.2A:14-2a* et al.) shall be subject to the provisions of subsection c. of section 1

of P.L.1959, c.90 (*C.2A:53A-7*) and *P.L.2005, c.264* (*C.2A:53A-7.4* et seq.), as amended by *P.L.2019, c.120* (*C.2A:14-2a* et al.).

**b.**

**(1)** Every action at law for an injury resulting from the commission of sexual assault or any other crime of a sexual nature against a person 18 years of age or older that occurred prior to, on or after the effective date of *P.L.2019, c.120* (*C.2A:14-2a* et al.) shall be commenced within seven years from the date of reasonable discovery of the injury and its causal relationship to the act.

**(2)** To the extent applicable, any action for an injury that occurred prior to the effective date of *P.L.2019, c.120* (*C.2A:14-2a* et al.) shall be subject to the provisions of subsection c. of section 1 of P.L.1959, c.90 (*C.2A:53A-7*), as amended by *P.L.2019, c.120* (*C.2A:14-2a* et al.).

Nothing in this section is intended to preclude the court from finding that the statute of limitations was tolled in an action because of the plaintiff's mental state, physical or mental disability, duress by the defendant, or any other equitable grounds. Such a finding shall be made after a plenary hearing. The court may order an independent psychiatric evaluation of the plaintiff in order to assist in the determination as to whether the statute of limitations was tolled.

**c.**

**(1)** Every action at law for an injury that is commenced pursuant to this section shall proceed on an individual basis, and not proceed on behalf of a class in a class action, due to the particular circumstances, source of injury and its discovery, and damages relating to each occurrence or occurrences of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of *P.L.1992, c.7* (*C.2A:30B-2*), or sexual abuse as defined in section 1 of *P.L.1992, c.109* (*C.2A:61B-1*) against either a minor under the age of 18 or a person 18 years of age or older.

**(2)** Any private, contractual arrangement intending to settle claims for occurrences described in paragraph (1) of this subsection on a class basis is against public policy and shall be void and unenforceable.

**3.** Section 6 of *P.L.1992, c.7* (N.J. Stat. § *2A:30B-6*) is amended to read as follows:

**C.2A:30B-6 Commencement of action**

**6.** In any action for injury based on *P.L.1992, c.7* (*C.2A:30B-1* et seq.), the cause of action shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act. The action shall be subject to the statute of limitations set forth in section 2 of *P.L.2019, c.120* (*C.2A:14-2a*).

**4.** Section 1 of *P.L.1992, c.109* (N.J. Stat. § *2A:61B-1*) is amended to read as follows:

**C.2A:61B-1 Definitions; accrual of actions; proceedings**

**1.a.** As used in this act:

**(1)** "Sexual abuse" means an act of sexual contact or sexual penetration between a child under the age of 18 years and an adult. A parent, resource family parent, guardian or other person standing in loco parentis who knowingly permits or acquiesces in sexual abuse by any other person also commits sexual abuse, except that it is an affirmative defense if the parent, resource family parent, guardian or other person standing in loco parentis was subjected to, or placed in, reasonable fear of physical or sexual abuse by the other person so as to undermine the person's ability to protect the child.

**(2)** "Sexual contact" means an intentional touching by the victim or actor, either directly or through clothing, of the victim's or actor's intimate parts for the purpose of sexually arousing or sexually

2018 N.J. S.N. 477

gratifying the actor. Sexual contact of the adult with himself must be in view of the victim whom the adult knows to be present.

**(3)** "Sexual penetration" means vaginal intercourse, cunnilingus, fellatio or anal intercourse between persons or insertion of the hand, finger or object into the anus or vagina either by the adult or upon the adult's instruction.

**(4)** "Intimate parts" means the following body parts: sexual organs, genital area, anal area, inner thigh, groin, buttock or breast of a person.

**(5)** "Injury or illness" includes psychological injury or illness, whether or not accompanied by physical injury or illness.

**b.** In any civil action for injury or illness based on sexual abuse, the cause of action shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse. Any such action shall be subject to the statute of limitations set forth in section 2 of *P.L.2019, c.120* (*C.2A:14-2a*).

**c.** (Deleted by amendment, *P.L.2019, c.120*)

**d.**

**(1)** Evidence of the victim's previous sexual conduct shall not be admitted nor reference made to it in the presence of a jury except as provided in this subsection. When the defendant seeks to admit such evidence for any purpose, the defendant must apply for an order of the court before the trial or preliminary hearing, except that the court may allow the motion to be made during trial if the court determines that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence. After the application is made, the court shall conduct a hearing in camera to determine the admissibility of the evidence. If the court finds that evidence offered by the defendant regarding the sexual conduct of the victim is relevant and that the probative value of the evidence offered is not outweighed by its collateral nature or by the probability that its admission will create undue prejudice, confusion of the issues, or unwarranted invasion of the privacy of the victim, the court shall enter an order setting forth with specificity what evidence may be introduced and the nature of the questions which shall be permitted, and the reasons why the court finds that such evidence satisfies the standards contained in this section. The defendant may then offer evidence under the order of the court.

