## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE, on behalf of JOHN DOE, her minor child, | Hon. Joseph H. Rodriguez, U.S.D.J.<br>Hon Sharon A. King, U.S.M.J. |
| *Plaintiff*, | Docket No. 1:21-cv-11189-JHR-SAK |
| v. | CIVIL ACTION |
| MARTY SMALL, SR., in his official capacity as Mayor of Atlantic City, New Jersey, and individually, *et al.*, | DOCUMENT FILED ELECTRONICALLY |
| *Defendants*. | |

**BRIEF OF PLAINTIFF IN OPPOSITION TO DEFENDANT LA'QUETTA SMALL'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**AND**

**BRIEF OF PLAINTIFF IN OPPOSITION TO DEFENDANTS ATLANTIC CITY BOARD OF EDUCATION'S, PAUL A. SPAVENTA'S, AND BARRY CALDWELL'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**ON THE BRIEF:**

John A. Fonte, Esquire
Attorney ID No.: 207102016
**LENTO LAW GROUP, P.C.**
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(856) 652-2000 (Office)
(856) 375-1010 (Fax)

*Attorneys for Plaintiff,*
*JANE DOE, on behalf of*
*JOHN DOE, a minor*

## **TABLE OF CONTENTS**

(Because attorney on the brief, John A. Fonte, Esq., appeared in this matter as of the afternoon today, October 4, 2021, said attorney regretfully will need to supply a table of contents and table of authorities after the due date for the opposition brief filing. Nevertheless, the opposition brief may be found hereunder)

## **TABLE OF AUTHORITIES**

(Because attorney on the brief, John A. Fonte, Esq., appeared in this matter as of the afternoon today, October 4, 2021, said attorney regretfully will need to supply a table of contents and table of authorities after the due date for the opposition brief filing. Nevertheless, the opposition brief may be found hereunder).

## I.    PRELIMINARY STATEMENT

Defendant-Movant, La'Quetta Small (hereinafter, "Defendant Small"), seeks to dismiss all claims against her in the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] Specifically, Defendant Small seeks to dismiss the following claims with prejudice: Count I (Violations of Title IX); Count II (Violation of 42 U.S.C. § 1983 based upon a theory of a failure to intervene, investigate, and protect from attack); Count III (Violation of 42 U.S.C. § 1983 based upon a theory of failure to train and supervise); Count V (Common law negligence); Count VI (Gross negligence and/or recklessness); Count VIII (Intentional infliction of emotional distress); Count IX (Violation of the New Jersey Child Sex Abuse Act, N.J.S.A. § 2A:61-1B); and the claim of punitive damages against her. Finally, Defendant Small also seeks to disclaim liability upon an assertion of qualified immunity.

As set forth more fully below, Defendant Small's motion must fail as a matter of law as to all arguments asserted. At all times relevant, Defendant Small served as the Principal for Pennsylvania Avenue School ("PAS"), a school within the Atlantic City School District and under the authority of the Atlantic City Board of Education. Amended Complaint (ECF No. 32) (hereinafter abbreviated as "Am. Compl."), ¶ 8. Contrary to Defendant Small's assertions, Plaintiff *did* adequately plead Defendant Small's involvement in the subject series of events that caused Plaintiff's son to be sexually abused, and Defendant Small's deliberate indifference forms the legal basis of liability against her. It is this outrageous conduct of a public official that nullifies qualified immunity in the interest of justice, thus permitting Plaintiff to move forward with her claims to make her whole again. Simply put, Defendant Small's assertion that "there are no facts pled that

---

[1] This Motion has been filed contemporaneously with a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) filed by co-Defendants, Atlantic City Board of Education, former Superintendent Paul A. Spaventa, and current Superintendent Barry Caldwell. Even though this motion is in the context of opposing Defendant Small's motion, because many of the arguments overlap between the two motions, Plaintiff hereby submits this opposition brief in opposition of BOTH motions to dismiss.

1

Ms. Small's conduct failed to comport with that of a reasonable educator in like circumstances to make her liable for alleged negligence under any theory presented" (Defendant Small's Brief, p. 30) is wholly false.

Rather, Defendant Small has failed to meet her burden as the moving party to establish that the facts, as they have been pleaded, do not support causes of action to the point of at least facial plausibility. When accepting all of the allegations set forth in the Amended Complaint as true, and with all reasonable inferences drawn therefrom, this Court must deny the instant motion as a matter of law. In the alternative, should this Court be inclined to grant Defendant Small's motion, it is respectfully requested that Plaintiff be granted a period of leave to amend the Complaint in order to cure any factual defects that may otherwise warrant dismissal.

