

**Lento Law Group, P.C.**
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054
(856) 652-2000 (T)
(856) 375-1010 (F)
John Fonte, Esquire
Member of the NJ Bar
Jafonte@lentolawgroup.com

October 6, 2021

<u>*Via CM/ECF*</u>
The Hon. Sharon M. King, U.S.M.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08001

     re:   **<u>Jane Doe, o/b/o her minor child, John Doe v. Marty Small, Jr., et al.</u>**
          **Docket No.:  1:21-cv-11189-JHR-SAK**
          **Table of Contents and Table of Authorities to Supplement Plaintiff's**
          **Opposition to Pending 12(b)(6) Motions**

Dear Judge King:

This office represents the Plaintiff, Jane Doe, on behalf of John Doe, her minor son, in the above-captioned matter. The undersigned recently a Notice of Appearance for such representation. Due to the recency of the undersigned's entry, Plaintiff's Opposition to two pending motions to dismiss for failure to state a claim was timely filed, but it did not include a table of contents and table of authorities as part of the opposition brief.

Please let the attached Table of Contents and Table of Authorities serve as a supplement and amendment to Plaintiff's October 4, 2021 opposition filing, along with a Certification of Service for the said supplement. This office respectfully requests that the Court consider Plaintiff's Opposition on the merits notwithstanding the admitted procedural defect.

Thank you for the Court's attention to this matter.

Very truly yours,

John A. Fonte, Esquire

JAF/
Enclosures

cc:
Benjamin H. Zieman, Esq. (*via CM/ECF only*)
Jeffrey L. Shanaberger, Esq. (*via CM/ECF only*)

## **TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ……………………………………………………  1

II.  STATEMENT OF FACTS…………………………………………………………..  2

III.  STANDARD OF REVIEW……………………………………………………….  2

IV.  LEGAL ARGUMENT……………………………………………………………  4

    A.  PLAINTIFF HAS SUFFICIENTLY PLEADED FACTS THAT ESTABLISH A FAILURE TO INTERVENE CLAIM (COUNT II) AND FAILURE TO TRAIN & SUPERVISE CLAIM (COUNT III) AGAINST DEFENDANT LA'QUETTA SMALL, IN VIOLATION OF 42 U.S.C. § 1983…………………………………………………………………………  5

        1.  Defendant Small's Liability in her Official Capacity under § 1983….  7

        2.  Defendant Small's Liability in her Individual/Personal Capacity under § 1983 Based upon a Legal Theory of Failure to Investigate and Intervene……………………………………………………………...  8

        3.  Defendant Small's Liability in her Individual/Personal Capacity under § 1983 Based upon a Legal Theory of Failure to Supervise and Train………………………………………………………………  9

        4.  Defendant Small's Liability in her Individual/Personal Capacity under § 1983 Based upon a Legal Theory of State-Created Danger…  11

    B.  PLAINTIFF HAS SUFFICIENTLY PLEADED FACTS THAT SUPPORT EACH ELEMENT OF NEGLIGENCE (COUNT V) AND GROSS NEGLIGENCE / RECKLESSNESS (COUNT VI) AGAINST DEFENDANT LA'QUETTA SMALL…………………………………...  12

    C.  PLAINTIFF HAS SUFFICIENTLY PLEADED FACTS THAT ESTABLISH THAT DEFENDANT LA'QUETTA SMALL'S ACTIONS RESULTED IN AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT VIII) UPON PLAINTIFF'S MINOR CHILD……….  13

    D.  PLAINTIFF HAS SUFFICIENTLY PLEADED FACTS THAT ESTABLISH A VIOLATION OF THE CHILD SEXUAL ABUSE ACT (COUNT IX) AGAINST DEFENDANT LA'QUETTA SMALL…………..  14

    E.  DEFENDANT LA'QUETTA SMALL IS NOT ENTITLED TO QUALIFIED IMMUNITY AGAINST THE CLAIMS ASSERTED AGAINST HER IN THE AMENDED COMPLAINT………………………  16

i

F.  MAINTAING THE AVAILABILTY OF PUNITIVE DAMAGES AGAINST DEFENDANT SMALL IS PROPER UNDER THE LAW…….  16

G.  PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND ANY AND ALL CLAIMS ASSERTED IN THE AMENDED COMPLAINT THAT THIS COURT IS INCLINED TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)….  17

V.  CONCLUSION……...………………………………………………………….  17

## TABLE OF AUTHORITIES

## CASES

*Baker v. McCollan*, 443 U.S. 137 (1979) ........................................................................ 6

*Bayer v. Twp. of Union*, 414 N.J. Super. 239 (N.J. Super. Ct. App. Div. 2010) .............. 6, 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) .................................. 2, 3, 9

*Berry v. Leslie*, 767 F.3d 1144 (11th Cir. 2014) ................................................................ 9

*Bonenberger v. Plymouth Twp.*, 132 F.3d 20 (3d Cir. 1997).......................................... 9, 10

*Caltavuturo v. City of Passaic*, 307 A.2d 114 (N.J. Super. Ct. App. Div. 1973) ............ 12

