

Benjamin H. Zieman, Esq.
856-393-2345
bzieman@andersonshahlaw.com
Fax: 856-528-1700

October 12, 2021

**VIA CM/ECF AND REGULAR MAIL**
Honorable Joseph H. Rodriguez, U.S.D.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 5D
Camden, NJ 08101

> **RE:**  **Doe v. Small, et al.**
> **Docket No. 1:21-cv-11189-JHR-AMD**

Dear Judge Rodriguez,

We represent Defendants, the Atlantic City Board of Education, former Superintendent Paul A. Spaventa, and current Superintendent Barry Caldwell, in the above-referenced matter. On September 10, 2021, all Defendants (including co-Defendant La'Quetta Small) filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and on October 4, 2021, Plaintiffs filed a brief purportedly in opposition to both motions. *See* Dkt. Nos. 41, 42, and 44. Please accept this letter in lieu of a more formal reply brief in further support of Defendants' motion to dismiss.

## POINT I

### ALL CLAIMS AGAINST SPAVENTA AND CALDWELL AND NEARLY ALL CLAIMS AGAINST THE BOARD SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Although Plaintiffs submitted a single brief purportedly "in opposition [to] BOTH motions to dismiss," *see* Plaintiffs' Brief at p.1 n.1 (caps in original), Plaintiffs

did not specifically respond to the majority of the arguments that Defendants took the

time to advance in their opening brief. For example, Plaintiffs did not respond to the

arguments compelling dismissal of all claims against Spaventa and Caldwell in Counts

2, 3, 5, 6, or 8. Nor did Plaintiffs respond to any of the arguments compelling dismissal

of (a) all claims against the Board in Counts 1, 2, or 3, or (b) all claims seeking to hold

the Board vicariously liable for Frazier's alleged abuse in Counts 5 through 8.

Accordingly, not only should the Court dismiss the aforementioned claims for

the reasons stated in greater detail in Defendants' opening brief, but the Court should

also consider these claims to have been waived. *See Dreibelbis v. Scholton*, 274 Fed. Appx.

183, 185 (3d Cir. 2008) (finding argument waived where plaintiff "had ample

opportunity to make [a particular] argument in response to defendants' motion to

dismiss and failed to do so"); *Jimenez v. T.D. Bank, N.A.*, 2021 U.S. Dist. LEXIS 183705,

at *42 (D.N.J. Sept. 25, 2021) ("Defendant has put forward a series of arguments for

dismissal of these claims; Plaintiffs have failed to oppose the motion to dismiss

regarding these specific claims and have accordingly waived these theories."); *Powell v.

Verizon*, 2019 U.S. Dist. LEXIS 161552, at *22 (D.N.J. Sept. 20, 2019) ("A plaintiff

concedes a claim when she fails to oppose arguments in support of a motion to dismiss

it under Fed. R. Civ. P. 12(b)(6)."); *Person v. Teamsters Local Union 863*, 2013 U.S. Dist.

LEXIS 149252, at *5 (D.N.J. Oct. 17, 2013) ("Failure to raise legal arguments in

opposition to a motion to dismiss results in waiver."); *Griglak v. CTX Mortg. Co.*, 2010

U.S. Dist. LEXIS 34941, at *7 (D.N.J. Apr. 8, 2010) ("The failure to respond to a

substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count."); *Duran v. Equifirst Corp.*, 2010 U.S. Dist. LEXIS 22903, at *6-7 (D.N.J. Mar. 12, 2010) (finding that plaintiff waived eleven counts of a complaint by failing to respond to the defendant's motion to dismiss those counts).

Thus, the Court should grant Defendants' motion and dismiss (a) all claims against Spaventa and Caldwell in Counts 2, 3, 5, 6, and 8, (b) all claims against the Board in Counts 1, 2, and 3, and (c) all claims seeking to hold the Board vicariously liable for Frazier's alleged abuse in Counts 5 through 8.

## POINT II

### ALL IIED CLAIMS IN COUNT 8 SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

To the extent Plaintiffs seek to hold the Board vicariously liable based on a claim for IIED against Principal Small, that claim should be dismissed. The crux of the IIED claim against Principal Small is that she allegedly "waited for nearly a year after having definitive knowledge of Kayan Frazier's sexual predation to investigate and do something about it." *See* Plaintiffs' Brief at p.14. But "claims of a failure to act are generally insufficient to rise to the level necessary for IIED." *L.H. v. Pittston Area Sch. Dist.*, 130 F. Supp. 3d 918, 931 (M.D.Pa. 2015); *see also M.S. v. Susquehanna Twp. Sch. Dist.*, 43 F. Supp. 3d 412, 431 (M.D.Pa. 2014) (same); *Page ex rel. Page v. Sch. Dist. of Philadelphia*, 45 F. Supp. 2d 457, 469 (E.D.Pa. 1999) (same). Indeed, to sustain a claim for IIED, a plaintiff must show that "the defendant *acted* intentionally or recklessly" and

that "the defendant's *conduct* [was] extreme and outrageous." *Buckley v. Trenton Sav. Fund.*

*Soc.*, 544 A.2d 857, 863 (N.J. 1988) (emphasis added). Thus, since the IIED claim against

Principal Small in Count 8 is based on non-actionable *failures* to act, there is nothing for

which to hold the Board vicariously liable. *See Tice v. Cramer*, 627 A.2d 1090, 1094 (N.J.

