

21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
609.924.0808 *main* | 609.452.1888 *fax*

www.hillwallack.com

Writer's Direct Dial: (609) 734-6310

October 25, 2021

**Via CM/ECF**
Hon. Joseph H. Rodriguez, U.S. D.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 5D
Camden, NJ 08101

  Re: Jane Doe v. Marty Small, Sr., et al.
    Civil Action No. 1:21-cv-11189-JHR-SAK
    Return Date – November 1, 2021

Dear Judge Rodriguez:

  We represent the interests of defendant, La-Quetta Small ("Ms. Small"), in the above-referenced matter. On September 10, 2021, Ms. Small and codefendants filed motions to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed opposition to the motions on October 4, 2021. Kindly accept this letter brief in lieu of a more formal reply brief and in further support of defendant Ms. Small's motion.

**POINT I**

**PLAINTIFF'S §1983 CLAIMS, COUNTS II AND III,
FAIL TO STATE A CLAIM AND MUST BE DISMISSED**

  At the outset, it should be noted that plaintiff acknowledges that a claim against a government official such as Ms. Small in her official capacity is redundant of the claims

Princeton, NJ | Cedar Knolls, NJ | Cherry Hill, NJ | Red Bank, NJ | New York, NY | Yardley, PA

October 25, 2021
Page 2

against the entity, the Board of Education, as the real party in interest; thus, the official capacity claims must be dismissed. See Pb 7-8. Plaintiff's §1983 claims against Ms. Small in her official capacity are identical to those against the Board, as all claims are pled in the collective "Atlantic City School Defendants." In the moving papers Ms. Small relied upon the arguments presented by the Board to support dismissal of all §1983 claims against her. See Dkt. No. 42, p.15, n.6. However, plaintiff failed to oppose the arguments raised by the Board requiring dismissal of Counts II and III against it, thereby waiving any defense. See Dkt. No. 49, Point I. Consequently, plaintiff's §1983 claims against Ms. Small in her official capacity, likewise, must be dismissed with prejudice.

Similarly, plaintiff's claims against Ms. Small in her individual capacity must be dismissed with prejudice. While plaintiff recognizes that the amended complaint must show that Ms. Small personally deprived plaintiff of a federal right for any individual liability to attach, see Pb 8-9, plaintiff has failed to meet this burden. Contrary to plaintiff's misrepresentations in the opposition, see Pb 9-10, there are no facts pled, as opposed to general elements of a cause of action, that Ms. Small had any knowledge that Frazier was "unsafe" or a

October 25, 2021
Page 3

"sexual predator." Plaintiff has not pled any facts, or presented any legal authority, to show that Ms. Small could be individually liable under any of the §1983 theories presented.

First, there is no support to the theory that Ms. Small failed to intervene and stop a sexual predator from having contact with children. The amended complaint, ¶¶41-47 and 70, merely alleges that in mid-late 2016 Ms. Small was aware that her cousin Frazier took her son and his friend (plaintiff) to the movies, 'Chuck E Cheese' and had a sleepover. There is nothing unusual about a cousin spending time with his younger cousin or having the youngster's friend accompany them. Such activity would not lead Ms. Small or any reasonable person to believe that Frazier was "unsafe" or a "sexual predator." This is not a situation where Frazier was only having plaintiff stay overnight with him as misrepresented in the opposition, see Pb 9, which could be a cause of concern.

The amended complaint also alleges, ¶72, that at an unknown point in time, Ms. Small prohibited her son from attending weekend outings with Frazier and plaintiff. It does not state at ¶77 as plaintiff misleads, that Ms. Small continued to allow plaintiff to spend time with a sexual predator in her home. See Pb 9. Further, the pleading reflects that Ms. Small did not

October 25, 2021
Page 4

ignore any known inappropriate behavior by Frazier. Conveniently ignored by plaintiff, ¶¶74-75 of the amended complaint admit that in February 2017 (within seven months of learning Frazier took her son and plaintiff out together recreationally, nothing inappropriate) Ms. Small reported to DCPP that Frazier engaged in "unprofessional" conduct. Simply put, plaintiff has failed to show that Ms. Small "had knowledge of and exhibited deliberate indifference in the face of a known threat or likelihood of injury to" plaintiff or was "aware of the constitutionally violative sexual relationship while the relationship was ongoing" to impose individual liability on Ms. Small for an alleged failure to intervene. See M.S. v. Susquehanna Twp. Sch. Dist., 43 F. Supp. 3d 412, 421-25 (M.D.Pa 2014)(citing Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 144 n.1 (3d Cir. 2002).)

