UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

**JANE DOE**

     Plaintiff,

v.                                                                         Case No.: 1:21−cv−11189−JHR−SAK

                                                                  Magistrate Judge Sharon A. King

**MARTY SMALL, SR, et al.**

                       Defendant.

*JOINT PROPOSED DISCOVERY PLAN*
*A fillable copy of this form can be located at*
*http://www.njd.uscourts.gov/sites/njd/files/R16DiscoveryPlanCamONLY.pdf*

1.   Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

LAWRENCE A. KATZ, ESQUIRE
LENTO LAW GROUP P.C.
3000 ATRIUM WAY - SUITE 200
MT. LAUREL, NJ 08054
P: (856) 652-2000   EXT. 497
F: (856) 375-1010

MICHAEL FARHI, ESQUIRE
KATES NUSSMAN ELLIS FARHI & EARLE, LLP
190 MOORE STREET, SUITE 306 HACKENSACK
NJ 07601 (201) 488-7211 (PH)

JEFFREY L. SHANABERGER, ESQ.
HILL WALLACK LLP
21 ROSZEL ROAD
PRINCETON, NJ 08543
Phone: (609) 734-6310
Fax:    (609) 452-1888
Email: jshanaberger@hillwallack.com
Attorneys for Defendant,
La'Quetta Small i/p/a La'Quetta Small-Frazier
In her official capacity

2.  Set forth a brief description of the case, including the causes of action and defenses asserted.

**PLAINTIFFS' STATEMENT**

**Plaintiff, JANE DOE, is the mother of JOHN DOE, a Minor.  Minor was an elementary school student at Pennsylvania Avenue School in Atlantic City, NJ.  One of his teachers was Kayan Frazier, a substitute teacher within the school district.  In early-2016, Frazier first came in contact with Minor son, John Doe, who was a student at the elementary school at the time.  Mr. Frazier began to pay extra and special attention to Minor, often taking him to isolated locations, including the school library.  Although the ostensible reason for this "alone time" was to counsel or tutor the Minor, during these times Frazier was actually sexually assaulting him.  Frazier also pursued a friendship with Jane Doe which resulted in Jane Doe granting Frazier permission to take Minor on outings to the movies and other locations where Frazier also sexually abused Minor.  Minor's behavior and personality began to change and grades began to fall.  Frazier also engaged in other inappropriate behavior.   Jane Doe began hearing community rumors about Mr. Frazier. However, Frazier was hired by Division of Child Protection and Permanency leading Jane Doe to believe the rumors were unfounded. Jane Doe was unaware of Frazier's illegal sexual abuse of her son until they were contacted by the FBI as part of a criminal investigation of Frazier.  This behavior exposed Minor to a sexually hostile environment.   This behavior also deprived Jane Doe and Minor of their right to personal security, bodily integrity.  The defendants also failed to take the necessary actions to investigate Frazier, establish and implement policies and procedures to identify and prevent sexual abuse of students by school staff, and take necessary actions to protect the Minor from the school staff.**

**This conduct by the defendants allegedly violated 42 U.S.C. §1983 and deprived plaintiff of his right to the integrity of his body and right to personal security. Furthermore, this conduct violated the defendants' duty to protect the plaintiff's bodily integrity and protection by their failure to train and supervise the school personnel.  The conduct also violated "Masha's Law" (18 U.S.C. 2255), concerning the protection of minors from violence.  Finally, the conduct of Frazier constituted an assault and battery and gross and regular negligence.**

**As a result of these improper activities, Jane Doe and Minor have sustained psychiatric and psychological injures, deprived Minor of the education to which he is entitled, deprived him of future earnings and career opportunities and have caused Jane Doe's and Minor's standing in the general and student communities to become diminished, and further causing Minor to be subjected to physical and emotional attacks by his peers.**

**DEFENDANT LA'QUETTA SMALL'S STATEMENT**

**Defendant La'Quetta Small denies having any knowledge of Frazier's alleged sexual abuse of Minor at any time on or off school premises.  She denies any improper training or supervision of Frazier when he worked at the school.  La'Quetta Small denies improper supervision of the Minor, placing the Minor in danger, or violating the Minor's civil rights in any manner.  Rather, La'Quetta Small acted as a reasonable educator under the totality of the circumstances and when she had reason to believe that Frazier had engaged in any inappropriate behavior, she immediately contacted DCP&P and Frazier's employer Source4Teachers.**

Have settlement discussions taken place? Yes _____ No **XX**

What was plaintiff's last demand?

   (1) Monetary demand: $ _____
   (2) Non−monetary demand: _____

 (b) What was defendant's last offer?

