UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE, on behalf of JOHN DOE, her minor child,<br><br>     Plaintiff,<br><br>vs.<br><br>MARTY SMALL, SR., in his official capacity as Mayor of Atlantic City, New Jersey, and individually,<br><br>LA'QUETTA SMALL-FRAZIER, in her official capacity as Former Principal of Pennsylvania Avenue School, and individually,<br><br>KAYAN AHMED FRAZIER, an individual,<br><br>MISSION ONE EDUCATIONAL STAFFING SERVICES, LLC, Aka, dba, t/a, Education Staffing Solutions, Aka, dba, t/a, Source4Teachers, Aka, dba, t/a, ESS, A Delaware Corporation<br>9202 S. Northshore Drive<br>Suite 200<br>Knoxville, TN 37922<br><br>     Defendants. | Civil Action No. 1:21-cv-11189-JHR-AMD<br><br>**ANSWER TO THIRD AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, JURY DEMAND** |

    Defendant, La'Quetta Small, by way of answer to the Third Amended Complaint, says:

**JURISDICTION AND VENUE**

  1. Denied.  The Title IX claim has been dismissed.

  2. This is an allegation of law not fact and is therefore denied.

  3. This is an allegation of law not fact and is therefore denied.

  4. This is an allegation of law not fact and is therefore denied.

  5. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

6. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

## PARTIES

7. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

8. Admitted.

9. Defendant La'Quetta Small admits that she is an adult resident of Atlantic County and State of New Jersey and is the wife of defendant Marty Small, Sr.  She denies that she is currently the principal of Atlantic City Hight School.  She admits that she at certain times served as principal of the Pennsylvania Avenue School.  Any other allegations are denied.

10. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

11. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

12. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

13. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

## APPLICABLE LAW AND POLICY

14. This is an allegation of law not fact and as such is denied.

15. This is an allegation of law not fact and as such is denied.

16. This is an allegation of law not fact and as such is denied.

17. This is an allegation of law not fact and as such is denied.

18. This is an allegation of law not fact and as such is denied.

19. This is an allegation of law not fact and as such is denied.

20. This is an allegation of law not fact and as such is denied.

21. This is an allegation of law not fact and as such is denied.

22. This is an allegation of law not fact and as such is denied.

23. This is an allegation of law not fact and as such is denied.

24. The policies of the Atlantic City Board of Education speak for themselves and this paragraph is therefore denied.

25. This is an allegation of law not fact and as such is denied.

26. This is an allegation of law not fact and as such is denied.

27. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

## GENERAL FACTUAL ALLEGATIONS

### Defendant Kayan Frazier Meets and Grooms John Doe

28. Admitted.

29. Admitted that La'Quetta Small is the wife of Mayor Small. All other allegations are denied.

30. Admitted.

31. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

32. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

33. Denied as characterized.

34. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

35. Denied.

36. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

37. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

38. Denied.

39. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

40. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

41. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

42. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

43. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

44. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

45. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

46. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

47. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

48. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

49. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

50. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

51. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

52. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

53. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

54. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

55. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

56. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

57. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

58. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

59. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

60. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

61. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

62. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

63. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

64. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

65. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

66. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

67. Denied.

## **The Federal Criminal Investigation**

68. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

69. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

70. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

71. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

72. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

73. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

74. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

75. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

76. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

**Actual Knowledge of Frazier's Abusive Conduct by
the Atlantic City School District Defendants**

77. Denied.

78. Denied.

79. Denied.

80. Defendant La-Quetta Small admits filing a report with the Division of Child Protection and Permanency. Any and all other allegations are denied as the report speaks for itself.

81. La-Quetta Small admits completing a Source4Teachers incident report, the contents of which speak for itself. The remaining allegations are denied.

82. Admitted.

83. Defendant La'Quetta Small admits corresponding with Source4Teachers but denies any other allegations of this paragraph.

84. Denied.

85. Denied.

86. Denied.

87. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

88. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

### The Effect of Frazier's Abuse on John Doe

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

### COUNT I
### § 1983 VIOLATION
### FAILURE TO INTERVENE, INVESTIGATE, & PROTECT FROM ATTACK
### AS TO LA'QUETTA SMALL-FRAZIER

96. The answering party hereby repeats and restates the responses to the previous allegations as though set forth at length herein.

97. This is an allegation of law not fact and as such is denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

107. This party lacks sufficient information with which to admit or deny this allegation and leaves plaintiff to her proofs.

108. Denied.

## COUNT II
## § 1983 VIOLATION
## FAILURE TO TRAIN AND SUPERVISE
## AS TO LA'QUETTA SMALL-FRAZIER
## (42 U.S.C. § 1983)

109. The answering party hereby repeats and restates the responses to the previous allegations as though set forth at length herein.

110. This is an allegation of law not fact and as such is denied.

111. Denied as to this defendant.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

## COUNT III
## "MASHA'S LAW" VIOLATIONS
## AS TO DEFENDANT KAYAN FRAZIER
## (18 U.S.C § 2255)

127. The answering party hereby repeats and restates the responses to the previous allegations as though set forth at length herein.