**(2)** In the absence of clear and convincing proof to the contrary, evidence of the victim's sexual conduct occurring more than one year before the date of the offense charged is presumed to be inadmissible under this section.

**(3)** Evidence of the victim's previous sexual conduct shall not be considered relevant unless it is material to proving that the source of semen, pregnancy or disease is a person other than the defendant. For the purposes of this subsection, "sexual conduct" shall mean any conduct or behavior relating to sexual activities of the victim, including but not limited to previous or subsequent experience of sexual penetration or sexual contact, use of contraceptives, living arrangement and life style.

**e.**

**(1)** The court may, on motion and after conducting a hearing in camera, order the taking of the testimony of a victim on closed circuit television at the trial, out of the view of the jury, defendant, or spectators upon making findings as provided in paragraph (2) of this subsection.

**(2)** An order under this section may be made only if the court finds that the victim is 16 years of age or younger and that there is a substantial likelihood that the victim would suffer severe emotional or mental distress if required to testify in open court. The order shall be specific as to whether the victim will testify outside the presence of spectators, the defendant, the jury, or all of them and shall be based on specific findings relating to the impact of the presence of each.

2018 N.J. S.N. 477

(3) A motion seeking closed circuit testimony under paragraph (1) of this subsection may be filed by:

    (a) The victim or the victim's attorney, parent or legal guardian;

    (b) The defendant or the defendant's counsel; or

    (c) The trial judge on the judge's own motion.

(4) The defendant's counsel shall be present at the taking of testimony in camera. If the defendant is not present, he and his attorney shall be able to confer privately with each other during the testimony by a separate audio system.

(5) If testimony is taken on closed circuit television pursuant to the provisions of this act, a stenographic recording of that testimony shall also be required. A typewritten transcript of that testimony shall be included in the record on appeal. The closed circuit testimony itself shall not constitute part of the record on appeal except on motion for good cause shown.

**f.**

(1) The name, address, and identity of a victim or a defendant shall not appear on the complaint or any other public record as defined in P.L.1963, c.73 (*C.47:1A-1* et seq.). In their place initials or a fictitious name shall appear.

(2) Any report, statement, photograph, court document, complaint or any other public record which states the name, address and identity of a victim shall be confidential and unavailable to the public.

(3) The information described in this subsection shall remain confidential and unavailable to the public unless the victim consents to the disclosure or if the court, after a hearing, determines that good cause exists for the disclosure. The hearing shall be held after notice has been made to the victim and to the defendant and the defendant's counsel.

(4) Nothing contained herein shall prohibit the court from imposing further restrictions with regard to the disclosure of the name, address, and identity of the victim when it deems it necessary to prevent trauma or stigma to the victim.

**g.** In accordance with R.*5:3-2* of the Rules Governing the Courts of the State of New Jersey, the court may, on its own or a party's motion, direct that any proceeding or portion of a proceeding involving a victim sixteen years of age or younger be conducted in camera.

**h.** A plaintiff who prevails in a civil action pursuant to this act shall be awarded damages in the amount of $10,000, plus reasonable attorney's fees, or actual damages, whichever is greater. Actual damages shall consist of compensatory and punitive damages and costs of suit, including reasonable attorney's fees. Compensatory damages may include, but are not limited to, damages for pain and suffering, medical expenses, emotional trauma, diminished childhood, diminished enjoyment of life, costs of counseling, and lost wages.


**5.** Section 1 of P.L.1959, c.90 (N.J. Stat. § *2A:53A-7*) is amended to read as follows:

**C.2A:53A-7 Immunity from liability for negligence**

**1.a.** No nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes or its trustees, directors, officers, employees, agents, servants or volunteers shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association.

2018 N.J. S.N. 477

Nothing in this subsection shall be deemed to grant immunity to any health care provider, in the practice of his profession, who is a compensated employee, agent or servant of any nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes.

**b.** No nonprofit corporation, society or association organized exclusively for hospital purposes or its trustees, directors, officers or volunteers shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association; but nothing herein contained shall be deemed to exempt the agent, employee or servant individually from their liability for any such negligence.

**c.** Nothing in this section shall be deemed to grant immunity to: (1) any nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes, or its trustee, director, officer, employee, agent, servant or volunteer, causing damage by a willful, wanton or grossly negligent act of commission or omission, including sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of _P.L.1992, c.7_ (_C.2A:30B-2_), or sexual abuse as defined in section 1 of _P.L.1992, c.109_ (_C.2A:61B-1_); (2) any trustee, director, officer, employee, agent, servant or volunteer causing damage as the result of the negligent operation of a motor vehicle; or (3) an independent contractor of a nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes.