## II.    STATEMENT OF FACTS

For the sake of brevity for the Court's benefit, Plaintiff will refrain from reciting a Statement of Facts and instead will direct this Honorable Court to the facts asserted in Plaintiff's Amended Complaint (ECF No. 32).

## III.    STANDARD OF REVIEW

The heightened standard of review for a Motion to Dismiss for Failure to State a Claim should guide this Court to denying Defendant La'Quetta Small's motion in its entirety.

A Complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complainant has failed "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Shreidan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27 (3d Cir. 2010); *Glenside W. Corp. v. Exxon Co.,*

2

*U.S.A.*, 761 F.Supp. 1100, 1107 (D.N.J. 1991) (requiring a district court to accept "any and all reasonable inferences" derived from the facts pleaded); *Gutman v. Howard Savings Bank*, 749 F.Supp. 254, 260 (D.N.J. 1990) (same).

In other words, a detailed pleading is not generally required; rather, the Federal Rules merely require "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id.* (internal quotes omitted); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Given this lenient standard, a complain should be dismissed only if, after accepting all of plaintiff's allegations and the reasonable inferences to be drawn from them, that no relief could be granted under any set of facts to be proved. *Watts v. Internal Rev. Serv.*, 925 F.Supp. 271, 275 (D.N.J. 1996). Likewise, it is only in the event that a pleading has failed to show more than a sheer possibility that the defendant acted unlawfully that a complaint should be dismissed under 12(b)(6). As such, a 12(b)(6) motion must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

In the event where a plaintiff has failed to make facially plausible claims against a defendant – in lieu of dismissal of the complaint – a District Court should nonetheless give the plaintiff a "reasonable opportunity to cure the defect, if he can, by amendment of the complaint[,] and that denial of an application for leave to amend under these circumstances is an abuse of discretion." *Darr v. Wolfe*, 767 F.2d 79, 81 (3d Cir. 1985) (permitting a plaintiff to amend his complaint alleging civil rights violations under 42 U.S.C. § 1983). Leave to amend a pleading "shall be freely given when justice so requires[.]" Fed. R. Civ. P. 15(a). The only available reasons to deny leave to amend are "undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). As to futility, leave to amend

3

can only be denied as part of a 12(b)(6) dismissal if the amendment would not cure the deficiency. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *In re Burlington*, 114 F.3d at 1434. Notably, a plaintiff is not affirmatively required to seek leave to amend in such cases in order to be afforded such curative relief. *See Shane*, 213 F.3d at 116; *District Council 47 v. Bradley*, 795 F.2d 310, 316 (3d Cir. 1986).

## IV.   <u>LEGAL ARGUMENT</u>

Defendant Small's motion must be dismissed as to all arguments set forth in Defendant Small's brief.

Specifically, Count II must not be dismissed as Plaintiff has asserted that Defendant Small made zero effort to intervene and protect Plaintiff's son from sexual attack, including a failure to timely enforce the Atlantic City School District's own anti-harassment policy. *See* Am. Comp., ¶¶ 103-06.

Likewise, as principal of the subject school, it is Defendant Small's responsibility to oversee the continuing enforcement of policies, along with overseeing training of faculty and staff to employ said policies as well. However, as Plaintiff had pleaded, all Atlantic City School District Defendants – including Defendant Small – had failed to take any action to supervise and enforce these policies in a way that otherwise may have mitigated or outright prevented the sexual abuse of Plaintiff's son. *See* Am. Compl., ¶¶ 130-34. Thus, Count III must be maintained against Defendant Small.

For Count V, there is no dispute that school employees – especially Defendant Small as the principal – have a duty of care to the students of that school. The facts of breach of that duty, which resulted in harm to Plaintiff's son, have been well-pleaded. Moreover, a theory of premises liability must be maintained against Defendant Small because she knew or should have known that the repeated abuses by co-Defendant Kayan Frazier occurred at her home.

4

The same arguments to maintain Count V also apply to Count VI – gross negligence and recklessness – against Defendant Small. The degree of gross negligence or recklessness is a question of fact, which would be developed throughout litigation; rather, Plaintiff had adequately pleaded the degree of gross negligence based on the facts throughout the Amended Complaint, making dismissal of Count VI inappropriate.