*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981) .......................................... 16

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016) ........................................ 3

*Connick v. Myers*, 461 U.S. 138 (1983).............................................................................. 6

*Darr v. Wolfe*, 767 F.2d 79 (3d Cir. 1985) ...................................................................... 3

*Decker v. Princeton Packet*, 116 N.J. 418, 561 A.2d 1122 (N.J. 1989) ......................... 14

*District Council 47 v. Bradley*, 795 F.2d 310 (3d Cir. 1986) .......................................... 4

*Glenside W. Corp. v. Exxon Co., U.S.A.*, 761 F.Supp. 1100 (D.N.J. 1991) ................... 2

*Gutman v. Howard Savings Bank*, 749 F.Supp. 254 (D.N.J. 1990) ............................... 3

*Hafer v. Melo*, 502 U.S. 21 (1991) ................................................................................. 7, 8, 16

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ..................................................................... 16

*Henry v. City of Erie*, 728 F.3d 275 (3d Cir. 2013) ......................................................... 11

*Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976) ................................................ 16

*In re Burlington Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997)............................... 3, 4

*Janowski v. City of Wildwood*, 259 F. Supp. 3d 113 (D.N.J. 2017) ............................... 8

*Jerkins v. Anderson*, 922 A.2d 1279 (N.J. 2007)............................................................ 12

*Jersey Central Power & Light Co. v. Melcar Util. Co.*, 212 N.J. 576 (N.J. 2013)...........12

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)........................................................6

*Morse v. Lower Merion School Dist.*, 132 F.3d 902 (3d Cir. 1997)................................6

*Pfenninger v. Hunterdon Central*, 167 N.J. 230 (N.J. 2001)..........................................12

*Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968)................................................................6

*Rivkin v. Dover Twp. Rent Leveling Bd.*, 143 N.J. 352 (1996).......................................6

*Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989)..............................................................9

*Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683 (1974)................................................3

*Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000)................................................................4

*Sheridan v. NGK Metals Corp.*, 609 F.3d 239 (3d Cir. 2010)........................................2

*Soliman v. Kushner Cos., Inc.*, 433 N.J. Super. 153 (N.J. Super. Ct. App. Div. 2013)....13

*Watts v. Internal Rev. Serv.*, 925 F.Supp. 271 (D.N.J. 1996)........................................3

*Wildoner v. Borough of Ramsey*, 162 N.J. 375 (N.J. 2000).............................................6

## STATUTES

42 U.S.C. § 1983............................................................................................ *en passim*

N.J.S.A. § 2A:16B-1 ...................................................................................... 5, 14

## RULES

Fed. R. Civ. P. 12(b)(6).................................................................................. *en passim*

Fed. R. Civ. P. 15(a) ..................................................................................... 3

John A. Fonte, Esquire
Attorney ID No.: 207102016
**LENTO LAW GROUP, P.C.**
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(856) 652-2000 (Office)
(856) 375-1010 (Fax)
jafonte@lentolawgroup.com
*Attorneys for Plaintiff, JANE DOE, on behalf of JOHN DOE, her minor child*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE, on behalf of JOHN DOE, her minor child, | Hon. Joseph H. Rodriguez, U.S.D.J. Hon Sharon A. King, U.S.M.J. |
| *Plaintiff*, | Docket No. 1:21-cv-11189-JHR-SAK |
| v. | CIVIL ACTION |
| MARTY SMALL, SR., in his official capacity as Mayor of Atlantic City, New Jersey, and individually, | DOCUMENT FILED ELECTRONICALLY |
| LA'QUETTA SMALL-FRAZIER, in her official capacity as Former Principal of Pennsylvania Avenue School, and individually, | **CERTIFICATION OF SERVICE** |
| BARRY CALDWELL, in his official capacity as current Superintendent of the Atlantic City School District, | |
| PAUL A. SPAVENTA, in his official capacity as former Interim Superintendent of the Atlantic City School District, | |
| ATLANTIC CITY BOARD OF EDUCATION, a public entity, and | |
| KAYAN AHMED FRAZIER, an individual, | |
| *Defendants*. | |

I, John A. Fonte, Esq., the attorney for Plaintiff, Jane Doe, on behalf of John Doe, her minor child, in this action, hereby certify that on the date hereunder, I served upon the following individuals a copy of the Table of Contents and Table of Authorities for Plaintiff's previously submitted Opposition to the Motion of La'Quetta Small to Dismiss the Amended Complaint for Failure to State a Claim, and to the Motion of Atlantic City Board of Education, Paul A. Spaventa, and Barry Caldwell to Dismiss the Amended Complaint for Failure to State a Claim, along with all supporting documents, via District of New Jersey's CM/ECF system:

Jeffrey A. Shanaberger, Esq.          Benjamin H. Zieman, Esq.
Hill Wallack, LLP                     Anderson & Shah, LLC
21 Roszel Road                        457 Haddonfield Road, Suite 120
Princeton, NJ 08543-5226              Cherry Hill, NJ 08002


October 6, 2021                                       _____
Date                                                  John A. Fonte, Esq.