1993) ("[W]hen the public employee is not liable, neither is the entity.").

Two other points are worth highlighting. First, it is not accurate for Plaintiffs to

say that Principal Small "waited for nearly a year . . . to investigate." *See* Plaintiffs' Brief

at p.14. This statement appears to be drawn from paragraphs 70 and 73 of the amended

complaint, which say that Principal Small became aware of Frazier's off-campus

interactions with Plaintiff "approximately in early 2016" but did not file a report with

DCPP until February 2017. However, as Defendants pointed out in their opening brief,

Frazier's off-campus interactions with Plaintiff did not begin until much later in 2016.

*See* Am. Compl. ¶¶ 42, 45. Principal Small does not have precognitive abilities, so it is

not accurate for Plaintiffs to say she "waited for nearly a year . . . to investigate."

Second, it is not accurate for Plaintiffs to say that Principal Small had "definitive

knowledge of Kayan Frazier's sexual predation." *See* Plaintiffs' Brief at p.14. Based on

the allegations in the amended complaint, the most that Principal Small knew is that

Frazier and Plaintiff were interacting off campus by going to the movies, going to Chuck

E. Cheese, and having at least one sleepover. Those interactions do not imply any

wrongdoing whatsoever, so the Court should decline Plaintiffs' invitation to leap to the

remarkable conclusion that Principal Small had "definitive knowledge of Kayan

Frazier's sexual predation," especially since Plaintiffs admit that all these interactions occurred with Jane's permission. *See* Am. Compl. ¶¶ 42, 46-47. Principal Small should not be expected to substitute her judgment for that of Plaintiff's own mother. *See Jerkins v. Anderson*, 922 A.2d 1279, 1291 (N.J. 2007) ("A school district's responsibility has temporal and physical limits, and its obligation to act reasonably does not diminish the responsibilities that parents or guardians have to their children.").

Thus, the IIED claim against the Board in Count 8 should be dismissed for failure to state a claim.

## POINT III

### PLAINTIFFS SHOULD BE DENIED LEAVE TO ASSERT A NEW CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

The Court should deny Plaintiffs' request for leave to assert a claim for negligent infliction of emotional distress ("NIED"). *See* Plaintiffs' Brief at p.14 n.2. Such a claim would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are . . . futility. . . . 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.") (citations omitted). It would also be needlessly duplicative of the negligence claims which have already been pleaded. *See Giannone v. Ayne Inst.*, 290 F. Supp. 2d 553, 566 (E.D.Pa. 2003) (granting motion to dismiss duplicative negligence claims which required proof of the same basic elements).

In New Jersey, "an individual can maintain an independent tort action for [NIED] in two instances." *Jablonowska v. Suther*, 948 A.2d 610, 618 (N.J. 2008). First, under a "zone of danger" theory, a plaintiff can show that a defendant's negligence "placed the plaintiff in reasonable fear of immediate personal injury, which gave rise to emotional distress that resulted in a substantial bodily injury or sickness." *Id.* Second, under a "bystander" theory, a plaintiff can recover "where (1) the defendant's negligence caused the death of, or serious physical injury to, another; (2) the plaintiff shared a marital or intimate, familial relationship with the injured person; (3) the plaintiff had a sensory and contemporaneous observation of the death or injury at the scene of the accident; and (4) the plaintiff suffered severe emotional distress." *Id.* at 617-18.

Here, a claim for NIED based on the two theories described in *Jablonowska* would be futile. For instance, Plaintiff cannot maintain a "bystander" claim because he never "had a sensory and contemporaneous observation of the death or injury" of another person, let alone someone with whom he "shared a marital or intimate, familial relationship." *Jablonowska*, 948 A.2d at 617-18; *see also Johnson v. Mountainside Hosp.*, 571 A.2d 318, 326 (N.J. Super. Ct. App. Div. 1990) ("[A] bystander may not recover damages for emotional distress unless he has been present and has observed the actual injury inflicted on a member of his family."). And Plaintiff cannot maintain a "zone of danger" claim because he was never placed "in reasonable fear of immediate personal injury," let alone because of anyone's negligence. *Id.* at 617. Simply stated, this is not a "near miss" kind of case. *See Conrail v. Gottshall*, 512 U.S. 532, 547 (1994); *see also*

*Jablonowska*, 948 A.2d at 619 (describing a "zone of danger" claim as one that seeks to recover for "emotional distress tied to the possibility of personal harm to the plaintiff").