Second, there are no facts pled that Ms. Small can be individually liable under a failure to investigate, train, or supervise theory. Critically, and ignored by plaintiff, the amended complaint does not allege Ms. Small was Frazier's supervisor. Plaintiff's bold assertions in the opposition that "Small had contemporaneous knowledge of Kayan Frazier's propensity to exercise sexual predation of minors," and that she had "a known sexual predator walk the hallways of an elementary

October 25, 2021
Page 5

school," see Pb 10, are misleading and unsupported by the facts

pled and must be rejected.   Even giving plaintiff the benefit of

the doubt that Ms. Small, school principal, could be Frazier's

supervisor, plaintiff has failed to point to any legal authority

or pled facts that she knew that Frazier sexually assaulted

plaintiff and turned a blind eye to it to impose individual

supervisor liability upon her.[1]  See A.M. ex rel. J.M.K. v.

Luzerne Cnty. Juv. Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

Third, plaintiff has not presented any legal support or

facts to dispute defendant's well-reasoned argument that Ms.

Small cannot have individual §1983 liability under a state

created danger theory. Plaintiff's vague theory that liability

can be imposed because Frazier acted as a private citizen when

he allegedly abused plaintiff at Ms. Small's home ignores the

obvious fact that during those instances, Ms. Small was equally

a private citizen who was not acting under color of state law.

Thus, §1983 liability is inapplicable for any event that

allegedly occurred in Ms. Small's home. Tellingly, plaintiff has

failed to rebut Ms. Small's arguments in Point I(B)(3) of the

moving brief that the four elements of a state-created danger

_____

[1] Plaintiff's citation to Bonenberger v. Plymouth Twp., 132
F.3d 20, 25 (3d Cir. 1997) is misplaced as this addressed
municipal liability under §1983 for a failure to train and
supervise; it did not address individual liability under §1983.

October 25, 2021
Page 6

theory cannot be satisfied. See L.R. v. School Dist. of Philadelphia, 836 F.3d 235 (3d Cir. 2016). As such, all §1983 claims under this theory must be dismissed.

Finally, as plaintiff does not dispute the law or reasoning presented in the moving brief, Ms. Small is entitled to qualified immunity from all §1983 claims. Plaintiff ignores the two-part test that permits qualified immunity in this case, namely, there are no facts pled that Ms. Small violated plaintiff's constitutional rights. Qualified immunity is a question of law and resolution of immunity issues should occur "at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991). It is appropriate to find qualified immunity on a 12(b)(6) motion when the immunity is evident by the face of the complaint, as here. Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001). Accordingly, plaintiff's §1983 claims against Ms. Small in Counts II and III must be dismissed with prejudice.

<u>POINT II</u>

COUNTS V AND VI - NEGLIGENCE, RECKLESSNESS,
AND GROSS NEGLIGENCE CLAIMS - FAIL TO STATE
A CLAIM AND MUST BE DISMISSED

Plaintiff's opposition merely states the elements of a negligence claim, but fails to show how or where the amended

October 25, 2021
Page 7

complaint pleads facts that show Ms. Small can be liable for same. Though actual knowledge is not required for negligence, a conscious disregard to a known or obvious risk of harm to another is necessary to support a recklessness claim. Steinberg v. Sahara Sam's Oasis, LLC, 142 A.3d 742, 755 (N.J. 2016). Here there are no facts pled that Ms. Small possessed this requisite knowledge and consciously disregarded it; thus, all recklessness claims against her in Count VI must be dismissed with prejudice.