   (1) Monetary offer: $ _____
   (2) Non−monetary offer: _____

3. The parties **have met** pursuant to Fed. R. Civ. P. 26(f):  March 30, 2023.

4. The parties **have not** exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.  **Parties are in the process of gathering the information and materials necessary to serve meaningful disclosures**.

5. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1)  **Please see # 4.**

+

6. The parties have/have not filed disclosures of third−party litigation funding. See Local Civil Rule 7.1.1.

 **Plaintiff has filed her Rule 7.1.1 Disclosure**

7. The parties **have not** conducted discovery other than the above disclosures. If so, describe.

8. Proposed Joint Discovery Plan:

 (a) Discovery is needed on the following subjects:

  **The events discussed in the Complaint; the personnel histories of the defendant Frazier; the defendants' rules, regulations, and their implementation; defendants' knowledge of Frazier's behavior; prior complaints about Frazier; Minor plaintiff's academic records, testing, etc.; Frazier's criminal file and the FBI investigation of him; the nature, extent, and duration of plaintiffs' damages; plaintiffs' resulting vocational limitations and loss of earning capacity; plaintiffs' mitigation of damages.**

 (b) Discovery **should not** be conducted in phases or be limited to particular issues. Explain.

 (c) Proposed schedule:

  (1) Fed. R. Civ. P. 26 Disclosures  **May 12, 2023**.

  (2) E−Discovery conference pursuant to L. Civ. R. 26.1(d)**Before June 30, 2023**.

  (3) Service of initial written discovery **May 12, 2023**.

  (4) Maximum of <u>25</u> Interrogatories by each party to **each** other party.

  (5) Maximum of <u>10</u> depositions to be taken by each party.

  (6) Written answers to discovery to be provided by August 11, 2023.

  (7) Motions to amend or to add parties to be filed by **June 30, 2023**.

  (8) Factual discovery to be completed by **December 1, 2023**.

  (9) **Identification of expert witnesses, including expertise and exchange of Curriculum Vitae January 1, 2024.**

  (10) Plaintiff's expert report due on **February 1, 2024**.

  (11) Defendant's expert report due on **April 15, 2024**

  (12) Expert depositions to be completed by **May 31, 2024**.

  (13) Dispositive motions to be filed by **August 15, , 2024**.

 (d) Set forth any special discovery mechanism or procedure requested.

  **Plaintiff will seek to take many depositions via Zoom or a similar platform.**

 (e) A pretrial conference may take place on _____.

 (f) Trial date: _____ (**X**_____ Jury Trial; _____ Non−Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out−of−state witnesses or documents, etc)? **Yes** XX **No** _____.
If so, please explain. **See # 8(d)  As the plaintiff is a minor and there is a criminal investigation in this matter, a court order will likely be needed to obtain the criminal records and/or any records maintained by DCP&P.**

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
Yes _____ No ___X___.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L.Civ.R. 5.3(b) and Appendix S.
Yes _____X_____ No __. **Yes as to Minor's educational records and medical records.**

12. Do you anticipate any discovery problem(s) not listed above? Describe.
Yes XX_____ No_____.

 **PLAINTIFF:  Minor plaintiff was severely emotionally traumatized by the ongoing sexual assault he sustained as a result of the defendants' conduct.  Plaintiffs are concerned that his deposition and various medical/psychiatric exams that the defendants may seek could further traumatize him unless there are carefully crafted parameters in light of minor plaintiff's special condition.  Plaintiffs may seek Court intervention in the absence of consent to assure this protection.**

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or

otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.). **Plaintiffs believe mediation or a settlement conference could be appropriate after expert reports are exchanged**.

14. Is this case appropriate for bifurcation? Yes _____ No **XX**_____

15. An interim status/settlement conference (with clients in attendance), should be held in September after the exchange of written discovery____.

16. We **do not** consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

> **DEFENDANT L. SMALL: Plaintiffs have deliberately and in bad faith misnamed La'Quetta Small as "LaQuetta Small-Frasier" in the second amended complaint, a name she has never used nor has ever been known by. Plaintiffs have apparently misnamed Dr. Small in order to improperly identify and tie her to defendant Kayan Frazier in the eyes of the Court and ultimately the jury. Dr. Small demands plaintiffs amend the complaint to correctly identify her or in default thereof, will seek an order compelling the amendment of the complaint.**

*Lawrence A Katz, Esq.*
Attorney(s) for Plaintiff(s)
Date: March 23, 2023


*Michael Farhi, Esq.*
Attorney for Plaintiffs
Date: March 23, 2023

*Jeffrey L. Shanaberger, Esq.*
Attorneys for Defendant, La-Quetta Small
Date: March 29, 2023