As these allegations are not directed against this defendant no response is required.

## COUNT IV
## NEGLIGENCE
## AS TO ALL DEFENDANTS

133. The answering party hereby repeats and restates the responses to the previous allegations as though set forth at length herein.

134. This is an allegation of law not fact and as such is denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

## COUNT V
## GROSS NEGLIGENCE, RECKLESSNESS
### AS TO ALL DEFENDANTS

143. The answering party hereby repeats and restates the responses to the previous allegations as though set forth at length herein.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

## COUNT VI
## ASSAULT AND BATTERY
### AS TO DEFENDANT KAYAN FRAZIER

150. The answering party hereby repeats and restates the responses to the previous allegations as though set forth at length herein.

The allegations of this count are not directed against this defendant and no response is required.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AS TO DEFENDANT KAYAN FRAZIER

153. The answering party hereby repeats and restates the responses to the previous allegations as though set forth at length herein.

The allegations of this count are not directed against this defendant and no response is therefore required.

## COUNT VIII
## NEGLIGENCE
## AS TO ESS

159. The answering party hereby repeats and restates the responses to the previous allegations as though set forth at length herein.

The allegations of this count are not directed against this defendant and no response is therefore required.

## PRAYER FOR RELIEF

**WHEREFORE,** defendant La'Quetta Small demands judgment against the plaintiffs dismissing the Second Amended Complaint with prejudice together with costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

1. The public entity defendant is immune from liability pursuant to the New Jersey Tort Claims Act, including but limited to the provisions of N.J.S.A. 59:2-1; 2-2; 2-3; 2:4; 2-6; 2-7; 2-8; 2-10; 4-1; 4-2; 4-3; 4-4; 4-5; 4-6; 4-7; and 5-4.

2. Any damages which the plaintiff may be entitled to recover must be reduced in accordance with the statutory provisions set forth at N.J.S.A. 59:9-1 through 9-7.

3. The public employee defendants, if any, are immune from this claim by virtue of N.J.S.A. 59:3-1; 3-2; 3-3; 3-4; 3-5; 3-6; 3-7; 3-8; 3-9; 3-10; 3-11; 3-12; 3-13.

4. This action is barred by the applicable statute of limitations.

5. The plaintiff has failed to present adequate and sufficient notice of the claim as required by N.J.S.A. 59:8-4 and 8-6.

6. This matter must be dismissed as the Court lacks subject matter jurisdiction over this defendant due to plaintiff's failure to present a timely notice of claim within one year of the accrual of her cause of action as provided by N.J.S.A. 59:8-8.

7. The complaint fails to state a claim upon which relief may be granted.

8. Plaintiffs have no ascertainable damages.

9. Plaintiffs have not sustained any permanent loss of bodily function that is substantial.

10. The conduct of the answering defendant was not the proximate cause of any damage or injuries which may have been sustained by the plaintiffs.

11. There has been no deprivation to plaintiffs of any right, privilege or immunity secured by the Constitution or the laws of the United States or of the State of New Jersey.

12. The individual defendant is entitled to qualified immunity.

13. No policy, practice or custom of the entity defendant was a proximate cause of any damages alleged by the plaintiffs.

14. The defendant was not a policy maker of the Atlantic City Board of Education and cannot have Monell liability.

15. The individual defendants herein were all properly trained and instructed.

16. There is no causal connection between the actions or inactions of the answering defendant and the alleged deprivation of rights, privileges or immunities complained of by the plaintiffs.

17. The answering defendant breached no legal duty owed to the plaintiff and none of its acts or omissions were a proximate cause of any alleged damages claimed by the plaintiff.

18. Plaintiff is not entitled to punitive damages.

19. At the time and place mentioned in the complaint, the answering defendant violated no legal duty owed to the plaintiffs.

20. The alleged damages sustained by the plaintiffs are the proximate result of acts and/or omissions of parties over whom this defendant exercised no control.

21. The accident resulted from circumstances and conditions beyond the control of the answering defendant.

22. The answering defendant asserts that it has not violated any clearly established law and at all times concerned with this litigation acted in a manner which was proper, reasonable, lawful and in an exercise of good faith and as such enjoyed not only qualified immunity from liability but immunity from suit.

23. Any acts or omissions alleged on the part of defendant herein will not give rise to the imposition of punitive or exemplary damages and therefore should be dismissed.

24. The answering defendant is immune pursuant to N.J.S.A. 18A:37-16(c).

25. The complaint fails to state a cause of action under N.J.S.A. 18A:37-18.

## JURY DEMAND

This party demands trial by jury upon all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4 Jeffrey L. Shanaberger, Esquire hereby designated as trial counsel in this matter.

HILL WALLACK LLP
By: */s/Jeffrey L. Shanaberger*
Jeffrey L. Shanaberger, Esq.
NJ Bar I.D. 020931983
21 Roszel Road
Princeton, NJ 08543-5226
(609) 924-0808
jshanaberger@hillwallack.com
Attorneys for Defendant, La'Quetta Small

Dated: April 19, 2023