**6.** Section 2 of _P.L.2005, c.264_ (N.J. Stat. § _2A:53A-7.5_) is amended to read as follows:

**C.2A:53A-7.5 Application of act**

**2.a.** The provisions of this supplementary act, _P.L.2005, c.264_ (_C.2A:53A-7.4_ et seq.), shall apply prospectively and also shall be applicable to all civil actions for which the statute of limitations has not expired as of the effective date of this act, and subsequently, not expired as of the effective date of _P.L.2019, c.120_ (_C.2A:14-2a_ et al.), including the statute of limitations set forth in N.J.S._2A:14-2_, section 2 of _P.L.2019, c.120_ (_C.2A:14-2a_), section 1 of P.L.1964, c.214 (_C.2A:14-2.1_), or any other statute. These applicable actions include but are not limited to matters filed with a court that have not yet been dismissed or finally adjudicated as of the effective date of this act or _P.L.2019, c.120_ (_C.2A:14-2a_ et al.).

**b.** Notwithstanding the provisions of subsection a. of this section, the provisions of _P.L.2005, c.264_ (_C.2A:53A-7.4_ et seq.) shall apply to all civil actions for an injury resulting from an act that occurred prior to the effective date of _P.L.2019, c.120_ (_C.2A:14-2a_ et al.), and these actions shall be subject to the statute of limitations set forth in section 2 of _P.L.2019, c.120_ (_C.2A:14-2a_).

**C.59:2-1.3 Liability for public entity**

**7.** Notwithstanding any other provision of law to the contrary, including but not limited to the "New Jersey Tort Claims Act," N.J.S._59:1-1_ et seq., a public entity is liable in an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of _P.L.1992, c.7_ (_C.2A:30B-2_), or sexual abuse as defined in section 1 of _P.L.1992, c.109_ (_C.2A:61B-1_).

**8.** N.J.S.N.J. Stat. § _59:8-3_ is amended to read as follows:

2018 N.J. S.N. 477

**Claims for damages against public entities; inapplicability.**

**59:8-3**

Claims for damages against public entities. a. Except as otherwise provided in this section, no action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter.

**b.** The procedural requirements of this chapter shall not apply to an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of *P.L.1992, c.7* (*C.2A:30B-2*), or sexual abuse as defined in section 1 of *P.L.1992, c.109* (*C.2A:61B-1*).

**C.2A:14-2b Commencement of actions regardless of statute of limitations**

**9.a.** Notwithstanding the statute of limitations provisions of N.J.S.*2A:14-2*, section 2 of *P.L.2019, c.120* (*C.2A:14-2a*), section 1 of P.L.1964, c.214 (*C.2A:14-2.1*), or any other statute, an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of *P.L.1992, c.7* (*C.2A:30B-2*), or sexual abuse as defined in section 1 of *P.L.1992, c.109* (*C.2A:61B-1*), that occurred prior to the effective date of *P.L.2019, c.120* (*C.2A:14-2a* et al.), and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date.

**b.** To the extent applicable, any action brought during the two-year period pursuant to subsection a. of this section shall be subject to the provisions of subsection c. of section 1 of P.L.1959, c.90 (*C.2A:53A-7*) and *P.L.2005, c.264* (*C.2A:53A-7.4* et seq.), as amended by *P.L.2019, c.120* (*C.2A:14-2a* et al.).

**c.**

**(1)** Every action at law for an injury that is commenced pursuant to this section shall proceed on an individual basis, and not proceed on behalf of a class in a class action, due to the particular circumstances, source of injury and its discovery, and damages relating to each occurrence or occurrences of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of *P.L.1992, c.7* (*C.2A:30B-2*), or sexual abuse as defined in section 1 of *P.L.1992, c.109* (*C.2A:61B-1*) against either a minor under the age of 18 or a person 18 years of age or older.

**(2)** Any private, contractual arrangement intending to settle claims for occurrences described in paragraph (1) of this subsection on a class basis is against public policy and shall be void and unenforceable.

**C.2A:14-2c Effective date**

**10.** The provisions of this amendatory and supplementary act, *P.L.2019, c.120* (*C.2A:14-2a* et al.), shall take effect on December 1, 2019. These provisions shall be inapplicable to any civil action governed solely by the statute of limitations of another jurisdiction.

# History

Approved by the Governor May 13, 2019

Effective date: December 1, 2019

2018 N.J. S.N. 477

## Sponsor

Vitale

NEW JERSEY ADVANCE LEGISLATIVE SERVICE
Copyright © 2021 LexisNexis. All rights reserved.

**End of Document**