The claim of intentional infliction of emotional distress against Plaintiff's son is maintained because Defendant Small's intentional actions to refuse initiating an investigation in a timely manner is unjustified and shocking. Accordingly, Count VIII must not be dismissed.

As to the final claim – violations of the New Jersey Child Sex Abuse Act, <u>N.J.S.A.</u> § 2A:16B-1 (Count IX) – it is respectfully requested that this Court employ equitable remedies in light of the well-plead facts that this cause of action move forward not withstanding the non-retroactive application of the statute's amendment.

Finally, questions of whether punitive damages may be raised against Defendant Small in her individual capacity, or if qualified immunity applies to her individual liability, is a question of fact that is inappropriate to be adjudicated at this early stage of litigation. Rather, the Court's review is limited to whether or not Plaintiff adequately alleged facts to support a cause of action against Defendant Small that provides punitive damages as an available remedy. Quite simply: Plaintiff submits that she has satisfied this low threshold standard.

**A. PLAINTIFF HAS SUFFICIENTLY PLEADED FACTS THAT ESTABLISH A FAILURE TO INTERVENE CLAIM (COUNT II) AND FAILURE TO TRAIN & SUPERVISE CLAIM (COUNT III) AGAINST DEFENDANT LA'QUETTA SMALL, IN VIOLATION OF 42 U.S.C. § 1983.**

Plaintiff has sufficiently pleaded facts to maintain Count II and Count III against Defendant Small, both in her official capacity and individual capacity. Accordingly, the request dismissal of this cause of action under Rule 12(b)(6) must be denied.

Both Count II and Count III are constitutional claims under 42 U.S.C. § 1983. Under this

statute, any person who subjects a citizen to a deprivation of rights, privileges, or immunities under color of any law shall be liable to the party injured. Stated more succinctly, to establish a § 1983 claim, a plaintiff must prove that the "defendants acted under color of state law and deprived him of a well-established federal constitutional or statutory right." *Bayer v. Twp. of Union*, 414 N.J. Super. 239, 261 (App. Div. 2010) (quoting *Wildoner v. Borough of Ramsey*, 162 N.J. 375, 385 (2000)).

In establishing the cause of the constitutional violation suffered, a plaintiff must first satisfy two tasks. Ordinarily, the first task in any § 1983 action is to identify the state actor, "the person acting under color of law," that has caused the alleged deprivation. *Rivkin v. Dover Twp. Rent Leveling Bd.*, 143 N.J. 352, 363 (1996) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). The second task is to identify a right, privilege, or immunity secured to the claimant by the Constitution or other federal laws of the United States. "§ 1983 'is not itself a source of substantive rights,' but merely provides 'a method of vindicating federal rights elsewhere conferred[.] […] We must therefore first identify the specific constitutional rights allegedly infringed." *Rivkin*, 143 N.J. at 363 (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)); *see also Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997).

The right, privilege, or immunity alleged to have been infringed must be a matter of public concern. *Pickering v. Bd. of Educ.*, 391 U.S. 563, 574 (1968). To be deemed a matter of public concern, a court must balance and inquire into whether the interests of the employees and the public are outweighed by the government. *Connick v. Myers*, 461 U.S. 138, 146-47 (1983) (contrasting matters of public concern with internal office affairs, such as personnel disputes and employee grievances).

Here, the constitutional right of Plaintiff's minor son that was infringed was his Fourteenth Amendment substantive due process right to life. *See* Am. Compl. ¶ 100 (under the Fourteenth

6

Amendment, "John Doe had the right as a public-school student to personal security, bodily integrity, and equal protection under the law").

From there, Plaintiff asserted three separate theories of official and individual liability against Defendant Small that resulted in this constitutional deprivation: (1) Defendant Small's failure to intervene, investigate, and enforce the Atlantic City School District's anti-harassment policy (despite having a clear duty to do so) (¶¶ 103-06); (2) affirmatively made policy enforcement decisions that resulted in endangering Plaintiff's son and other students (¶ 110); and (3) under Count III (*see* section IV.B., *infra*), egregiously failed to take any action to supervise and train personnel underneath her as principal to enforce the same relevant policies (*see* ¶¶ 128-134). These three theories make Defendant Small liable in both her official capacity as a state actor as well as in her individual capacity under § 1983.

### 1.    Defendant Small's Liability in her Official Capacity under § 1983.

§ 1983 claims asserted against Defendant Small in her official capacity may survive a 12(b)(6) motion as it is unclear to what extent the claims and legal theories are indeed duplicative of those against the other governmental defendants. As such, dismissing the claims against her in her official capacity would be premature at this time.