A freestanding NIED claim would likewise be futile and needlessly duplicative of the negligence claims which have already been pleaded. "'A claim of direct, negligent infliction of emotional distress,' can exist where the plaintiff claims proximately-caused damages as a result of the breach of a duty owed by the defendant." *Innes v. Marzano-Lesnevich*, 87 A.3d 775, 797 (N.J. Super. Ct. App. Div. 2014) (quoting *Lascurain v. City of Newark*, 793 A.2d 731, 746-47 (N.J. Super. Ct. App. Div. 2002) (citing *Decker v. Princeton Packet, Inc.*, 561 A.2d 1122 (1989))). But as Defendants explained in their opening brief, Plaintiff has failed to plausibly show how Spaventa or Caldwell breached a duty to him, so a NIED claim against them would be futile. And based on the description of this tort in *Innes* and *Lascurain*, a NIED claim against Spaventa, Caldwell, and Principal Small would also be needlessly duplicative of the negligence claims which have already been pleaded in Counts 5 and 6. *See Giannone*, 290 F. Supp. 2d at 566; *see also A.B. v. Vineland Bd. of Educ.*, 2018 U.S. Dist. LEXIS 107486, at *26 (D.N.J. Jun. 27, 2018) (explaining that a "direct" NIED claim is really "a damages question that is parasitic on another tort" and that if the plaintiff "prevails on her other tort claims and can establish a proximately caused physical injury, she may seek damages for emotional distress").

Thus, since a claim for NIED would be both futile and needlessly duplicative, the Court should deny Plaintiffs' request for leave to assert such a claim.

## POINT IV

### ALL CSAA CLAIMS AGAINST THE BOARD, SPAVENTA, AND CALDWELL IN COUNT 9 SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM.

There are two reasons why Plaintiff's CSAA claim in Count 9 should be dismissed with prejudice. First, a public day school like the Pennsylvania Avenue School does not qualify as a "household" and thus cannot be held liable under the "passive abuser" portion of the CSAA. Second, although recent amendments to the CSAA removed the "household" element from the text of the statute, the legislative history of that bill makes it clear that this amendment was not intended to apply retroactively to events that, as here, occurred before December 1, 2019 (i.e., the effective date of the bill). Thus, Plaintiff's CSAA claim in Count 9 should be dismissed with prejudice.

Plaintiff's only argument to the contrary is a non-starter. Making a vague appeal to "public policy," Plaintiff asks the Court to allow his CSAA claim to "move forward notwithstanding the general rule of statutory interpretation," *see* Plaintiffs' Brief at p.15, *i.e.*, that new legislation is applied prospectively absent unequivocal expression of contrary legislative intent. *See Nobrega v. Edison Glen Assocs.*, 772 A.2d 368, 377 (N.J. 2001). But Plaintiff fails to appreciate that he is asking this Court to *disregard* public policy that has already been established by the New Jersey Legislature. That body has made it plain in both the language of P.L. 2019, c. 120 and in the accompanying legislative history that the CSAA amendment was not meant to apply retroactively to

October 12, 2021
Page 9 of 9

events that, as here, occurred before December 1, 2019. "When called on to interpret a statute, [a court's] overriding goal must be to determine the Legislature's intent." *Jersey Cent. Power & Light Co v. Melcar Utility Co.*, 59 A.3d 561, 567 (N.J. 2013). The Legislature has made its intent clear, so this Court should decline Plaintiff's invitation to disregard it. *See United States v. Rutherford*, 442 U.S. 544, 555 (1979) ("Under our constitutional framework, federal courts do not sit as councils of revision, empowered to rewrite legislation in accord with their own conceptions of prudent public policy.").

Thus, Plaintiff's CSAA claim in Count 9 should be dismissed with prejudice for failure to state a claim.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendants' opening brief, the Court should grant this motion and dismiss (a) all claims against Spaventa and Caldwell, and (b) all claims against the Board except for the vicarious liability components of Counts 5 and 6 which are based on Principal Small-Frazier's alleged negligence/gross negligence in the performance of her official duties.

Respectfully submitted,

ANDERSON & SHAH LLC

By: s/ Benjamin H. Zieman
Benjamin H. Zieman, Esq.

cc: Terrell A. Ratliff, Esq. (via CM/ECF)
Jeffrey L. Shanaberger, Esq. (via CM/ECF)