The negligence and gross negligence claims in Counts V and VI must also be dismissed as there are no facts pled showing that Frazier's abuse of plaintiff was foreseeable, any action or inaction by Ms. Small breached a duty to protect plaintiff at school, and that the breach proximately caused plaintiff's injury. Plaintiff's narrow argument that Ms. Small was negligent because she was the school principal where Frazier abused plaintiff is insufficient. The facts as pled show that Ms. Small did not fail to act; rather, she reported Frazier's inappropriate conduct to DCPP as required by law.

Further, plaintiff fails to even address Ms. Small's legal arguments that she cannot be liable for negligence for Frazier's acts that allegedly occurred inside her own home. The law is clear that Ms. Small did not have a duty to warn plaintiff about

October 25, 2021
Page 8

any risk of harm posed by Frazier, particularly since there are

no facts pled that plaintiff was Ms. Small's social guest or

that Ms. Small had any knowledge that Frazier posed a danger.

See Benedict v. Podwats, 263 A.2d 486 (N.J. Super. Ct. App.

Div.), aff'd, 271 A.2d 417 (N.J. 1970); J.S. v. R.T.H., 714 A.2d

924, 928 (N.J. 1998). Accordingly, all claims against Ms. Small

in Counts V and VI for any acts that allegedly occurred in her

home must be dismissed with prejudice as a matter of law.

POINT III

COUNT VIII FAILS TO STATE AN INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS CLAIM
AGAINT MS. SMALL FOR AND MUST BE DISMISSED

Similar to the other claims, plaintiff misrepresents the

facts pled in the amended complaint to try to save the

intentional infliction of emotional distress ("IIED") claim.

Incredibly, without any citation to the record, plaintiff argues

that Ms. Small "waited for nearly a year after having definitive

knowledge of Kayan Frazier's sexual predation to investigate and

do something about it." See Pb 14 (emphasis added). This is an

absolute misrepresentation of the pled facts. There are no facts

that Ms. Small ever had knowledge that Frazier had a sexual

predation, let alone for one year before reporting Frazier's

"unprofessional" conduct. Further, an alleged untimely failure

October 25, 2021
Page 9

to take action does not qualify as extreme and outrageous conduct necessary to demonstrate IIED. See Fogarty v. Household Finance Corp. III, 2015 WL 852071 at **16-17(D.N.J. 2015). Simply put, there are no facts pled in the amended complaint to show that Ms. Small's actions were "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" or that she intended to cause plaintiff severe emotional distress to support a claim for IIED. See Buckeley v. Trenton Sav. Fund Soc'y, 544 A.2d 857, 863 (N.J. 1988). Accordingly, Count VIII against her must be dismissed with prejudice.[2]

### POINT IV

**THE CSAA CLAIM IN COUNT IX AGAINST MS. SMALL FAILS TO STATE A CLAIM AND MUST BE DISMISSED**

Plaintiff admits that the recent change in the CSAA requirements, namely removal of the "household" requirement, cannot be applied retroactively. See Pb 15. As such, Ms. Small cannot be liable as a passive abuser under the CSAA for actions

---

[2] Plaintiff's request to file a claim for negligent infliction of emotional distress (NIED) if the IIED claim is dismissed, see Pb 14, n.2, illustrates that plaintiff is well aware that there are insufficient facts to satisfy an IIED claim. The request to file the NIED claim should, for the well explained reasons set forth in codefendants' reply brief, be denied as such claims would be futile and duplicative. See Dkt. No. 49, Point III.

October 25, 2021
Page 10

that occurred inside the school because a public school, undisputedly, is not a "household" as defined by the CSAA. D.M. v. River Dell Regional High School, 862 A.2d 1226, 1232 (N.J. Super. Ct. App. Div. 2004), certif. denied, 907 A.2d 1015 (N.J. 2006); Bryson v. Diocese of Camden, 909 F.Supp.2d 364, 369, 370-371 (D.N.J. 2012). Though plaintiff correctly points out that acts allegedly occurred inside Ms. Small's home, this does not set forth any facts for passive abuser liability under the CSAA.