A government official may be sued in both her official and individual capacities. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In an official capacity, the government actor is an extension of the governmental entity itself, which means that the entity – not the actor individually – is the real party in interest. *Id.*

Here, Defendant Small does not argue the merits of the claims against her in her official capacity. Rather, the argument that is posed is that because liability against a government actor-defendant in her official capacity is tantamount to liability against the public entity itself, it should be dismissed as "needlessly duplicative" (Defendant Small's Brief, p. 14). This legal conclusion

is overbroad. Rather, the cited authority for this argument states: "[W]here claims against an officer in his official capacity are duplicative of claims against the municipality, those claims are properly dismissed." *Janowski v. City of Wildwood*, 259 F. Supp. 3d 113, 131 (D.N.J. 2017).

Whether or not it is true that the facts supporting the claims against Defendant Small in her official capacity are indeed entirely duplicative of the facts supporting the claims against the other governmental Defendants is a question of fact that should not be disposed of as a matter of law at this early stage of litigation. If this Court is inclined to deem the allegations as entirely redundant, then it is respectfully requested that this Court dismiss Counts II and III against Defendant Small in her official capacity without prejudice, in the event that facts that support a new theory of § 1983 liability arise in discovery.

### 2. Defendant Small's Liability in her Individual/Personal Capacity under § 1983 Based upon a Legal Theory of Failure to Investigate and Intervene.

The substantive arguments posed by Defendant Small pertain to her § 1983 liability in her individual capacity. It is submitted that these facts have been adequately pleaded by Plaintiff.

A government actor's official liability is contrasted with her individual capacity. *Hafer* summarizes the distinction:

> Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, "[o]n the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." [*Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985)]. While the plaintiff in a personal-capacity suit need not establish a connection to governmental "policy or custom," officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law. *Id.* at 166–167, 105 S.Ct., at 3105–3106.

*Hafer*, 502 U.S. at 25; 112 S.Ct. at 362. The direct connection by the literal person and the deprivation of rights is the key to personal liability. *Cf. Berry v. Leslie*, 767 F.3d 1144 (11th Cir.

2014) (noting that for personal liability, the actor must somehow been personally involved in the subject deprivation of rights).

Here, Defendant Small's deliberately, indifferently, and without rationale or justification, failed to intervene and stop a sexual predator from continued contact with young children, including Plaintiff's son. In fact, in 2016, Defendant Small had direct knowledge that the subject perpetrator – her cousin Kayan Frazier – was having Plaintiff's son spend overnight visits with him.  Am. Comp., ¶ 70. Did Defendant Small immediately investigate Kayan Frazier as an employee under her authority as his superior? No, she did not. However, she did know that Kayan was unsafe, since instead of investigating him, she only protected her own and prohibited her son from continuing to see Kayan Frazier and Plaintiff's son. Am. Compl., ¶ 72. Did she inform Plaintiff as to why she abruptly made this decision? A reasonable inference can be made based on the allegations that Defendant Small did not, in fact, do that. Instead, she continued to let Plaintiff's son spend time with the sexual predator in her own house, on multiple occasions. Am. Comp., ¶ 77.

It was not until nearly a whole year later – nearly a year of continued sexual abuse and destruction of Plaintiff's son's youth – that Defendant Small employed her power to investigate. Am. Compl., ¶ 73.

Overall, Defendant Small's contention that there are no facts pleaded to show that Defendant Small had "any personal involvement" in depriving Plaintiff's son of his constitutional protections is simply false. With accepting all allegations as true, and with all reasonable inferences made in the light most favorable to Plaintiff, Plaintiff has more than satisfied the lenient pleading standard of *Twombly*, *supra*. Accordingly, it is respectfully requested that this motion be denied.

3.     **Defendant Small's Liability in her Individual/Personal Capacity under § 1983 Based upon a Legal Theory of Failure to Supervise and Train.**

The second legal theory to support § 1983 liability against Defendant Small in her individual capacity is laid forth in Count III. It is submitted that this Count, along with all allegations leading up to Count III, sufficiently plead a claim against Defendant Small.

A state official may be held responsible under § 1983 for failing to exercise supervisory authority, if that official has exhibited deliberate indifference to the plight of the person deprived. *See Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989). To succeed in a failure to supervise claim, the plaintiff must show (1) a specific supervisory practice that the defendant failed to employ; (2) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents; and (3) circumstances under which the supervisor's inaction could be found to have communicated a message of approval. *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997).