First, plaintiff fails to recognize that the CSAA does not cover child pornography or general physical contact. Rather, there is a specific definition of sexual abuse that must be met in order for a CSAA claim to be viable. See N.J.S.A. 2A:61B-1(a)(1) - (a)(4). Thus, for the reasons detailed in the moving brief, plaintiff's allegations in Count VII against Frazier for assault and battery fail to plead facts that Frazier sexually abused plaintiff as defined by the CSAA, particularly acts inside Ms. Small's home.

Second, there are no fact pled that Ms. Small stood in a position of *in loco parentis* to plaintiff within his household. Plaintiff completely disregards the case law set forth in the moving brief. Further, he inexplicably claims that Ms. Small's status of *in loco parentis* at her home is a question of fact and

October 25, 2021
Page 11

can be inferred simply because Frazier brought plaintiff into Ms. Small's home. This is an absurd assumption and must be disregarded.

To the contrary, if Frazier brought plaintiff to Ms. Small's home for purposes of child pornography, sexual abuse, or other misconduct, it can reasonably be inferred that Frazier would have done everything in his power to keep Ms. Small in the dark that he brought plaintiff into her home. Ownership of a home does not equate to knowledge about what other residents do inside the home, as plaintiff contends. Notwithstanding, there are no facts pled, which is the standard on a 12(b)(6) motion, that show Ms. Small was ever present when, or even knew that, Frazier brought plaintiff inside her home. Thus, no *in loco parentis* relationship between Ms. Small and plaintiff has been presented in the amended complaint.

Third, plaintiff does not comprehend that "household" within the context of the CSAA is not simply a house, a home or a residence. The "household" element is not satisfied simply because plaintiff asserts that inappropriate conduct occurred inside Ms. Small's home. Instead, "household" includes the necessities of life, such as food and shelter, being provided to plaintiff on a long-term basis; it is not temporary or

October 25, 2021
Page 12

occasional. <u>Hardwicke v. American Boychoir School</u>, 902 A.2d 900, 915 (N.J. 2006); <u>J.P. v. Smith</u>, 134 A.3d 977, 988 (N.J. Super. App. Div.), <u>certif</u>. <u>denied</u>, 141 A.3d 297 (N.J. 2016). Here, plaintiff does not dispute defendant's arguments that there are no facts pled to show that Ms. Small's house can qualify as plaintiff's household under the CSAA.

Finally, plaintiff does not even acknowledge that there are no facts pled to show that Ms. Small knew of Frazier's sexual abuse and simply allowed it to happen. The lack of actual knowledge and acquiescence is fatal to plaintiff's CSAA claim against Ms. Small. As there are no facts pled to demonstrate that Ms. Small could possibly be a passive abuser under the CSAA, Count IX of the amended complaint against her must be dismissed with prejudice.

## POINT V

### PLAINTIFF'S PRAYERS FOR PUNITIVE DAMAGES MUST BE DISMISSED

As detailed herein and in the moving papers, there are no facts pled that would subject Ms. Small to any punitive damages, as she did not act intentionally, with evil motive, or with reckless indifference. There is simply nothing presented to show that Ms. Small acted with any degree of willful or wanton conduct that caused harm to plaintiff. To the contrary, the

October 25, 2021
Page 13

facts pled show that at some point in time Ms. Small learned

that Frazier engaged in unprofessional or inappropriate conduct,

not sexual abuse, and she reported Frazier to DCPP.

Consequently, there is no basis upon which plaintiff is entitled

to punitive damages and they must be stricken from plaintiff's

prayers for relief.

## CONCLUSION

For the reasons detailed in the moving papers and herein,

defendant La'Quetta Small respectfully requests that all counts

of the Amended Complaint against her be dismissed with prejudice

under Fed. R. Civ. P. 12(b)(6) for their failure to state a

cause for action upon which relief may be granted.

Respectfully submitted,

/s/ Jeffrey L. Shanaberger

Jeffrey L. Shanaberger

JLS/COM
cc:  John A. Fonte, Esq.
     Terrell A. Ratcliff, Esq.
     Benjamin H. Zieman, Esq.