Defendant Small's actions in her individual capacity satisfy all three prongs here. As to the second prong first, Defendant Small had contemporaneous knowledge of Kayan Frazier's propensity to exercise sexual predation of minors. Just how "contemporaneous" this knowledge was, or to what extent Defendant Small knew of Kayan Frazier's actions, are all questions of fact to be explored in discovery; Defendant Small appears to expect Plaintiff to know and plead exact details now. That is not the standard of review that governs the instant motion.

As to the first prong, Count III goes in detail about the subject supervisory practice, including the paradoxical nature of requiring someone with knowledge to investigate incidents, but the only way to get such knowledge is to do an investigation. Am. Compl. ¶¶ 123-24. Defendant Small argues that this detail establishes liability against those who make such policies, and because she as principal is not one of those people, she is somehow absolved of all liability. To paraphrase Defendant Small's argument more colloquially: Defendant Small says she cannot possibly be liable for having a known sexual predator walk the hallways of an elementary school

because it is not her problem that the policies regarding investigating inappropriate sexual conduct are so poorly written. This argument actually does Plaintiff a favor in establishing just how shocking the conscience is with respect to Defendant Small's conduct.

To the contrary, it is reasonable to expect Defendant Small, as the principal of the subject school, to employ and enforce conduct of faculty that would be consistent with the protection of the minor-students. It is further reasonable to expect her as principal to not only supervise existing faculty in this regard to ensure that the students are actually protected, as well as to train new employees, like Kayan Frazier, to look out and report on abusive or other inappropriate conduct.

In summary, the facts pleaded establish that Defendant Small did none of these things despite being principal. This complete inaction demonstrates a communication of approval, thus satisfying all three prongs of the individual capacity liability test as set forth under *Bonenberger*, *supra*. Accordingly, the motion must be denied as to Count III.

### 4. Defendant Small's Liability in her Individual/Personal Capacity under § 1983 Based upon a Legal Theory of State-Created Danger.

The third and final legal theory posits that Defendant Small's actions created a danger that resulted in private harm to Plaintiff's son. *See* Am. Compl. ¶¶ 110, 130. This legal theory has been adequately pleaded, and therefore, the motion must be dismissed as to this theory.

Namely, the state-created danger theory is an exception to the general rule that a municipality is not liable for the private harms of its citizens. *Henry v. City of Erie*, 728 F.3d 275, 286 (3d Cir. 2013). Defendant Small argues that this theory is inapplicable, since at all times relevant, Kayan Frazier was acting under color of law.

Again, this is not what was pleaded. There were numerous occasions that Kayan Frazier deviated from his scope of employment and continued heinous activities in private, including the privacy of Defendant Small's own home. While the distinction is admittedly important, Defendant Small inappropriately takes it a step further and suggests that *nothing* beyond Kayan Frazier's

11

scope of public employment can inure liability against her. If this were true, then obviously the state-created danger theory would not exist. To the contrary, Defendant Small's knowledge of the abusive conduct, but her decision not to act in any way, created a danger that Plaintiff's son fell victim to – a danger that Defendant Small could have taken efforts to prevent or at least mitigate. Again, all that is required at this stage of litigation is whether the legal theory was adequately pleaded. This has been done, and therefore, the motion must be denied as to this legal theory.

**B.     PLAINTIFF HAS SUFFICIENTLY PLEADED FACTS THAT SUPPORT EACH ELEMENT OF NEGLIGENCE (COUNT V) AND GROSS NEGLIGENCE / RECKLESSNESS (COUNT VI) AGAINST DEFENDANT LA'QUETTA SMALL.**

Plaintiff has sufficiently pleaded all elements of common law negligence against Defendant Small as well as gross negligence, as well as facts to support those elements.

Negligence is governed by the common law of the State of New Jersey. Negligence is conduct which falls below the standard established by law for the protection of others against an unreasonable risk of harm. *Pfenninger v. Hunterdon Central*, 167 N.J. 230, 240 (2001). To succeed in a claim of negligence, the plaintiff must show four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages. *Jersey Central Power & Light Co. v. Melcar Util. Co.*, 212 N.J. 576, 594 (2013).

Moreover, "Gross negligence has the same elements as ordinary negligence because '[n]egligence differs from gross negligence only in degree, not in kind.'" *Zelnick v. Morristown-Beard School*, 137 A.3d 560, 567 (N.J. Super. Ct. Law Div. 2015) (quoting *Monaghan v. Holy Trinity Church*, 646 A.2d 1130, 1133 (N.J. Super. Ct. App. Div. 1994)).

Defendant Small concedes that school officials have a general duty to "exercise reasonable supervisory care for the safety of students entrusted in them, and [are accountable] for injuries resulting in the failure to discharge that duty." *Jerkins v. Anderson*, 922 A.2d 1279, 1285 (N.J. 2007) (quoting *Caltavuturo v. City of Passaic*, 307 A.2d 114, 117 (N.J. Super. Ct. App. Div.

1973)).

The crux of Defendant Small's argument is that Defendant Small did not know of any sexual misconduct to address (Defendant Small's Brief, p. 29). First and foremost, this is a straw man argument, since actual knowledge is not a required element for the claim of negligence. Second, as discussed previously, there are numerous instances where Defendant Small knew or should have known of Kayan Frazier's conduct, and after learning of it, still was dilatory in investigating and addressing it. These facts were asserted in the Amended Complaint. Therefore, Plaintiff clearly stated a claim against Defendant Small. The motion must be dismissed as to Counts V and VI.

**C.    PLAINTIFF HAS SUFFICIENTLY PLEADED FACTS THAT ESTABLISH THAT DEFENDANT LA'QUETTA SMALL'S ACTIONS RESULTED IN AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT VIII) UPON PLAINTIFF'S MINOR CHILD.**

As with the other claims, Defendant Small argues that the claim of intentional infliction of emotional distress ("IIED") against her should be dismissed because Plaintiff did not provide exact specifics as to the allegations supporting her claim. This is not the standard of review; instead, Plaintiff sufficiently pleaded facts to support this claim.

Like negligence, IIED is a common law tort. To make out a prima facie case of intentional infliction of emotional distress, a plaintiff must show:

> (1) the defendant acted intentionally; (2) the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community;" (3) the defendant's actions proximately caused him/her emotional distress; and (4) the emotional distress was "so severe that no reasonable [person] could be expected to endure it." *Segal v. Lynch*, 413 N.J. Super. 171, 191, 993 A.2d 1229 (App. Div. 2010) (quoting *Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 366, 544 A.2d 857 (1988)).

*Soliman v. Kushner Cos., Inc.*, 433 N.J. Super. 153, 177 (App. Div. 2013).

All elements of IIED have been pleaded in the Amended Complaint. First, a reasonable inference can be drawn that Defendant Small acted intentionally – for example, she waited for nearly a year after having definitive knowledge of Kayan Frazier's sexual predation to investigate and do something about it. The degree of outrageousness goes to the specifics of the circumstances, which would come out in discovery. There is no question that the third prong of Defendant Small's apparent acquiescence resulted in perpetuated harm and emotional distress. And finally, for the fourth prong, Plaintiff hopes that this Court recognizes that the emotional distress of a child being repeatedly sexually abused is axiomatically severe. Even if it was not axiomatic, Plaintiff is not required to supply medical documents as to the severity of the child's emotional distress at this point in the litigation – only that the harm has been pleaded (which it has).

With all prongs satisfactorily pleaded, there is no more analysis to be done. As such, Defendant Small's motion should be denied as to this claim.[2]

## D. PLAINTIFF HAS SUFFICIENTLY PLEADED FACTS THAT ESTABLISH A VIOLATION OF THE CHILD SEXUAL ABUSE ACT (COUNT IX) AGAINST DEFENDANT LA'QUETTA SMALL.

Defendant Small makes three arguments against permitting a violation of the New Jersey Child Sexual Abuse Act, N.J.S.A. § 2A:16B-1, to move forward. All three must fail.

First, Defendant Small makes an insulting suggestion that the abuse that Plaintiff's son sustained did not include "physical contact" and thus was not contemplated by the Act. Defendant Small is well aware that physical contact can be reasonably inferred at this stage of litigation. More so, no reasonable inference does not need to be made – Plaintiff explicitly identifies how her son was physically assaulted (after all, there is a Count of Assault and Battery asserted in the Amended

---

[2] In the event that this Court is inclined to dismiss this claim, it is respectfully requested in the alternative that the Court instead provide Plaintiff with leave to amend the Amended Complaint in order to assert a claim of Negligent Infliction of Emotional Distress against Defendant Small and the other Atlantic City School District Defendants. *See, generally*, *Decker v. Princeton Packet*, 116 N.J. 418, 429, 561 A.2d 1122 (1989).

Complaint). This argument need not be addressed more.

Second, Defendant Small argues that she is not a passive abuser. This is a question of fact. Exactly to what extent Defendant Small was *in loco parentis* must be addressed in discovery. Contrary to Defendant Small's assertion, it can be reasonably inferred from the repeated times that Plaintiff's son was at her house that she knew he and Kayan Frazier were there. Whether she laid ground rules for such visits, or simply let sexual abuse ensue in her own home, is specifics that need not be pleaded at this time.

Finally, Defendant Small argues that because this Act pertains to "the household" only, it would be inapplicable here, since the misconduct occurred on school grounds. Obviously, Plaintiff pleaded misconduct in her own home too, so a discussion about statutory retroactive applicability is distracting in this regard.

To the extend that this claim does include instances on school grounds, Plaintiff does not deny the jurisprudence pertaining to limited retroactivity of statutes, as set forth by Defendant Small and co-Defendants. However, Plaintiff pleads – as a matter of public policy – that the CSAA claim move forward notwithstanding the general rule of statutory interpretation. Taking Defendant Small's argument to the extreme, if all sexual misconduct occurred on November 30, 2019 – one day before the enactment of the amendment that deleted the "household" requirement – Plaintiff would be without any CSAA recourse for the sexual misconduct of her child. Even when considering valid arguments of notice of changes of law to a defendant, common sense notions of justice would give a reasonable person pause when reaching this conclusion.

Admittedly, the conduct did not occur one day before the amendment here, but still well within a year of the amendment date. For that reason, it is submitted that the same public policy argument here.

With all three arguments defeated, it is respectfully requested that this Court deny the

15

request to dismiss Count IX against Defendant Small.

**E.    DEFNDANT LA'QUETTA SMALL IS NOT ENTITLED TO QUALIFIED IMMUNITY AGAINST THE CLAIMS ASSERTED AGAINST HER IN THE AMENDED COMPLAINT.**

Defendant Small's claim for qualified immunity does not absolve her of liability at the outset of this case. Rather, it is a question of fact as to whether qualified immunity applies, which must be addressed in discovery.

A government official is entitled to qualified immunity from liability for damages under § 1983 unless his conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Bayer v. Twp. of Union*, 414 N.J. Super. 239, 262 (App. Div. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). As the name implies, this immunity is not absolute; "[r]ather, immunity from suit under § 1983 is "predicated upon a considered inquiry into the immunity historically accorded the relevant official at common law and the interests behind it[.]" *Hafer v. Melo*, 502 U.S. 21, 28-29 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 421, 96 S.Ct. 984, 990 (1976)).

Simply put, whether Defendant Small is afforded qualified immunity is a question of fact. Rather, the question to be addressed here is whether the claims against Defendant Small have been adequately pleaded as to place Defendant Small on notice. Once again, that has been done here. As such, it is respectfully requested that this matter not be dismissed with prejudice this early in litigation.

**F.    MAINTAING THE AVAILABILTY OF PUNITIVE DAMAGES AGAINST DEFENDANT SMALL IS PROPER UNDER THE LAW.**

It is conceded that the availability of punitive damages against a municipality *for a § 1983 claim* is prohibited, *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), however, punitive damages as to § 1983 claims against Defendant Small in her individual capacity, and the availability of punitive damages as to other claims against her, must be maintained as a matter of

16

law.

**G.    PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND ANY AND ALL CLAIMS ASSERTED IN THE AMENDED COMPLAINT THAT THIS COURT IS INCLINED TO DISMISS UNDER FED. R. CIV. P. 12(b)(6).**

As a final point, it is respectfully requested that should this Court be inclined to dismiss any part of the Amended Complaint in favor of Defendants, that instead Plaintiff be granted leave to amend the Complaint in order to cure any pleading defects. *See, generally,* Section III, *supra,* for related jurisprudence.

**V.    CONCLUSION**

Based upon the foregoing, it is respectfully requested that Defendant La'Quetta Small's motion to dismiss the Complaint for failure to state a claim, and the Atlantic City School District Defendants' motion to dismiss the complaint for failure to state a claim, be denied in their entirety.

Respectfully submitted,

**LENTO LAW GROUP, P.C.**

By:  _____
        John A. Fonte, Esquire

Dated: October 4, 2021

17

John A. Fonte, Esquire
Attorney ID No.: 207102016
**LENTO LAW GROUP, P.C.**
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(856) 652-2000 (Office)
(856) 375-1010 (Fax)
jafonte@lentolawgroup.com
*Attorneys for Plaintiff, JANE DOE, on behalf of JOHN DOE, her minor child*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE, on behalf of JOHN DOE, her minor child, | Hon. Joseph H. Rodriguez, U.S.D.J.<br>Hon Sharon A. King, U.S.M.J. |
| *Plaintiff*, | Docket No. 1:21-cv-11189-JHR-SAK |
| v. | CIVIL ACTION |
| MARTY SMALL, SR., in his official capacity as Mayor of Atlantic City, New Jersey, and individually, | DOCUMENT FILED ELECTRONICALLY |
| LA'QUETTA SMALL-FRAZIER, in her official capacity as Former Principal of Pennsylvania Avenue School, and individually, | **ORDER** |
| BARRY CALDWELL, in his official capacity as current Superintendent of the Atlantic City School District, | |
| PAUL A. SPAVENTA, in his official capacity as former Interim Superintendent of the Atlantic City School District, | |
| ATLANTIC CITY BOARD OF EDUCATION, a public entity, and | |
| KAYAN AHMED FRAZIER, an individual,<br>           *Defendants*. | |

**THIS MATTER**, having come before the Court on the application of Hill Wallack, LLP, attorneys for Defendant, La'Quetta Small (improperly pleaded as "La'Quetta Small-Frazier"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the Amended Complaint in its entirety; and

**THIS MATTER**, also having come before the Court on the application Defendants, Atlantic City Board of Education, Paul A. Spaventa, and Barry Caldwell (collectively, the "Atlantic City School District Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the Amended Complaint in its entirety; and

the Court having considered the moving papers, any opposition thereto, and for any other good cause shown,

**IT IS** on this _____ day of _____, 2021 **ORDERED** that:

1.      The Motion of La'Quetta Small for an Order dismissing the Amended Complaint against her with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is hereby **DENIED** in its entirety; and

2.      The Motion of the Atlantic City School District Defendants for an Order dismissing the Amended Complaint against her with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is hereby **DENIED** in its entirety; and

2.      A copy of this Order shall be served on all parties within ___ days of the date hereof.

_____
                                                                                              , U.S.D.J.

_____ Unopposed

_____ Opposed

John A. Fonte, Esquire
Attorney ID No.: 207102016
**LENTO LAW GROUP, P.C.**
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(856) 652-2000 (Office)
(856) 375-1010 (Fax)
jafonte@lentolawgroup.com
*Attorneys for Plaintiff, JANE DOE, on behalf of JOHN DOE, her minor child*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE, on behalf of JOHN DOE, her minor child, | Hon. Joseph H. Rodriguez, U.S.D.J.<br>Hon Sharon A. King, U.S.M.J. |
| *Plaintiff*, | Docket No. 1:21-cv-11189-JHR-SAK |
| v. | CIVIL ACTION |
| MARTY SMALL, SR., in his official capacity as Mayor of Atlantic City, New Jersey, and individually, | DOCUMENT FILED ELECTRONICALLY |
| LA'QUETTA SMALL-FRAZIER, in her official capacity as Former Principal of Pennsylvania Avenue School, and individually, | **CERTIFICATION OF SERVICE** |
| BARRY CALDWELL, in his official capacity as current Superintendent of the Atlantic City School District, | |
| PAUL A. SPAVENTA, in his official capacity as former Interim Superintendent of the Atlantic City School District, | |
| ATLANTIC CITY BOARD OF EDUCATION, a public entity, and | |
| KAYAN AHMED FRAZIER, an individual, | |
| *Defendants*. | |

I, John A. Fonte, Esq., the attorney for Plaintiff, Jane Doe, on behalf of John Doe, her minor child, in this action, hereby certify that on the date hereunder, I served upon the following individuals a copy of Plaintiff's Opposition to the Motion of La'Quetta Small to Dismiss the Amended Complaint for Failure to State a Claim, along with all supporting documents, via District of New Jersey's CM/ECF system:

Jeffrey A. Shanaberger, Esq.          Benjamin H. Zieman, Esq.
Hill Wallack, LLP                     Anderson & Shah, LLC
21 Roszel Road                        457 Haddonfield Road, Suite 120
Princeton, NJ 08543-5226              Cherry Hill, NJ 08002

October 4, 2021                                    _____
Date                                               John A. Fonte, Esq.